UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT of INDIANA

JOEY KIMBROUGH,

        Plaintiff,

    v.

AMERICAN EXPRESS COMPANY AKA
AMERICAN EXPRESS NATIONAL
BANK;

and

TRANS UNION LLC (*settled and
dismissed*)

        Defendants.

**FILED**

**12/16/2022**

**U.S. DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**Roger A.G. Sharpe, Clerk**

**Case No. 1:22-cv-1993-TWP-MJD**

## MOTION TO STRIKE DEFENDANT'S UNAUTHORIZED ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW, Plaintiff JOEY KIMBROUGH, Pro Se, and hereby files this

*Motion to Strike Defendant's Unauthorized Answer to Plaintiff's Complaint*

pursuant to Federal Rule of Civil Procedure 12(f), in support thereof, would show

this honorable court the following:

### Background

1. On 10/7/2022 Plaintiff Joey Kimbrough ("Plaintiff") filed, with this Court, the

following: Civil Cover Sheet, Plaintiff's Complaint, and Proposed Summons

for Trans Union LLC and American Express Company aka American Express National Bank (collectively hereafter, "AMEX").

2. On 10/11/2022 Summons were issued as to AMEX and Trans Union LLC.

3. On 10/11/2022 Magistrate Judge's Notice was issued.

4. On 10/11/2022 Plaintiff filed a consent to Jurisdiction of US Magistrate Judge.

5. On 10/12/2022 NOTICE to Pro Se Litigant was filed.

6. On 10/20/2022 Notice of Service of Process and Affidavit of Service was filed by Plaintiff indicating service on AMEX with a date of 10/17/2022.

7. On 10/21/2022 Stipulation of Dismissal filed by Plaintiff as to Trans Union LLC ONLY.  Signature blocks for both parties indicating settlement agreement had been reached.

8. On 10/24/2022 Order of Dismissal as to Trans Union LLC ONLY signed by the honorable Judge Tanya Walton Pratt.

9. CLERICAL ERROR indicating an entry showing a date of 11/3/2022 for Notice of Service of Entry of Default and Motion for Default Judgement as to AMEX (dkt. 10).  Actual date filed should reflect 11/30/2022 and NOT 11/3/2022 as indicated currently.

10. On 11/12/2022 Notice of Default and Motion for Entry of Default Judgment filed by Plaintiff as to AMEX.

11. On 12/13/2022 Answer to Complaint filed by AMEX ("Unauthorized Answer").

12. On 12/13/2022 Rule 7.1 Disclosure statement filed by AMEX.

## **Violations and Motion to Strike**

13. Local Rule 83-7 – *Appearance, Withdrawal of Appearance, and Substitution of Counsel* (a) Appearance; (1) General; clearly states, "Every attorney who represents a party or who files a document on a party's behalf must first file an appearance for that party or a Notice of Substitution of Counsel under section (c). Only those attorneys who have filed an appearance or a Notice of Substitution of Counsel in a pending action are entitled to be served with case documents under Fed. R. Civ. P. 5."

14. As of 12/16/2022 No Attorney has filed an Appearance for AMEX in these proceedings.

15. Plaintiff believes that Defendant has violated Local Rule 83-7.

16. Federal Rule of Civil Procedure 5 – Serving and Filing Pleadings and Other Papers; (a) SERVICE: WHEN REQUIRED; (1) *In General*. "Unless these rules provide otherwise, each of the following papers must be served on every party:" (E) a written notice, appearance, demand, or offer of judgment, or any similar paper. (2) *If a Party Fails to Appear*. No service is required on a party who is in default for failing to appear.

17. As of 12/16/2022 No Appearance has been filed by Defendant AMEX and no required service for that Appearance has been delivered.

18. Plaintiff believes that Defendant has violated Federal Rule of Civil Procedure 5(a)(1)(E).

19. Federal Rule of Civil Procedure 12 – Defenses and Objections: (a) Time to Serve a Responsive Pleading. (1) *In General.* Unless another time is specified by this rule or a federal statute, the time for serving a responsive pleading is as follows: (A) A defendant must serve an answer: (i) within 21 days after being served with the summons and complaint.

20. Plaintiff has shown this Court that AMEX was served with Summons and Complaint on 10/17/2022.  On 12/13/2022 when the *Unauthorized Answer* was filed a total of 57 days had passed from service to unauthorized answer.

21. Plaintiff believes that Defendant has violated Federal Rule of Civil Procedure 12(a)(1)(A)(i) and therefore was **36** days past default at the time of the unauthorized answer.

22. Local Rule 6-1 – Extensions of Time. (a) **Automatic Initial Extension**. Except as provided in subsection (b) of this rule, all initial extensions of the following deadlines must be accomplished by a Notice of Extension of Time (without a proposed order), rather than by motion, unless a party affirmatively objects to extending the deadline. No initial extension of these deadlines may exceed 28 days. The party to whom the deadline applies must file a Notice of Extension of Time that: (1) confirms that the deadline has not been previously extended; (2) sets forth the original deadline and the new deadline and confirms the extension is for 28 or fewer days; (3) confirms that

the extension does not interfere with the Case Management Plan, scheduled hearings or trials, or other deadlines set by court order; and (4) as to each other party who has appeared in the case, state either that (1) the party's counsel has agreed to the extension; or (2) the filing attorney attempted to reach the party's counsel (or the party if pro se) but was unable to do so, providing the dates, times and manner of all attempts to reach opposing counsel. (b) **Pro Se Parties**. Filing of a Notice of Extension of Time pursuant to subsection (a) of this rule is optional in any case in which there is a pro se party who is not in default. A party opting not to file a Notice of Extension of Time must file a motion for any extension of a deadline in such cases.  (c) **Motion Required**. Unless subsection (a) of this rule applies, a request for an extension of time not made in open court or at a conference must: (1) be made by written motion; (2) state the original deadline and the requested deadline; (3) state the reasons for the requested extension and explain why those reasons constitute good cause (**or excusable neglect if the motion is made after the deadline has expired**) as required by Federal Rule of Civil Procedure 6(b).

23.  Plaintiff believes that Defendant has violated Local Rule 6-1(a) with No Notice having been filed or Local Rule 6-1(b) with No Motion having been filed.  Further, Plaintiff believes that had Defendant requested Leave to file a Motion for Extension they are still at 36 days past default which is 8 days more than the maximum 28 days of extension.

24. On 11/12/2022 Plaintiff filed with this court a *Notice of Default and Motion for Default Judgment.*

25. Even though Federal Rule of Civil Procedure 5(a)(2) - *If a Party Fails to Appear.* Clearly states, "No service is required on a party who is in default for failing to appear." Plaintiff, in good faith, delivered service on defaulted defendant of his *Notice of Default and Motion for Default Judgment* on 12/2/2022.

26. Local Rule 7-1 – Motion Practice. (3) Other Motions. (A) Responses. Any response is due within 14 days after service of the motion.

27. As of 12/16/2022 fourteen (14) days have passed from the service of plaintiff's *Notice of Default and Motion for Default Judgment* to defendant AMEX.

**WHEREFORE**, Plaintiff prays for the following relief:

a. that Defendant AMEX's unauthorized Answer to Plaintiff's Complaint is stricken.
b. that Plaintiff's unopposed Motion for Default Judgment is signed into Order by this honorable court.
c. for any other just relief that this court deems necessary in these premises.

Respectfully Submitted,

/s/ Joey Kimbrough
Joey Kimbrough, Plaintiff, Pro Se
1712 Candy Court South
Kokomo, IN 46902
(765) 437-8451

## <u>Certificate of Service</u>

I hereby certify that on December 16th, 2022, I electronically filed the foregoing with the Clerk of the Court by email with attachments as is required by the Court.  No service was made on "Non-Appearing" parties pursuant to Federal Rule 5(a)(2).

Respectfully Submitted,
<u>/s/ Joey Kimbrough</u>