UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOEY KIMBROUGH,<br><br>          Plaintiff,<br><br>     v.<br><br>AMERICAN EXPRESS COMPANY AKA AMERICAN EXPRESS NATIONAL BANK<br><br>and<br><br>TRANS UNION LLC<br><br>          Defendants.                              / | Case No. 1:22-cv-01993-TWP-MJD<br><br>**OPPOSITION OF DEFENDANT AMERICAN EXPRESS NATIONAL BANK TO REQUEST FOR ENTRY OF DEFAULT AND MOTION FOR ENTRY OF JUDGMENT** |

Defendant American Express National Bank ("American Express") hereby opposes Plaintiff's Request for Entry of Default and Motion for Entry of Judgment (ECF No. 9) ( the "Motion"). As support, American Express states the following:

## I.     INTRODUCTION

As explained below, American Express's delay in responding to the Complaint was not the result of American Express's willful conduct. Moreover, American Express has meritorious defenses to the action and Plaintiff would not be prejudiced by the Court's denial of his Motion. Given that American Express has already filed its answer to the Complaint, American Express respectfully requests the Court deny Plaintiff's Motion.

## II.    BACKGROUND

Plaintiff filed this action on October 7, 2022, alleging that American Express violated the Fair Credit Reporting Act, 15 U.S.C § 1681, et seq. (ECF No. 1.) Plaintiff served American Express with the Complaint on October 17, 2022. (ECF No. 6); Fed. R. Civ. P. 12(a). Given that service was via certified mail, American Express was under the mis-impression that service

of process through a process server was forthcoming and a response to the Complaint would be due after personal service of process. Plaintiff then filed the Motion on November 12, 2022. (ECF No. 9.) Following American Express's retention of counsel, it realized that a response to the Complaint was due November 7, 2022. And before the Clerk entered default, American Express and its counsel acted quickly to file its answer to the Complaint on December 13, 2022, asserting, among other defenses, that Plaintiff's claims are subject to mandatory arbitration pursuant to Plaintiff's American Express Cardmember Agreement governing Plaintiff's American Express card account. (ECF No. 11.)

### III.   ARGUMENT

**A.   Legal Standard**

The Seventh Circuit "has a well-established policy favoring a trial on the merits over a default judgment." Sun v. Board of Trustees of University of Illinois, 473 F.3d 799, 811 (7th Cir. 2007) (citing C.K.S. Eng'rs, Inc. v. White Mountain Gypsum Co., 726 F.2d 1202, 1205 (7th Cir. 1984) (collecting cases)). For that reason, "a default judgment should be used only in extreme situations, or when other less drastic sanctions have proven unavailing." Id. This Court has similarly held that "motions for default are disfavored . . .[,] an extreme remedy and should be given only when absolutely necessary." Best Chairs Inc. v. Factory Direct Wholesale, LLC, No. 3:14–cv–00067–RLY–WGH, 2015 WL 4641698, at *3 (S.D. Ind. Aug. 4, 2015).

**B.   American Express's Delay in Filing Its Answer Was Technical, Not Willful.**

"In determining whether to enter a default judgment, the court may consider a number of factors including whether there is a material issue of fact, whether the default is largely technical, whether the plaintiffs were substantially prejudiced, and how harsh an effect a default judgment might have." IndyCar, LLC v. Casey, No. 1:16-cv-1274-TWP-MJD, 2017 WL 11547165, at *1

(S.D. Ind. June 16, 2017).  Although a district court has the default judgment "readily available within its arsenal of sanctions, it is a weapon of last resort, appropriate only when a party wilfully disregards pending litigation." Sun, 473 F.3d at 811 (citing C.K.S. Eng'rs, Inc., 726 F.2d at 1205); see Calumet Lumber, Inc. v. Mid–America Indus., Inc., 103 F.3d 612 (7th Cir. 1997) (holding that entry of default judgment was proper where counsel knowingly skipped a hearing and failed to answer a cross-claim altogether); Pretzel & Stouffer, Chartered v. Imperial Adjusters, Inc., 28 F.3d 42, 44 (7th Cir. 1994) (holding entry of default proper where party did not file its answer or attend a status hearing).

Even though American Express inadvertently overlooked filing its Answer based on the mistaken understanding that no response was yet due, when American Express learned of the Motion's filing, American Express responded immediately—and before entry of default—by filing its Answer preserving its right to compel arbitration discussed infra.  (See ECF No. 11.) American Express's conduct is a far cry from that which led to a default judgment in U.S. v. Summit, Inc., No. 2:19-CV-250-HAB-JPK, 2022 WL 2195443, at *8 (N.D. Ind. Jan 6, 2022), where the court held:

> [T]he Court concludes that all relevant factors point to the entry of a default judgment being appropriate.  Defendants were served with the Summons and Complaint, and yet in the more than two years in which the case has been pending they have not formally appeared or taken any action in the lawsuit, despite engaging in discussions with the government outside of court.  Moreover, in the six months that have passed since Defendants were served with the government's motion for default judgment, Defendants have not moved to set aside the March 8, 2021 entry of default.  In failing to "exercise even a minimal level of diligence," Defendants have displayed such a "continuing disregard" for this lawsuit that the Court infers "a willful refusal to litigate the case properly."

(citations omitted; emphasis added).  In contrast to Summit, the instant matter was pending for approximately two (2) months before American Express's appearance.  And American Express

responded to the Complaint about one month after the November 7 deadline. As a result, Plaintiff cannot show that American Express's delay was willful.

### C.     American Express Has Meritorious Defenses to the Complaint.

At this stage, "[a] meritorious defense is not necessarily one which must, beyond a doubt, succeed in defeating a default judgment, but rather one which at least raises a serious question regarding the propriety of a default judgment and which is supported by a developed legal and factual basis." Malibu Media, LLC v. Doe 1, No. 1:12–cv–00841–SEB–MJD, 2013 WL 1080603, at *2 (S.D. Ind. Mar. 13, 2013) (granting defendant's motion to set aside clerk's entry of default and citing Jones v. Phipps, 39 F.3d 158, 165 (7th Cir. 1994)).

As outlined in its Answer, American Express has numerous meritorious affirmative defenses to the Complaint, including, but not limited to, that Plaintiff should have submitted his claims to arbitration pursuant to the mandatory arbitration provision in the Cardmember Agreement governing Plaintiff's American Express card account. Indeed, American Express intends to file a motion to compel arbitration if Plaintiff will not stipulate to stay this action, pending the completion of arbitration, as he is required to do pursuant to his American Express Cardmember Agreement. See Fowler & Hammer, Inc. v. Relyant Global, LLC, No. 22-cv-89-slc, 2022 WL 3585671, at *2 (W.D. Wis. Aug. 22, 2022) (granting defendant's motion to set aside the clerk's entry of default and denying plaintiff's motion to enter default judgment where "[defendant] has shown that it has a meritorious defense to the complaint due to the binding arbitration agreement in the parties' subcontract.").

### D.     Plaintiff Has Not Suffered Any Prejudice From The Delay.

Plaintiff has failed to allege any prejudice stemming from American Express's inadvertent delay in filing its Answer. Moreover, no discovery has occurred and there are no

MIA 31604055

<mark>
<mark>

obstacles to the case continuing on in the ordinary course. See <u>Hecklar & Koch, Inc. v. Coharie Arms, Inc.</u>, No. 1:09-cv-184-RLY-JMS, 2009 WL 10713330, at *2 (S.D. Ind. July 16, 2009) ("Plaintiff has not suffered substantial prejudice as a result of Defendants' delay. Plaintiff does not argue prejudice as a ground for default judgment, and the existence of prejudice—beyond a relatively short delay in litigation—is not apparent from the record, especially considering that this action is in such an early stage of litigation.").

Simply put, denying the Motion would cause Plaintiff no prejudice whereas granting the Motion would cause American Express great prejudice in light of its meritorious defenses to the action and complete lack of any willful conduct.

## IV.    CONCLUSION

**WHEREFORE**, American Express respectfully requests the Court deny Plaintiff's Motion.

Dated:  December 23, 2022

*/s/ Brian C. Frontino*
Brian C. Frontino
Florida Bar No. 95200
STROOCK & STROOCK & LAVAN LLP
2 South Biscayne Boulevard, Suite 2300
Miami, Florida 33131
Telephone:  (305) 358-9900
Facsimile:  (305) 789-9302
bfrontino@stroock.com
lacalendar@stroock.com

Attorney for Defendant *American Express National Bank*

- 6 -

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed with the Clerk of the Court via CM/ECF on December 23, 2022, and served on the counsel and/or parties of record.

*/s/ Brian C. Frontino*
Brian C. Frontino

MIA 31604055