UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

JOEY KIMBROUGH,

    Plaintiff,

v.

AMERICAN EXPRESS COMPANY AKA AMERICAN EXPRESS NATIONAL BANK

and

TRANS UNION LLC

    Defendants.

Case No. 1:22-cv-01993-TWP-MJD

**OPPOSITION OF DEFENDANT AMERICAN EXPRESS NATIONAL BANK TO MOTION TO STRIKE UNAUTHORIZED ANSWER TO PLAINTIFF'S COMPLAINT**

    Defendant American Express National Bank ("American Express") hereby opposes Plaintiff's Motion to Strike Unauthorized Answer to Plaintiff's Complaint (ECF No. 13) ( the "Motion").  As support, American Express states the following:

    1.    Rule 12(f) provides that a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  The district court's decision on a motion to strike should not be arbitrary or unreasonable.  Id.  "[A] motion to strike should be granted only in rare circumstances, and such motions are 'disfavored' because they 'potentially serve only to delay.'"  Heckler & Koch, Inc. v. German Sport Guns GmbH, 976 F. Supp. 2d 1020, 1026 (S.D. Ind. 2013) (citation omitted).  Indeed, a Rule 12(f) Motion to Strike is regarded as a "drastic" measure.  See Hardin v. Am. Elec. Power, 188 F.R.D. 509, 511 (S.D. Ind. 1999).  In light of these heightened standards, a Rule 12(f) motion to strike should be denied unless the language in the pleading bears no possible relation or logical connection to the subject matter of the controversy and is clearly

prejudicial.  See, e.g., Tektel, Inc. v. Maier, 813 F. Supp. 1331, 1334 (N.D. Ill. 1992) (denying motion for failing to satisfy this condition).

       2.       The Motion asserts American Express's Answer should be stricken for lack of a notice of appearance, which is not a basis to grant a Rule 12(f) Motion.  Regardless, American Express's counsel has since filed its appearance, and Plaintiff fails to demonstrate any resulting prejudice.  (See ECF No. 15.)  Aside from that supposed defect, which has been remedied, Plaintiff has not shown that American Express's Answer is redundant, immaterial, impertinent or scandalous.  As outlined in its Answer, American Express has numerous meritorious affirmative defenses to the Complaint, including, but not limited to, that Plaintiff should have initiated arbitration of his claims pursuant to the mandatory arbitration provision in the Cardmember Agreement governing Plaintiff's American Express card account.  (See ECF No. 11.)

       3.       Plaintiff further asserts the Answer should be stricken as untimely filed.  Plaintiff's arguments regarding the timeliness of American Express's Answer are addressed in American Express's Response in Opposition to Request for Entry of Default and Motion for Entry of Judgment.  (See ECF No. 14.)  American Express incorporates those arguments as if fully set forth herein.

      **WHEREFORE**, American Express respectfully requests the Court deny Plaintiff's Motion.

MIA 31604969

- 3 -

Dated:  December 30, 2022

Respectfully submitted,

*/s/ Brian C. Frontino*

Brian C. Frontino
Florida Bar No. 95200
STROOCK & STROOCK & LAVAN LLP
2 South Biscayne Boulevard, Suite 2300
Miami, Florida 33131
Telephone:  (305) 358-9900
Facsimile:  (305) 789-9302
bfrontino@stroock.com
lacalendar@stroock.com

Attorney for Defendant *American Express National Bank*

MIA 31604969

- 4 -

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed with the Clerk of the Court via CM/ECF on December 30, 2022, and served on the counsel and/or parties of record.

*/s/ Brian C. Frontino*
Brian C. Frontino

- 4 -

MIA 31604969