UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOEY KIMBROUGH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:22-cv-01993-TWP-MJD |
| ) | |
| AMERICAN EXPRESS COMPANY, aka ) | |
| AMERICAN EXPRESS NATIONAL BANK, ) | |
| ) | |
| Defendant. ) | |

**ORDER DENYING PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT MOTION FOR ENTRY OF JUDGMENT AND PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S UNAUTHORIZED ANSWER**

This matter is before the Court on *pro se* Plaintiff Joey Kimbrough's ("Kimbrough") Request for Entry of Default and Motion for Entry of Judgment as to Defendant American Express Company aka American Express National Bank ("Motion for Default") (Dkt. 9) and his Motion to Strike Defendant's Unauthorized Answer to Plaintiff's Complaint (Dkt. 13). Kimbrough filed this action against the Defendants American Express Company a/k/a American Express National Bank's ("AMEX") and Trans Union LLC ("Trans Union")[1] alleging certain violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*., (Dkt. 1). For the reasons set forth below, Kimbrough's Motion for Default and his Motion to Strike Defendant's Answer are **denied**.

### I. PROCEDURAL & FACTUAL BACKGROUND

In February 2022, Kimbrough initially contacted AMEX to dispute certain information that was furnished by AMEX about Kimbrough to the credit bureaus (Dkt. 1 at 7). Kimbrough claims AMEX was "incorrectly reporting that Plaintiff's account is closed, with inaccurate high credit limit, with inaccurate date last active, with inaccurate date opened, and with incomplete and

---

[1] Kimbrough filed and the Court approved a Stipulation of Dismissal as to Trans Union (*See* Dkt. 7 and Dkt. 8).

inaccurate payments history." *Id*. at 5.  As such, on October 7, 2022, Kimbrough commenced this lawsuit by filing a Complaint against AMEX alleging it violated the FCRA. (Dkt. 1.) Kimbrough allege that AMEX's reporting of inaccurate information and failure to correct such inaccuracies "caused severe damaged to [his] character, [his] reputation, [his] general mode of living, and [his] ability to obtain credit for personal and household uses." *Id*. at 11. He seeks preliminary and permanent injunctive relief, statutory and actual damages, punitive damages, attorney's fees and costs. *Id*. at 26-27.

On October 17, 2022, AMEX was served with the Complaint and Summons and on October 20, 2022, the return of service[2] was docketed (Dkt. 6). AMEX "was under the mis-impression that service of process through a process server was forthcoming and a response to the Complaint would be due after personal service of process." (Dkt. 14 at 2). After AMEX failed to file a timely answer, on November 12, 2022, Kimbrough filed a Motion for default seeking an entry of default and default judgment against AMEX in the amount of $5,103,410.00 (Dkt. 9). On November 30, 2022, Kimbrough, by certified mail, served AMEX with the Motion for default (Dkt. 10).  AMEX hired counsel and before the Clerk entered default, AMEX counsel acted quickly to file an answer to the Complaint on December 13, 2022, asserting, among other defenses, that Plaintiff's claims are subject to mandatory arbitration pursuant to Plaintiff's American Express Cardmember Agreement governing Plaintiff's American Express card account. (Dkt. 11.) Three days later, on December 16, 2022, Kimbrough filed a Motion to Strike Defendant's Answer (Dkt. 13).  Soon after, on December 23, 2022, AMEX filed a response to Kimbrough's Motion for default

---

[2] Under Rule 12(a), a litigant has 21 days after service of the summons and complaint to file its answer. A signed return of service constitutes *prima facie* evidence of valid service "which can be overcome only by strong and convincing evidence." *O'Brien v. R.J. O'Brien & Associates, Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993) (citing *Hicklin v. Edwards*, 226 F.2d 410, 414 (8th Cir.1955)). Here, AMEX does not contend that service was invalid.

2

(Dkt. 14), and on December 30, 2022, AMEX filed a response to Kimbrough's Motion to Strike (Dkt. 16). Kimbrough has not filed a reply to either response.

## II. LEGAL STANDARD

### A. Entry of Default and Default Judgment

Obtaining a default judgment entails two steps. First, the party seeking a default judgment must file a motion for entry of default with the Clerk of Court by demonstrating that the opposing party has failed to answer or otherwise respond to the complaint. Fed. R. Civ. P. 55(a). Second, the moving party must seek entry of a default judgment against the defaulting party. Fed. R. Civ. P. 55(b). "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

After the clerk has entered a default against a party, the process moves to step two under Rule 55(b), where the plaintiff may then seek a judgment by default from the court. Fed. R. Civ. P. 55(b); *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). While the well-pleaded allegations of the complaint with respect to liability are taken as true, the amount of damages must still be proved. *Gard v. B & T Fin. Servs., LLC*, No. 2:12-CV-005, 2013 WL 228816, at *2 (N.D. Ind. Jan. 22, 2013) (citing *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012)).

### B. Motion to Strike

Federal Rule of Civil Procedure 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). An answer to a complaint is a pleading. Fed. R. Civ. P. 7(a). Motions to strike are generally disfavored because they potentially only delay the proceedings. *See United States v. 416.81 Acres of Land*, 514 F.2d 627, 631 (7th Cir. 1975); *see also Tektel, Inc. v. Maier*, 813 F.Supp.

3

1331, 1334 (N.D. Ill. 1992) ("Motions to strike under Federal Rule 12(f) are not favored, [sic] and are usually denied unless the language in the pleading has no possible relation to the controversy and is clearly prejudicial."). Prejudice may result where the challenged allegation has the effect of confusing the issues or is so lengthy and complex that it places an undue burden on the responding party. *Cumis Ins. Soc., Inc. v. Peters*, 983 F.Supp. 787, 798 (N.D. Ill. 1997). The decision whether to strike material is within the discretion of the court. *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 665 (7th Cir. 1992).

### III. DISCUSSION

The Court will first address Kimbrough's Request for Entry of Default and Motion for Entry of Judgment (Dkt. 9), and then address the Motion to Strike Defendant's Answer (Dkt. 13).

**A.** **Kimbrough's Request for an Entry of Default**

In his Motion, Kimbrough requests both an entry of clerk's default and a default judgment; as well as injunctive relief, statutory, actual and punitive damages ($5,103,410.00), attorney fees and a declaratory judgment. (Dkt. 9).

AMEX does not dispute that they were properly served, that a response to the Complaint was due on November 7, 2022 and that their answer was not timely filed. (Dkt. 14). AMEX contends that good cause exists to deny a default judgment. AMEX admits that at the time Kimbrough sought an entry of default, it had failed to plead or otherwise defend this lawsuit (Dkt. 9). They point out that if the Clerk were to enter default against AMEX now, the Clerk would be doing so after AMEX has made an appearance by filing its Answer (Dkt. 11).

Rule 55(a) allows for entry of default only when a party "has failed to plead or otherwise defend." Fed. R. Civ. P. 12(a). While AMEX's untimely Answer violates Fed. R. Civ. P. 12(a), it nonetheless is a "plead[ing] or otherwise defend[ing]," and is sufficient in this Court's view to bar

4

the entry of default. Thus, the Rule 55(a)'s "must enter" language cannot be triggered at this stage. *See In re Clark*, No. C09–1373RAJ, 2010 WL 2639842, at *3 (W.D. Wash. June 28, 2010) ("Here, Defendants filed their answer before the entry of default. Their answer was untimely, to be sure, but Fed. R. Civ. P. 55(a) does not require a timely answer."). This Court, like the Seventh Circuit, follows the strong policy of favoring decisions on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1476 (9th Cir.1986) (finding that any other construction of Rule 55(a) would not honor the "the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.").

Even if Rule 55(a) were triggered, a court may decline to make an entry of default when it appears that the entry would be set aside on a motion by the defaulted party. 10A Charles Alan Wright et al., Fed. Prac. & Proc. Civ. § 2862 (4th ed. 2017) (citing *Brown v. Weschler*, 135 F. Supp. 622 (D.D.C. 1955)). That would be the case here. A party seeking to vacate an entry of default prior to the entry of final judgment must show: "(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *See Passarella v. Hilton Int'l Co.*, 810 F.2d 674, 676 (7th Cir. 1987); *Bluegrass Marine Inc. v. Galena Road Gravel, Inc.*, 211 F.R.D. 356, 357 (S.D. Ill. 2002). While the same test applies for motions seeking relief from default judgment under both Rule 55(c) and Rule 60(b), the test "is more liberally applied in the Rule 55(c) context," *United States v. Di Mucci*, 879 F.2d 1488, 1495 (7th Cir.1989), in favor of the party who missed the answer deadline, *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 631 (7th Cir. 2009), and it "does not necessarily require a good excuse", *JMB Mfg., Inc. v. Child Craft, LLC*, 799 F.3d 780, 792 (7th Cir. 2015).

Here, based on AMEX's response to Kimbrough's Motion for default, the Court is satisfied that sufficient good cause exists that AMEX acted quickly, and that AMEX may have a meritorious defense to the allegations in the Complaint. AMEX explains in its response (Dkt. 14) that the

delay in filing its Answer was technical and not willful because "[g]iven that service was via certified mail, American Express was under the mis-impression that service of process through a process server was forthcoming and a response to the Complaint would be due after personal service of process." *Id*. at 1-2. Ultimately, AMEX's Answer was filed approximately a month late (Dkt. 11). The small lapse in time is not enough upon which to decide the case, especially considering the monetary amount being sought by Kimbrough. AMEX did not willfully ignore the pending litigation but, rather, failed to respond to the Summons and Complaint through inadvertence. While AMEX should have been diligent in contacting counsel and not making assumptions on their own, the Court is satisfied with the reasons proffered under the good cause standard because, as noted above, the excuse does not necessarily have to be a good one.

AMEX next must establish that it has a meritorious defense to the Complaint. AMEX asserts the following affirmative defenses in its Answer: (1) arbitration; (2) failure to mitigate; (3) laches; (4) apportionment or comparative negligence; (5) estoppel; (6) unclean hands; (7) independent, intervening conduct; and (8) statute of limitations (Dkt. 11 at 21-23). In AMEX's Motion in opposition to Kimbrough's Motion, which was filed approximately a week after its Answer, AMEX argues the "Plaintiff's claims are subject to mandatory arbitration pursuant to Plaintiff's American Express Cardmember Agreement governing Plaintiff's American Express card account." (Dkt. 14 at 2.) Further, AMEX intends "to file a motion to compel arbitration if Plaintiff will not stipulate to stay this action, pending the completion of arbitration, as he is required to do pursuant to his American Express Cardmember Agreement." *Id*. at 4. Kimbrough has not specifically challenged the sufficiency of any of the asserted affirmative defenses. After reading AMEX's Answer in conjunction with its response to Kimbrough's Motion for default, the Court is satisfied that AMEX could meet its burden under Rule 55(c). Therefore, even if Rule 55(a) were

triggered, the Court would still decline to make an entry of default because it appears that it could be set aside on a motion to vacate by AMEX. Accordingly, the motion for default is denied.

**B.  Kimbrough's Motion to Strike**

Kimbrough next asks the Court to strike AMEX's Answer (Dkt. 13). Under Rule 12(f), the pleading must be redundant, immaterial, impertinent, or scandalous to warrant a motion to strike. *See Delta Consulting Group, Inc. v. R. Randle Const., Inc.*, 554 F.3d 1133, 1142 (7th Cir. 2009) (citing Fed. R. Civ. P. 12(f)). Kimbrough bears the burden of establishing that the pleading has no bearing on the case and also must show that permitting the pleading would be prejudicial. *U.S. Dental Institute v. American Ass'n of Orthodontists*, 396 F.Supp. 565, 583 (N.D. Ill. 1975) ("Generally, motions to strike allegedly immaterial matter are not favored. Such motions will not be granted unless the allegations are so immaterial that they can have no possible bearing on the issues at trial and unless their presence in the complaint prejudices defendants, especially in complex cases.").

Here, Kimbrough's Motion to Strike recites the procedural history of this case and states which procedural rules AMEX's untimely Answer violates (Dkt. 13). Kimbrough simply has not met his burden because his Motion to Strike falls short in explaining how AMEX's Answer is "redundant, immaterial, impertinent, or scandalous matter," or how AMEX's affirmative defenses are insufficient. Fed. R. Civ. P. 12(f). Kimbrough similarly does not claim that he has suffered some prejudice and this Court does not see any basis to make such a finding, especially since this case is in its infancy and no discovery has occurred. Kimbrough's dissatisfaction with AMEX's failure to follow certain procedural rules is not the standard for a motion to strike under Rule 12(f) and a review of AMEX's Answer demonstrates that its responses and affirmative defenses are certainly material and pertinent, and neither redundant nor scandalous. The Court is unwilling to

simply strike them all without basis. Therefore, Kimbrough's Motion to Strike AMEX's Answer is denied.

## IV.  CONCLUSION

As set forth above, the Court **DENIES** Kimbrough's Request for Entry of Default and Motion for Entry of Judgment as to Defendant American Express Company aka American Express National Bank (Dkt. 9), and **DENIES** his Motion to Strike Defendant's Unauthorized Answer to Plaintiff's Complaint (Dkt. 13).

**SO ORDERED.**

Date:  4/12/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Joey Kimbrough
1712 Candy Court South
Kokomo, Indiana  46902

Brian Charles Frontino
STROOCK & STROOCK & LAVAN LLP
bfrontino@stroock.com