UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT of INDIANA
Indianapolis Division

**FILED**

**05/31/2023**

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

JOEY KIMBROUGH,

    Plaintiff,

v.

AMERICAN EXPRESS COMPANY AKA AMERICAN EXPRESS NATIONAL BANK;

and

TRANS UNION LLC (*settled and dismissed*)

    Defendants.

Case No. 1:22-cv-1993-TWP-MJD

Honorable Tanya Walton Pratt
Magistrate Judge Mark J. Dinsmore

## AFFIDAVIT OF FACTS IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT – EXHIBIT A

I, Joey Kimbrough, am an individual resident of the State of Indiana and am over eighteen (18) years of age. I am the plaintiff in the above-captioned case. As to the facts of this Affidavit, I know them to be true of my knowledge or have obtained knowledge of them from my review of business records and personal files. If called upon to testify as to the matters set forth in this Affidavit, I could and would competently testify thereto.

1. Plaintiff, Joey Kimbrough ("Kimbrough"), filed this cause of action on 10/07/2022 against American Express Company aka American Express National Bank (collectively, "AMEX") and Trans Union LLC.

2. On 10/21/2022 Kimbrough filed a Stipulation of Dismissal as to Trans Union LLC ONLY. On 10/24/2022 by Order of the Court Trans Union LLC was dismissed per the settlement reached with Plaintiff.

3. On 11/12/2022 Kimbrough filed an Entry of Default and Motion for Default Judgment against Defendant AMEX.

4. On 12/13/2022 AMEX filed an Answer to Plaintiff's Complaint without having filed an Appearance.

5. On 4/12/2023 ("151 days after Plaintiff's filing") the Court Entered an Order Denying Plaintiff's request for entry of default and motion for default judgment.

6. This Cause of Action was brought forth against AMEX due to Plaintiff having been denied for a $2.1 Million Dollar loan by Community First Bank in Kokomo on March 24, 2022.

7. AMEX was listing inaccuracies on Kimbrough's personal credit profile and were a direct cause of the loss of the loan on March 24th, 2022.

8. This Cause of Action was brought forth and filed on 10/07/2022 and pursuant to 15 U.S.C. § 1681(p)(2) "An action to enforce any liability created under this subchapter may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of

competent jurisdiction, not later than (2) 5 years after the date on which the violation that is the basis for such liability occurs." Plaintiff believes that makes the **CRITICAL date as 10/07/2017.**

9. From 12/07/2017 – 08/27/2018 Kimbrough paid AMEX through Lloyd & McDaniel approximately $15,000.00 in good faith payments on a separate account. AMEX was reporting inaccurate items on Kimbrough's personal credit profile at this same time.

10. In March of 2020 Kimbrough filed a complaint with the Consumer Financial Protection Bureau ("Complaint Number 200304-4808766") against AMEX and the three credit reporting agencies for inaccuracies on his personal credit profile.

11. On March 29, 2020, Kimbrough filed a complaint with the Indiana Attorney General against AMEX concerning FCRA violations on his personal credit profile.

12. On February 11, 2020, Kimbrough was denied a $300,000 line of credit from Coastal Credit.

13. On September 3rd, 2020, Kimbrough was denied a $10,000 line of credit increase from Capital One.

14. On March 28, 2020, Kimbrough pulled a 3-bureau report from IdentityIQ of which the ONLY inaccurately derogatory reporting accounts were AMEX.

15. On 1/28/2020 Kimbrough sent a dispute letter to AMEX listing the inaccurate reporting via USPS tracking #7018 3090 0001 0288 4470.

16. On 3/4/2020 Kimbrough sent a dispute letter to AMEX listing the inaccurate reporting via USPS tracking #7018 3090 0001 0288 4302.

17. On 3/29/2020 Kimbrough sent a dispute letter to AMEX listing the inaccurate reporting via USPS tracking #7018 3090 0001 0288 4357.

18. On September 22, 2020, AMEX sent Kimbrough a response letter indicating among other things "account has been confirmed as being reported correctly." "The date of first delinquency is: 09/03/2018." "American Express is required by the Fair Credit Reporting Act to report account information accurately to the consumer credit reporting agencies."

19. On 1/28/2020 Kimbrough sent Trans Union LLC Consumer Dispute Center a dispute letter indicating the inaccuracies that AMEX was reporting through them via USPS tracking number #7018 3090 0001 0288 4531.

20. On 3/04/2020 Kimbrough sent Trans Union LLC Consumer Dispute Center a dispute letter indicating the inaccuracies that AMEX was reporting through them via USPS tracking number #7018 3090 0001 0288 4258.

21. On 3/9/2020 Kimbrough sent Trans Union LLC Consumer Dispute Center a dispute letter indicating the inaccuracies that AMEX was reporting through them via USPS tracking number #7018 3090 0001 0288 4371.

22. On 3/18/2020 Kimbrough received a letter from AMEX stating among other things "We're writing in response to your recent correspondence to the Consumer Financial Protection Bureau (CFPB). We are accurately reporting your accounts to the credit reporting agencies and have added that the

accounts information is being disputed." "We are obligated to report factual information to the credit reporting agencies." "Additionally, we verified we are reporting the same information to each agency, but we don't control how the credit agencies interpret or report that information."

23. In May of 2020 Plaintiff was forced to shut down his primary business as a result of not being able to obtain adequate credit lines

24. On 3/24/2022 Kimbrough received an Adverse Action Notice indicating he was denied a $2.1M loan from Community First Bank of Kokomo for among other things "Delinquent past or present credit obligations with others".

25. On or about 4/27/2022 Kimbrough ordered a third 3-bureau IdentityIQ report to determine if the reporting on the AMEX tradelines was updated. The report showed that AMEX was knowingly and willingly reporting out inaccuracies to the detriment of Kimbrough. On 4/27/2022 Kimbrough sent the third and final dispute letter to AMEX via USPS tracking #7021 0950 0001 4169 8430. All three attempts to resolve with AMEX were simple fix or delete requests.

26. The emotional distress resulting from the willful and negligence of the Defendant's actions has caused significant anxiety, fear, and psychological trauma. Plaintiff has been experiencing recurring nightmares and difficulty sleeping. These emotional repercussions have affected my overall well-being and have necessitated seeking counseling and therapy to cope with the trauma.

27. Plaintiff has suffered severe emotional distress caused by the inaccurate reporting of the Defendant and the impact it has had on Plaintiff's financial future. Plaintiff went through 9 months of extensive outpatient counseling through Family Piece Counseling in Kokomo, Indiana. Kimbrough has been damaged emotionally and financially in the amount of $1.5M by the willful and negligent actions of the Defendant.

28. Furthermore, the financial injuries sustained have caused a loss of enjoyment of life. Hobbies, social activities, and time spent with loved ones have significantly diminished due to the psychological pain inflicted. This loss has had a profound impact on my mental and emotional well-being.

29. The impact of the defendant's negligence on my life extends beyond the immediate aftermath of the incident(s). The emotional and psychological scars are likely to have long-lasting effects, requiring ongoing therapy and counseling. I am uncertain about the full extent of the future medical expenses and the long-term consequences of the injuries suffered.

30. Given the evidence presented, it is Plaintiff's belief that the Defendant's negligence directly caused the resulting financial injuries, medical expenses, loss of income, and pain and suffering. Plaintiff has suffered significant damages as a result of the Defendant's breach of duty and should be appropriately compensated for the harm endured.

31. Plaintiff believes that Defendant owes $3000.00 in Statutory violations.

32. Plaintiff has the expense of $402.00 for court filing fees for this cause of action.

33. Plaintiff believes there should be a punitive award in the amount of $1.5M to deter the Defendant from similar actions in the future.

34. Based on the facts stated above, it is my belief that the defendant had a clear breach of duty in ensuring that their reporting of Kimbrough's account(s) to the credit reporting agencies was free from error's and was being reported to each with "maximum accuracy".

35. Kimbrough believes that he is owed $5,413,402 in damages as a direct result of the actions of the Defendant.

36. Joey Kimbrough reserves the right to and may elect, in the future, to petition the Court for a supplemental judgment for any additional fees, costs, and expenses to which Joey Kimbrough is entitled to, but which is not awarded as part of any judgment entered in this matter.

I AFFIRM UNDER THE PENALTY FOR PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.

Dated 5/31/23

Joey Kimbrough, Plaintiff

NOTARY PUBLIC SIGNATURE

STATE OF INDIANA

COUNTY OF: Howard

ON THIS 31 DAY OF MAY, 2023, THIS RECORD WAS SIGNED BEFORE ME BY JOEY KIMBROUGH.

COMMISSIONED IN Howard COUNTY

WHITNEY A. WRIGHT
Notary Public, State of Indiana
SEAL
Commission Number NP0723707
My Commission Expires NOV 21, 2027