**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

JOEY KIMBROUGH,

    Plaintiff,

v.

AMERICAN EXPRESS COMPANY AKA
AMERICAN EXPRESS NATIONAL BANK

and

TRANS UNION LLC

    Defendants.

Case No. 1:22-cv-01993-TWP-MJD

**DECLARATION OF KEITH HERR**

I, Keith Herr, hereby declare as follows:

1. I am an Assistant Custodian of Records for American Express Company and its affiliates and subsidiaries, including American Express National Bank ("AENB" and, together with American Express Company, "American Express"). On April 1st, 2018, American Express Bank, FSB ("AEFSB") merged with AENB, with AENB as the surviving entity after the merger. AENB is a national bank with its main office in Utah. I have held the Assistant Custodian of Records position for approximately 10 years and have been employed with AENB, AEFSB or one of their predecessor or affiliate entities (collectively, "American Express") for 24 years. I submit this declaration in support of American Express's Motion to Compel Arbitration filed in this matter. Except where based on my review of records and documents regularly maintained in the ordinary course of American Express's business, all of the matters set forth below are within my personal knowledge and, if called as a witness, I could and would competently testify thereto.

2. In connection with my duties as Assistant Custodian of Records, I have access to and am generally familiar with the cardmember account records AENB maintains, including

account statements provided to cardmembers and the governing cardmember agreements. The account records and exhibits referred to herein were created and kept in the ordinary course of American Express's business and were created at or near the time of the occurrence of the matters set forth in those records and/or were created based upon information transmitted by a person with knowledge of the matters set forth in those records.

3. I have reviewed AENB's records concerning: (1) the Hilton Honors Card ending in 61004 issued to plaintiff Joey Kimbrough ("Kimbrough"), which American Express's records reflect was opened on or about May 7, 2015 by Citi Bank, acquired/purchased by AENB in December 2017 with the first (American Express) card issued by AENB in January 2018 (the "61004 Account"); (2) the Platinum Delta SkyMiles Business Card ending in 61007 issued to Kimbrough and JMC Auto Works LLC as the associated business, which American Express's records reflect was opened on or about July 22, 2013 (the "61007 Account"); (3) the Business Platinum Card ending in 71005 issued to Kimbrough and Burnetts Tipton LLC as the associated business, which American Express's records reflect was opened on or about May 6, 2015 (the "71005 Account"); (4) the Hilton Honors Ascend Card ending in 01002 issued to Kimbrough, which American Express's records reflect was opened on or about February 5, 2014 by Citi Bank, acquired/purchased by AENB in December 2017, with the first (American Express) card issued by AENB in January 2018 (the "01002 Account"); and (5) the Platinum Delta SkyMiles Business Card ending in 41007 issued to Kimbrough and Burnett's North LLC as the associated business, which American Express's records reflect was opened on or about May 18, 2014 (the "41007 Account") (collectively, the "Accounts").

4. All American Express card accounts are governed by a written Cardmember Agreement, and subsequent updates where applicable, setting forth the terms and conditions of

the cardmember's account. Pursuant to American Express's standard business practices, initial Cardmember Agreements are mailed to American Express card accountholders together with their physical American Express card upon the opening of their accounts, and periodic updates are mailed and/or contained in monthly statements. That procedure was In place and followed when American Express opened the Accounts. Attached hereto as **Exhibits A-1 through A-5** are copies of the Cardmember Agreements (the "Cardmember Agreements") for the 61004 Account, the 61007 Account, the 71005 Account, the 01002 Account, and the 41007 Account, respectively, that American Express mailed to Kimbrough together with his physical American Express cards when American Express opened (or acquired/purchased) the Accounts.

5. The arbitration provisions of the Cardmember Agreements governing the Accounts contain an opt-out provision. Plaintiff could have opted out of the Arbitration Provisions by mailing American Express a written rejection notice within 45 days after the first card purchases, but Plaintiff did not opt out of the arbitration provisions. I can determine this because it is American Express's standard business practice to include a note in the computerized account records of those cardmembers who chose to opt out of the arbitration provision. The records for the Accounts do not reflect any such note, and there is no indication in the records for the Accounts that Plaintiff ever notified American Express of his refusal to accept the terms of the arbitration provisions for the Accounts.

6. Monthly account statements are sent to cardmembers who carry a balance on their American Express card account or are otherwise required to receive a monthly statement, and records are retained of those account statements sent to cardmembers. Attached hereto as **Exhibits B-1 through B-5** are redacted copies of the March 2018 billing statement for the 61004 Account, the September 2013 billing statement for the 61007 Account, the June 2015 billing

statement for the 71005 Account, the April 2018 billing statement for the 01002 Account, and the July 2014 billing statement for the 41007 Account, respectively, reflecting use of the Accounts after American Express sent Kimbrough the Cardmember Agreements.

I declare under penalty of perjury that the foregoing statements are true and correct.

_____
Keith Herr

DATE: August 15th, 2023