UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOEY KIMBROUGH, <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN EXPRESS COMPANY AKA AMERICAN EXPRESS NATIONAL BANK <br><br> and <br><br> TRANS UNION LLC <br><br> Defendants. | Case No. 1:22-cv-01993-TWP-MJD <br><br> **DEFENDANT AMERICAN EXPRESS NATIONAL BANK'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS AGAINST ATTORNEY BRIAN FRONTINO AND STROOCK & STROOCK & LAVAN LLP** |

Defendant American Express National Bank ("American Express") files this Response in Opposition to Plaintiff's Motion for Sanctions Against Attorney Brian Frontino and Stroock & Stroock & Lavan LLP (the "Motion") [ECF No. 28] and in support thereof states as follows:

1. Plaintiff Joey Kimbrough ("Kimbrough") seeks sanctions against the law firm Stroock & Stroock & Lavan, LLP ("Stroock"), and attorney Brian Frontino ("Frontino"), previously a partner at Stroock.[1]

2. In support of the Motion, Kimbrough argues that American Express "was unrepresented by counsel from at least May 11th, 2023, until June 9th, 2023, due to lapses in admitting counsel to practice in the Southern District of Indiana." *See* Mot. ¶ 3. As a result of that purported "lapse," Stroock and Frontino ostensibly violated a "duty of care" to American Express, to the Court, and to Kimbrough himself. *See id.* ¶ 4. Finally, Kimbrough argues that he "has been

---

[1] Undersigned counsel, now with the law firm Steptoe & Johnson LLP, were formerly associated with Stroock.

prejudiced by not being able to serve Discovery Requests on Defendant [American Express] because of the actions of [Frontino] and [Stroock]." *See id.* ¶ 7.

3. First, neither American Express nor this Court has been prejudiced by any of the alleged actions of Frontino or Stroock. Even if Kimbrough had standing to challenge the duties owed to American Express by its counsel (which he does not), the record clearly shows that Frontino entered an appearance on behalf of American Express on December 27, 2022. [ECF No. 15]. Subsequently, undersigned counsel, Adam Hoock and Stephen Newman, entered appearances in June 2023 following the admission process for this Court. [ECF Nos. 23 & 24]. And Stroock continued to represent American Express uninterrupted during that time. [2] Indeed, Kimbrough was in communication with attorneys at Stroock, including undersigned counsel, regarding issues with the service of various discovery requests that he attempted to serve by Dropbox.

4. Second, Kimbrough likewise has not been prejudiced. Just days after this Court entered the Scheduling Order [ECF No. 19], Kimbrough filed a Motion for Summary Judgment [ECF No. 20]. Given its contention that Kimbrough's dispute must be resolved in arbitration, rather than before this Court, American Express (without opposition from Kimbrough) moved for an extension of time to respond to the Motion for Summary Judgment, which the Court granted "until such time as the Court has ruled on the issue of whether Plaintiff is required to arbitrate this dispute." [ECF No. 26]. Kimbrough fails to explain how any actions by Frontino or Stroock prejudiced him given that (1) he has already moved for summary judgment and (2) the Court has indicated that it must decide whether this dispute properly belongs in arbitration.

---

[2] While Frontino remained counsel of record until undersigned counsel filed a notice of appearance, Frontino's failure to be withdrawn from this case subsequently was an oversight. Should the Court require Frontino's formal withdrawal from this matter, undersigned will prepare and file the appropriate papers.

5.      Further, Kimbrough's contention that he was prejudiced by not being able to serve discovery requests is belied by the fact that he did, in fact, serve discovery requests on American Express on June 13, 2023, after various correspondence and conversations with attorneys at Stroock, including undersigned counsel. On June 21, 2023, Kimbrough, by email, then subsequently agreed to an extension of time for American Express to respond to those discovery requests when he also agreed to American Express's aforementioned request for an extension of time to respond to his Motion for Summary Judgment.

6.      In sum, no facts in the Motion support an entry of sanctions against Frontino or Stroock, as Kimbrough identifies no misconduct, no breach of duty of care to American Express, and no violation of professional ethics or the standards of professional conduct.

WHEREFORE, American Express respectfully requests the Court deny Plaintiff's Motion for Sanctions Against Attorney Brian Frontino and Stroock & Stroock & Lavan LLP.

Dated:  August 16, 2023.                     Respectfully submitted,

By:   /s/ *Adam R. Hoock*
Stephen J. Newman
California Bar No. 181570
snewman@Steptoe.com
Adam R. Hoock
Florida Bar No. 118264
California Bar No. 340811
ahoock@Steptoe.com
**STEPTOE & JOHNSON LLP**
2029 Century Park East, 18th Floor
Los Angeles, CA 90067
Telephone: +1 213 439 9400
Fax: +1 213 439 9599
docketing@steptoe.com

Attorneys for Defendant *American Express National Bank*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 16, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and certify that a true and correct copy of the foregoing was provided to all parties and counsel of record.

*/s/ Adam R. Hoock*
Adam R. Hoock
