UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT of INDIANA
Indianapolis Division

FILED
08/17/2023
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

JOEY KIMBROUGH,

    Plaintiff,

v.

AMERICAN EXPRESS COMPANY AKA AMERICAN EXPRESS NATIONAL BANK;

and

TRANS UNION LLC (*settled and dismissed*)

    Defendants.

Case No. 1:22-cv-1993-TWP-MJD

Honorable Tanya Walton Pratt
Magistrate Judge Mark J. Dinsmore

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION

**COMES NOW**, Joey Kimbrough, Plaintiff Pro Se, pursuant to Local Rule 7-1(c)(3)(A), in the above-entitled and numbered cause, and files this Response in Opposition to Defendant American Express National Bank's ("AMEX") Motion to Compel Arbitration, and in support thereof would respectfully show the Court the following:

**I. INTRODUCTION**

Plaintiff Joey Kimbrough vehemently opposes the Defendant's motion to compel arbitration. While Defendant seeks refuge under the Federal Arbitration Act ("FAA"), 9 U.S.C.

§§ 1-16, and claims the existence of an Arbitration Agreement, the Plaintiff submits that the purported Arbitration Agreement is neither valid nor enforceable under the circumstances.

## II. ARGUMENTS AND AUTHORITIES

### A. The Arbitration Agreement is Unconscionable.

**Procedural Unconscionability**: The Arbitration Agreements were presented to the Plaintiff in a take-it-or-leave-it manner, buried within lengthy Cardmember Agreements. This kind of standard form contract, drafted by the more powerful party, offers little room for negotiation, and is often termed an "adhesion contract." See, e.g., *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681 (1996).

**Substantive Unconscionability**: The terms of the Arbitration Agreement heavily favor American Express. The Plaintiff was not given an opportunity to understand the full implications of agreeing to such terms, nor was there any parity in bargaining power between the parties.

### B. The Scope of the Arbitration Agreement Does Not Cover the Present Dispute.

While American Express contends that the Arbitration Agreement covers any claim relating to the Accounts, it fails to consider that not every controversy or claim would naturally fall within its ambit. See, e.g., *Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52 (1995). Here, the Plaintiff's claims relate to alleged inaccurate tradelines on his credit report, a matter that is arguably distinct from the everyday operations and terms of the Accounts themselves.

**C. The Arbitration Agreement Violates Public Policy.**

The United States Supreme Court has noted that arbitration agreements can be invalidated "upon such grounds as exist at law or in equity for the revocation of any contract." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333 (2011). In this case, forcing the Plaintiff into arbitration would deny him the public forum and the protections offered by our judicial system, which is against public policy.

**D. The FAA Does Not Preempt State Law Grounds for Revoking the Agreement.**

The FAA's saving clause permits arbitration agreements to be invalidated by "generally applicable contract defenses." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333 (2011). Indiana law provides such defenses:

1. **Fraud:** Indiana recognizes that a contract, including an arbitration agreement, may be invalidated if a party was induced to enter into the contract by fraudulent misrepresentations. See *Eby v. York-Div., Borg-Warner*, 455 N.E.2d 623 (Ind. Ct. App. 1983). If the Plaintiff can demonstrate that the Arbitration Agreement was entered into based on fraudulent representations made by American Express, the agreement may be invalidated.

2. **Duress:** A contract is voidable under Indiana law if a party's manifestation of assent is induced by an improper threat by the other party that leaves the victim no reasonable alternative. See *Vincennes Univ. ex rel. Bd. of Trs. v. Sparks*, 988 N.E.2d 1160 (Ind. Ct. App. 2013). If the Plaintiff can demonstrate that he was forced to accept the Arbitration Agreement under duress, the agreement can be invalidated.

3. **Unconscionability:** Indiana law provides that an unconscionable contract, or an unconscionable clause in an otherwise enforceable contract, may not be enforced. See *Ind. Code § 26-1-2-302*. The court may examine both procedural and substantive unconscionability. While we have already argued the unconscionability of the Arbitration Agreement in a general context, it's worth noting that Indiana's specific recognition of this defense offers further support to the Plaintiff's position.

By invoking these Indiana-specific grounds for revoking a contract, the Plaintiff asserts that the Arbitration Agreement with American Express is unenforceable. The FAA does not preempt these defenses, and the Court should apply Indiana law to evaluate the enforceability of the Arbitration Agreement.

**CONCLUSION**

For the reasons stated above, Joey Kimbrough respectfully requests that the Court deny Defendant American Express National Bank's Motion to Compel Arbitration and allow this case to proceed in the court of law.

Respectfully Submitted,

/s/ Joey Kimbrough
Joey Kimbrough, Plaintiff, Pro Se
1712 Candy Court South
Kokomo, IN 46902
(765) 437-8451
joeykokomo2002@yahoo.com

**Certificate of Service**

   I hereby certify that on August 17th, 2023, I electronically filed the foregoing with the Clerk of the Court by email with attachments as is required by the Court. Service was made on counsel by email:

**Distribution:**
All ECF-registered counsel of record via email

Joey Kimbrough
1712 Candy Court South
Kokomo, IN 46902

                Respectfully Submitted,
                /s/ Joey Kimbrough