UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT of INDIANA
Indianapolis Division

**FILED**

**08/17/2023**

**U.S. DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**Roger A.G. Sharpe, Clerk**

JOEY KIMBROUGH,

      Plaintiff,

  v.

AMERICAN EXPRESS COMPANY AKA
AMERICAN EXPRESS NATIONAL
BANK;

and

TRANS UNION LLC (*settled and dismissed*)

      Defendants.

**Case No**. **1:22-cv-1993-TWP-MJD**

Honorable Tanya Walton Pratt
Magistrate Judge Mark J. Dinsmore

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DECLARATION OF KEITH HERR

**COMES NOW**, Joey Kimbrough, Plaintiff Pro Se, pursuant to Local Rule 7-1(c)(3)(A), in the above-entitled and numbered cause, and files this *Response in Opposition to the Declaration of Keith Herr* ("Declaration"), and in support thereof would respectfully show the Court the following:

**I. INTRODUCTION**

The Plaintiff contests the veracity, relevance, and the weight to be given to the Declaration of Keith Herr in relation to the Defendant's Motion to Compel Arbitration. While the Declaration seeks to establish the existence and delivery of certain Cardmember Agreements

to the Plaintiff, several issues arise that call into question the reliability and implications of the Declaration.

## II. ARGUMENTS AND AUTHORITIES

### A. Absence of Personal Knowledge and Over-reliance on Business Practices

While Mr. Herr claims to have personal knowledge of certain facts, much of his Declaration is predicated upon the "standard business practices" of American Express. Reliance on such practices does not conclusively prove that a specific action took place in relation to the Plaintiff's accounts.

The mere existence of a "standard business practice" does not establish that such practice was uniformly and consistently applied, especially in the case of the Plaintiff.

### B. Ambiguity in the Acquisition of Accounts

The Declaration states that certain accounts were opened by Citi Bank and later acquired by AENB. There is no specific evidence showing the Plaintiff was notified of the change in terms, or that he expressly agreed to the new terms, including the arbitration provision, after the acquisition.

### C. Inadequate Proof of Delivery of Cardmember Agreements

The Declaration only asserts that Cardmember Agreements were mailed, but does not provide concrete proof of actual delivery or receipt by the Plaintiff. Mailing does not equate to receipt, and without acknowledgment from the Plaintiff, there is no definitive evidence that he received and reviewed these agreements.

The absence of a system to confirm receipt or acknowledgment from cardholders regarding significant changes or notices further weakens the assertion that the Plaintiff was fully informed.

**D. Lack of Evidence of Opt-Out Notification**

The Declaration assumes that because there was no note in the computerized account records indicating the Plaintiff opted out of arbitration, he must have accepted it. This binary logic is flawed. The absence of an opt-out note does not confirm active acceptance or awareness by the Plaintiff of the arbitration clause.

**E. Over-reliance on Redacted Billing Statements**

The redacted billing statements do not serve as conclusive evidence that the Plaintiff received, reviewed, or accepted the Cardmember Agreements. Use of a card does not automatically imply full knowledge or acceptance of all terms, especially if those terms were buried in fine print or not prominently disclosed.

**III. CONCLUSION**

The Declaration of Keith Herr does not provide irrefutable evidence of the Plaintiff's knowledge, receipt, or acceptance of the arbitration provisions in the Cardmember Agreements. The reliance on standard business practices, without direct proof of specific actions in relation to the Plaintiff, is insufficient to compel arbitration.

Therefore, Joey Kimbrough respectfully requests that the Court give due weight to the concerns raised herein and consider them when assessing the Defendant's Motion to Compel Arbitration.

Respectfully Submitted,

/s/ Joey Kimbrough

Joey Kimbrough, Plaintiff, Pro Se
1712 Candy Court South
Kokomo, IN 46902
(765) 437-8451
joeykokomo2002@yahoo.com

**Certificate of Service**

      I hereby certify that on August 17th, 2023, I electronically filed the foregoing with the Clerk of the Court by email with attachments as is required by the Court. Service was made on counsel by email:

**Distribution:**
All ECF-registered counsel of record via email

Joey Kimbrough
1712 Candy Court South
Kokomo, IN 46902

Respectfully Submitted,
/s/ Joey Kimbrough