FILED
08/17/2023
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT of INDIANA
Indianapolis Division

JOEY KIMBROUGH,

    Plaintiff,

v.

AMERICAN EXPRESS COMPANY AKA AMERICAN EXPRESS NATIONAL BANK;

and

TRANS UNION LLC (*settled and dismissed*)

    Defendants.

Case No. 1:22-cv-1993-TWP-MJD

Honorable Tanya Walton Pratt
Magistrate Judge Mark J. Dinsmore

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S EXHIBIT A1 – A5

COMES NOW, Joey Kimbrough, Plaintiff Pro Se, pursuant to Local Rule 7-1(c)(3)(A), in the above-entitled and numbered cause, and files this *Response in Opposition to Exhibits A1 - A5* presented by the Defendant, and in support thereof would respectfully show the Court the following:

**I. INTRODUCTION**

The Plaintiff contests the relevance, clarity, and enforceability of the purported Arbitration provisions presented in Exhibits A1 - A5. While the Defendant seeks to use these exhibits to compel arbitration, several glaring concerns arise that call their validity into question.

**II. ARGUMENTS AND AUTHORITIES**

### A. Ambiguity and Complexity

The Arbitration provisions in Exhibits A1 - A5 are overly complicated, making it difficult for an average consumer to understand their implications. Such complexity may render the agreement procedurally unconscionable.

The clause regarding opting out of the Arbitration provision is buried deep within the text, making it less likely for consumers to be aware of or exercise their right to opt out.

### B. Lack of Meaningful Choice

The provisions present a take-it-or-leave-it proposition, characteristic of contracts of adhesion. Such contracts often raise concerns about the lack of a genuine meeting of the minds, which is a cornerstone of contractual agreements.

### C. Overly Broad Definition of "Claim"

The definition of "Claim" is overly broad and can be construed to encompass virtually any dispute arising between the parties, even those tangentially related to the account or the cardmember agreement.

### D. Limitation on Class Actions

The provisions prohibit class actions, which can serve as a deterrent for individual consumers who might have legitimate but small-value claims, as the cost of individual arbitration could outweigh potential benefits.

### E. Overly Restrictive Procedural Rules

The arbitration procedures specified, including restrictions on discovery and limited application of federal or state rules, heavily favor the Defendant and place the Plaintiff at a significant disadvantage.

**F. Fee Structure and Potential Deterrent**

While there are provisions that discuss sharing arbitration fees, the potential cost to the consumer, especially without clarity on exact amounts, might deter valid claims from being pursued.

**G. Continuation Clause**

The provision that the arbitration agreement will survive various events, including termination of the account or any sale of the account, is overly broad and could be construed as unconscionable.

**H. Potential Conflict with State Law**

Depending on state law, some of the provisions in the arbitration agreement might be deemed unenforceable, especially if they are found to unduly favor one party over another or if they strip a party of fundamental rights.

1. **Indiana's Public Policy & Unconscionability Doctrine**: Indiana law recognizes that contracts or clauses therein can be voided if they violate public policy or if they are unconscionable. See *Fresh Cut, Inc. v. Fazli*, 650 N.E.2d 1126 (Ind. Ct. App. 1995). The Arbitration provisions in Exhibits A1 - A5, particularly the limitations placed on class actions and the broad continuation clause, may be contrary to Indiana's public policy which favors fairness in contractual relationships.

2. **Indiana Deceptive Consumer Sales Act (IDCSA)**: Under Ind. Code § 24-5-0.5-4, deceptive acts in consumer transactions are unlawful. A contract or provision that is crafted in a manner that misleads or has the potential to mislead a consumer can be challenged under this Act. Given the complexity and ambiguity of the Arbitration provisions, they may be viewed as deceptive, especially if they were not clearly presented or explained to the consumer.

3. **Indiana's Doctrine of Mutual Mistake**: Under Indiana law, if both parties to a contract are under a misconception about a basic assumption of the contract, and that assumption materially affects the agreed-upon exchange, the contract may be voided. Given the complexity of the Arbitration provisions, it is possible that there was no true meeting of the minds regarding these provisions, which might make them unenforceable.

4. **Indiana's Standard for Arbitration Agreements**: Indiana courts have held that for an arbitration agreement to be enforceable, it must be clear and unmistakable. The Arbitration provisions in Exhibits A1 - A5, given their complexity and the manner in which critical details are buried within the text, may not meet this clarity standard.

By relying on these principles of Indiana law, it becomes evident that the Arbitration provisions presented by the Defendant could be viewed as unenforceable or, at a minimum, deserving of heightened scrutiny by this Court.

## III. CONCLUSION

The purported Arbitration provisions in Exhibits A1 - A5, when viewed in totality, raise concerns about fairness, clarity, and enforceability. Given their complexity and the potential limitations they place on the Plaintiff's rights, they should not be given undue weight or be used as a basis to compel arbitration.

Therefore, Joey Kimbrough respectfully requests that the Court consider the issues raised herein when assessing the Defendant's Motion to Compel Arbitration based on Exhibits A1 - A5.

Respectfully Submitted,

/s/ Joey Kimbrough
Joey Kimbrough, Plaintiff, Pro Se
1712 Candy Court South
Kokomo, IN 46902
(765) 437-8451

joeykokomo2002@yahoo.com

## **Certificate of Service**

      I hereby certify that on August 17th, 2023, I electronically filed the foregoing with the Clerk of the Court by email with attachments as is required by the Court. Service was made on counsel by email:

**Distribution:**
All ECF-registered counsel of record via email

Joey Kimbrough
1712 Candy Court South
Kokomo, IN 46902

                          Respectfully Submitted,
                          /s/ Joey Kimbrough