**FILED**
08/18/2023
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT of INDIANA
Indianapolis Division

| | |
|---|---|
| JOEY KIMBROUGH,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN EXPRESS COMPANY AKA AMERICAN EXPRESS NATIONAL BANK;<br><br>and<br><br>TRANS UNION LLC (*settled and dismissed*)<br><br>Defendants. | Case No. 1:22-cv-1993-TWP-MJD<br><br>Honorable Tanya Walton Pratt<br>Magistrate Judge Mark J. Dinsmore |

### REPLY IN RESPONSE TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS AGAINST ATTORNEY BRIAN FRONTINO AND STROOCK & STROOCK & LAVAN LLP

COMES NOW Plaintiff Joey Kimbrough, Pro Se, pursuant to Local Rule 7-1(c)(3)(B) and hereby submits this reply in response to Defendant American Express National Bank's ("American Express") Opposition to the Motion for Sanctions against Attorney Brian Frontino and Stroock & Stroock & Lavan LLP ("Stroock") (ECF. No. 32).

The Defendant's arguments in opposition are without substantial merit and do not sufficiently address the serious professional and ethical violations committed by Mr. Frontino and Stroock. Plaintiff offers the following refutations:

**I. Clear Prejudice and Violation of Professional Duties**

1. Contrary to the Defendant's claims, the record clearly evidences that American Express was without legal representation from May 11th, 2023, to June 9th, 2023. This lapse, due to the oversights in admitting counsel to practice in the Southern District of Indiana, denotes a breach of duty by Mr. Frontino and Stroock to their client, the Court, and Mr. Kimbrough.

2. The mere entry of an appearance on behalf of American Express by Mr. Frontino on December 27, 2022, does not absolve the lapses in representation during May and June 2023. This gap is undeniable and constitutes a grave oversight in their professional responsibilities.

3. On May 11th, 2023, at 3:27 pm, despite being the only counsel of record for AMEX, Attorney Brian Frontino replied, "Mr. Kimbrough, I believe this relates to an American Express matter and I am not counsel to American Express. You will need to contact Stroock & Stroock & Lavan LLP." (**See Exhibit A**). This response, coupled with his listing as the sole counsel for AMEX on the same date, is not only misleading but underscores a severe lapse in professional responsibility.

4. The Defendant's contention that Mr. Kimbrough was not prejudiced lacks foundation. Despite managing to serve discovery requests after encountering several delays, Mr. Kimbrough's ability to effectively advocate for his case was undeniably hampered due to the absence of opposing counsel. This absence thwarted meaningful discovery and robust legal discourse, hindering Mr. Kimbrough's pursuit of justice.

5. The Defendant's attempt to minimize Mr. Kimbrough's claims of prejudice due to his success in serving discovery requests is misguided. Such efforts by Mr. Kimbrough do not mitigate the clear professional lapses and resultant prejudice caused by Mr. Frontino and Stroock.

6. The Defendant's assertion that Mr. Kimbrough fails to pinpoint specific misconduct is categorically refuted by the detailed instances provided in the *PLAINTIFF'S MOTION FOR SANCTIONS* (ECF. No. 28):

    - Procedural Violations: Attorney Frontino's misleading indication of not representing AMEX despite being listed as their counsel of record.

    - Improper Withdrawal: Attorney Frontino's failure to file a Motion for Withdrawal of Appearance directly contravenes Local Rule 83-7(b)(1). Such an oversight not only hampers the due process of law but is a clear dereliction of professional duty.

    - Leaving the Client Unrepresented: The undeniable period from May 11th, 2023, to June 9th, 2023, where AMEX had no legal representation due to lapses in counsel admission.

    - Breach of Duty of Care: Stroock & Stroock & Lavan LLP and Mr. Frontino's apparent disregard for their client, the court, and Mr. Kimbrough during this period of non-representation.

- Potential Ethical Violations: The actions (or lack thereof) by Attorney Frontino and the firm potentially contravene the standards of professional conduct expected of legal representatives.

The documented and pointed instances of misconduct and professional negligence not only substantiate Mr. Kimbrough's claims but also underscore the need for sanctions to uphold legal ethics and integrity [*see Plaintiff's Motion for Sanctions* ECF 28].

**II. The Imperative for Sanctions**

Given the aforementioned arguments and the clear evidence of professional negligence, the need for sanctions becomes undeniable. Sanctions, in this instance, serve not merely as punitive measures but as a necessary deterrent to ensure that the legal community upholds its professional and ethical obligations diligently.

The Defendant's attempts to trivialize the lapses in representation are unsupported and contrary to the documented facts. The lapses demonstrate a palpable breach of professional duties, and thus sanctions are not only appropriate but necessary.

In conclusion, the Plaintiff respectfully urges the Court to grant the *Motion for Sanctions* against Attorney Brian Frontino and Stroock & Stroock & Lavan LLP. Upholding the sanctity and integrity of the legal system demands accountability, and this case presents a compelling instance of such a need.

Respectfully Submitted,

/s/ *Joey Kimbrough*

Joey Kimbrough, Plaintiff, Pro Se
1712 Candy Court South
Kokomo, IN 46902
(765) 437-8451
joeykokomo2002@yahoo.com

### Certificate of Service

I hereby certify that on August 17th, 2023, I electronically filed the foregoing with the Clerk of the Court by email with attachments as is required by the Court. Service was made on counsel by email:

**Distribution:**
All ECF-registered counsel of record via email

Joey Kimbrough
1712 Candy Court South
Kokomo, IN 46902

Respectfully Submitted,
/s/ Joey Kimbrough