UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOEY KIMBROUGH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:22-cv-01993-TWP-MJD |
| ) | |
| AMERICAN EXPRESS COMPANY, aka ) | |
| AMERICAN EXPRESS NATIONAL BANK, ) | |
| ) | |
| Defendant. ) | |

**ORDER ON MOTION FOR SANCTIONS
AND MOTION FOR CONTINUANCE**

This matter is before the Court on Plaintiff's Motion for Sanctions [Dkt. 28] and Motion for Continuance. [Dkt. 47.] Each motion is resolved, in turn, below.

**I.   Background**

Joey Kimbrough, Pro Se Plaintiff ("Plaintiff"), alleges violations by American Express Company ("Defendant") of the Fair Credit Reporting Act ("FCRA"). Plaintiff had multiple accounts through American Express: (1) Hilton Honors Card ending in 61004; (2) Platinum Delta SkyMiles Business Card ending in 61007; (3) Business Platinum Card ending in 71005; (4) Hilton Honors Ascend Card ending in 01002; and (5) Platinum Delta SkyMiles Business Card ending in 41007 (collectively, the "Accounts"). Some of the Accounts were used as personal accounts, while others were used for Plaintiff's businesses. Plaintiff alleges that Defendant failed to properly investigate Plaintiff's disputes regarding inaccuracies, which damaged Plaintiff's creditworthiness.

## II. Motion for Sanctions

In his motion for sanctions, Plaintiff seeks sanctions against the law firm Stroock & Stroock & Lavan, LLP ("Stroock") and attorney Brian Frontino ("Frontino"), who was previously a partner at Stroock. Plaintiff alleges that Defendant was unrepresented by counsel for a month-long period due to lapses in admitting counsel to practice in the Southern District of Indiana. As a result of that lapse, Stroock and Frontino violated a duty of care that was owed to Defendant, the Court, and Plaintiff. Plaintiff also alleges that due to this lapse, he was prejudiced because he was unable to serve Discovery Requests on Defendant at that time.

As Defendant points out, neither Plaintiff, Defendant, nor the Court have been prejudiced by the alleged actions of Stroock or Frontino. Frontino entered an appearance for Defendant on December 27, 2022. Adam Hoock and Stephen Newman later entered appearances in June of 2023. While the attorneys representing Defendant may have changed, there was no point throughout that six-month period where Stroock was not representing Defendant. Further, Plaintiff was not prejudiced by this change, as he was able to communicate with attorneys at Stroock throughout that six-month period and serve discovery requests on June 13, 2023.

Because the failure of Defendant's various attorneys to promptly withdraw from and appear in this case simply is not sanctionable, Plaintiff's motion for sanctions is **DENIED**.

## III. Motion for Continuance

In his unopposed motion for continuance, Plaintiff states that he will be out of town from September 3, 2023, through and including September 21, 2023, without access to the internet. He requests permission from the Court to file any responsive filings within a reasonable time following his return. As of the date of this order, if anything were filed that required a response from Plaintiff, he would be able to respond within the allotted time granted by Local Rule 7-1 or

to timely seek additional time after his return home. For that reason, Plaintiff's Motion for Continuance is **DENIED AS MOOT**.

### IV. Conclusion

For the reasons set forth above, Plaintiff's Motion for Sanctions [Dkt. 28] and Motion for Continuance [Dkt. 47] are **DENIED**.

SO ORDERED.

Dated: 8 SEP 2023

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record
via email generated by the Court's ECF system.

JOEY KIMBROUGH
1712 Candy Court South
Kokomo, IN 46902