UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOEY KIMBROUGH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:22-cv-01993-TWP-MJD |
| ) | |
| AMERICAN EXPRESS COMPANY, aka ) | |
| AMERICAN EXPRESS NATIONAL BANK, ) | |
| ) | |
| Defendant. ) | |

**ORDER ON MOTION TO COMPEL ARBITRATION**

This matter is before the Court on Defendant's Motion to Compel Arbitration. [Dkt. 29.] For the reasons set forth below, the motion is **GRANTED**.

**I.    Background**

Joey Kimbrough, Pro Se Plaintiff ("Plaintiff"), alleges violations by American Express Company ("Defendant") of the Fair Credit Reporting Act ("FCRA"). Plaintiff had multiple accounts through American Express: (1) Hilton Honors Card ending in 61004; (2) Platinum Delta SkyMiles Business Card ending in 61007; (3) Business Platinum Card ending in 71005; (4) Hilton Honors Ascend Card ending in 01002; and (5) Platinum Delta SkyMiles Business Card ending in 41007 (collectively, the "Accounts"). Some of the Accounts were used as personal accounts, while others were used for Plaintiff's businesses. Plaintiff alleges that Defendant failed to properly investigate Plaintiff's disputes regarding inaccuracies, which damaged Plaintiff's creditworthiness.

## II. Discussion

In the instant motion Defendant, seeks to compel arbitration of Plaintiff's claims pursuant to the Arbitration Agreement in the American Express cardholder agreements (the "Agreements") that apply to Plaintiff's accounts. The Agreements provide, in relevant part:

**Governing Law**

> Utah law and federal law govern this Agreement and your Account. They govern without regard to internal principles of conflicts of law. We are located in Utah. We hold your account in Utah. We entered into this agreement with you in Utah.

**Claims Resolution**

> . . . You may reject the arbitration provision by sending us written notice within 45 days after your first card purchase. See Your Right to Reject Arbitration below. For this section, you and us includes any corporate parents, subsidiaries, affiliates or related persons or entities. Claim means any current or future claim, dispute or controversy relating to your Account(s), this Agreement, or any agreement or relationship you have or had with us, except for the validity, enforceability or scope of the Arbitration provision. Claim includes but is not limited to: (1) initial claims, counterclaims, crossclaims and third-party claims; (2) claims based upon contract, tort, fraud, statute, regulation, common law and equity; (3) claims by or against any third party using or providing any product, service or benefit in connection with any account; and (4) claims that arise from or relate to (a) any account created under any of the agreements, or any balances on any such account, (b) advertisements, promotions or statements related to any accounts, goods or services financed under any accounts or terms of financing, (c) benefits and services related to card membership (including fee-based or free benefit programs, enrollment services and rewards programs) and (d) your application for any account . . .

**Arbitration**

> You or we may elect to resolve any claim by individual arbitration. Claims are decided by a neutral arbitrator. If arbitration is chosen by any party, neither you nor we will have the right to litigate that claim in court or have a jury trial on that claim. Further, you and we will not have the right to participate in a representative capacity or as a member of any class pertaining to any claim subject to arbitration. Arbitration procedures are generally simpler than the rules that apply in court, and discovery is more limited. The arbitrator's decisions are as enforceable as any court order and are subject to very limited review by a court. Except as set forth below, the arbitrator's decision will be final and binding. Other rights you or we would have in court may also not be available in arbitration.

**Initiating Arbitration**

> . . . You or we may otherwise elect to arbitrate any claim at any time unless it has been filed in court and trial has begun or final judgment has been entered. . .

**Continuation**

> This section will survive termination of your Account . . .

[Dkt 30-2.]

### A. Governing Law

As Defendant points out, Utah law governs whether there is a valid arbitration agreement, while the FAA will govern the enforceability of the agreement. This is because Utah governs the agreement.[1] Under the Utah Code[2],

> A credit agreement is binding and enforceable . . . if: (i) the debtor is provided with a written copy of the terms of the agreement; (ii) the agreement provides that any use of the credit offered shall constitute acceptance of those terms; and (iii) after the debtor receives the agreement, the debtor, or a person authorized by the debtor, requests funds pursuant to the credit agreement or otherwise uses the credit offered.

Utah Code Ann. § 25-5-4(2)(e). Here, Plaintiff was provided with a written copy of the terms of the Agreements when he received his American Express credit cards upon opening the Accounts.

---

1 Plaintiff points to Indiana law to suggest the unenforceability of the agreement; however, Utah law will apply to decide whether there is a valid arbitration agreement. *See Hoopes v. Gulf Stream Coach, Inc.*, 2012 WL 1029352, at *4 (N.D. Ind. Mar. 26, 2012) (applying choice of law provisions in arbitration agreement stating that Michigan law applies to disputes between the parties).

2 Even if Indiana law were applied, as urged by Plaintiff, the result would be the same. "On application of a party showing an agreement described in section 1 of this chapter, and the opposing party's refusal to arbitrate, the court shall order the parties to proceed with arbitration. Ten (10) days notice in writing of the hearing of such application shall be served personally upon the party in default. If the opposing party denies the existence of the agreement to arbitrate, the court shall proceed summarily to the determination of the issue raised without further pleading and shall order arbitration if found for the moving party; otherwise, the application shall be denied." IN Code § 34-57-2-3 (2022).

[Dkt. 30 at 4.] Further, the Agreements stated that use of the credit cards constituted acceptance of the terms, and Plaintiff continued to use the cards. Plaintiff argues that the "take it or leave it" style contract is procedurally and substantively unconscionable; however, Utah Code expressly allows this type of open-end credit agreement. *See* Utah Code Ann. § 70C-4-102(2)(b). Accordingly, under Utah law, the agreements are valid.

### B. Enforceability

"A court must compel arbitration under the FAA when: (1) a valid agreement to arbitrate exists; (2) the dispute falls within the scope of that agreement; and (3) the plaintiff has refused to proceed to arbitration in accordance with the arbitration agreement." *Kinkle v. Equifax Info. Servs., LLC*, 2023 WL4105804, at *1 (S.D. Ind. June 21, 2023) (citing *Zurich Am. Ins. Co. v. Watts Indus., Inc.*, 466 F.3d 577, 580 (7th Cir. 2006).

Here, the Agreements are valid under Utah law. Further, Plaintiff did not exercise his option to reject the Agreements. Plaintiff argues that he did not receive notice of the terms or have the opportunity to understand the full implications of agreeing to the terms. However, Plaintiff did receive notice of the terms, as he received them in writing, and the Agreements very clearly state that Plaintiff could have rejected the terms within 45 days of his first card purchase. "[M]ere inequality in bargaining . . . is not a sufficient reason to hold that arbitration agreements are never enforceable." *Twist v. Arbusto*, 2006 WL 1547083, at *9 (S.D. Ind. June 2, 2006) (citing *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 32 (1991)). Like in *Twist*, the arbitration provisions here were not buried or hidden in the Agreement. Plaintiff simply did not exercise his option to reject them.

Plaintiff further argues that the scope of the Agreements does not cover the present dispute. However, the Agreements clearly state that "claim means any current or future claim,

**dispute or controversy relating to your Accounts(s),** this Agreement, or any agreement or relationship you have or had with us, except for the validity, enforceability or scope of the Arbitration provision." [Dkt. 30-2.] Plaintiff's entire argument in this case is that Defendant failed to adequately investigate Plaintiff's disputes. As such, the scope of the agreements covers the dispute.[3] Accordingly, under the FAA, the Court must compel arbitration.

### III.    Conclusion

For the reasons set forth above, Defendant's Motion to Compel Arbitration, [Dkt. 29] is **GRANTED**.[4]

Defendant shall file a Notice setting forth the status of the arbitration proceedings on or before **January 5, 2024**, **and every thirty days thereafter**.

SO ORDERED.

Dated:  8 SEP 2023

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

---

[3] Plaintiff argues that the agreement is overbroad, ambiguous, and overreaching. He further argues that Defendant has waived the arbitration provision in its entirety. However, ambiguities, if any, in the "agreement must be resolved in favor of arbitration." See *Lamps Plus, Inc. v. Varela*, 139 S. Ct. 1407, 1418–19, (2019). Further, "a party can waive a contractual right to arbitration," and the Court "will infer waiver of the right to arbitrate if, considering the totality of the circumstances, a party acted inconsistently with the right to arbitrate." *Kawasaki Heavy Indus., Ltd. v. Bombardier Recreational Prod., Inc.*, 660 F.3d 988, 994 (7th Cir. 2011). Here, Plaintiff has not shown any evidence that Defendant has acted inconsistently with the right to arbitrate.

[4] While Plaintiff's point regarding Defendant's unexplained delay in filing its motion to compel arbitration is well-taken, Plaintiff's Motion to Proceed with Case Management Plan [Dkt. 27] is **DENIED AS MOOT** in light of this ruling.

Distribution:

Service will be made electronically
on all ECF-registered counsel of record
via email generated by the Court's ECF system.

JOEY KIMBROUGH
1712 Candy Court South
Kokomo, IN 46902