

# UNITED STATES DISTRICT COURT
## Southern District of Indiana

**Roger A. G. Sharpe, Clerk of Court**

| | | | |
|---|---|---|---|
| Birch Bayh Federal Building & U.S. Courthouse, Room 105 46 East Ohio Street Indianapolis, IN 46204 (317) 229-3700 | U.S. Courthouse, Room 104 921 Ohio Street Terre Haute, IN 47807 (812) 231-1840 | Winfield K. Denton Federal Building & U. S. Courthouse, Room 304 101 NW Martin Luther King Blvd. Evansville, IN 47708 (812) 434-6410 | Lee H. Hamilton Federal Building & U.S. Courthouse, Room 210 121 West Spring Street New Albany, IN 47150 (812) 542-4510 |

October 3, 2023

JOEY KIMBROUGH
1712 Candy Court South
Kokomo, IN 46902

Brian Charles Frontino
Morgan, Lewis & Bockius LLP
600 Brickell Avenue
Suite1600
Miami, FL 33131


RE:  JOEY KIMBROUGH v. AMERICAN EXPRESS COMPANY, aka AMERICAN EXPRESS NATIONAL BANK

CAUSE NO:  1:22-cv-01993-TWP-MJD

Dear Appellant and Appellee:

Please be advised that the Notice of Appeal filed in 1:22-cv-01993-TWP-MJD has been forwarded to the United States Court of Appeals for the Seventh Circuit. The Clerk of the Seventh Circuit will assign an appellate case number, docket the appeal, and notify case participants of the Seventh Circuit case number assigned to this matter.


Please review Seventh Circuit Rule 10 (enclosed) for guidance regarding record preparation.

Please contact the Clerk's office with any questions or concerns.

Sincerely,
Roger A. G. Sharpe
Clerk of Court

By Karen Angermeier, Deputy Clerk
8122311842

## Selected Rules for Reference

**CIRCUIT RULE 10. Preparation and Accessibility of Record in District Court Appeals**

**(a) Record Preparation Duties.**

**(1) Within 14 days of filing the notice of appeal the district court must ensure the district court docket is complete and made available electronically to the court of appeals.**

**(2) The clerk of the district court must prepare and hold any confidential record or exhibit not available electronically on the district court docket until requested by the court of appeals.**

**(3) Counsel must ensure, within 21 days of filing the notice of appeal, that all electronic and non electronic documents necessary for review on appeal are on the district court docket.**

(b) *Correction or Modification of Record.* A motion to correct or modify the record pursuant to Rule 10(e), Fed. R. App. P., or a motion to strike matter from the record on the ground that it is not properly a part thereof must be presented first to the district court. That court's order ruling on the motion must be included as part of the record and a notice of the order must be sent to the court of appeals.

(c) *Order or Certification with Regard to Transcript.* Counsel and court reporters are to utilize the form prescribed by this court when ordering transcripts or certifying that none will be ordered. For specific requirements, see Rules 10(b) and 11(b), Fed. R. App. P.

(d) *Ordering Transcripts in Criminal Cases.*

(1) *Transcripts in Criminal Justice Act Cases.* At the time of the return of a verdict of guilty or, in the case of a bench trial, an adjudication of guilt in a criminal case in which the defendant is represented by counsel appointed under the Criminal Justice Act (C.J.A.), counsel for the defendant must request a transcript of testimony and other relevant proceedings by completing a C.J.A. Form No. 24 and giving it to the district judge. If the district judge believes an appeal is probable, the judge must order transcribed so much of the proceedings as the judge believes necessary for an appeal. The transcript must be filed with the clerk of the district court within 40 days after the return of a verdict of guilty or, in the case of a bench trial, the adjudication of guilt or within seven days after sentencing, whichever occurs later. If the district judge decides not to order the transcript at that time, the judge must retain the C.J.A. Form No. 24 without ruling. If a notice of appeal is filed later, appointed counsel or counsel for a defendant allowed after trial to proceed on appeal in forma pauperis must immediately notify the district judge of the filing of a notice of appeal and file or renew the request made on C.J.A. Form No. 24 for a free transcript.

(2) *Transcripts in Other Criminal Cases.* Within 14 days after filing the notice of appeal in other criminal cases, the appellant or appellant's counsel must deposit with the court reporter the estimated cost of the transcript ordered pursuant to Rule 10(b), Fed. R. App. P., unless the district court orders that the transcript be paid for by the United States. A non-indigent appellant must pay a pro rata share of the cost of a transcript prepared at the request of an indigent co-defendant under the Criminal Justice Act unless the district court determines that fairness requires a different division of the cost. Failure to comply with this paragraph will be cause for dismissal of the appeal.

(e) *Indexing of Transcript.* The transcript of proceedings to be part of the record on appeal (and any copies prepared for the use of the court or counsel in the case on appeal) must be bound by the reporter, with the pages consecutively numbered throughout. The transcript of proceedings must contain a suitable index, as well as the following information:

(1) An alphabetical list of witnesses, giving the pages on which the direct and each other examination of each witness begins.

(2) A list of exhibits by number, with a brief description of each exhibit indicating the nature of its contents, and with a reference to the pages of the transcript where each exhibit has been identified, offered, and received or rejected.

(3) A list of other significant portions of the trial such as opening statements, arguments to the jury, and instructions, with a reference to the page where each begins.

When the record includes transcripts of more than one trial or other distinct proceeding, and it would be cumbersome to apply this paragraph to all the transcripts taken together as one, the rule may be applied separately to each transcript of one trial or other distinct proceeding.

(f) *Presentence Reports*. The presentence report is part of the record on appeal in every criminal case. The district court must maintain this report under seal, unless it has already been placed in the public record in the district court. If the report is under seal, the report may not be included in the appendix to the brief or the separate appendix under Fed. R. App. P. 30 and Circuit Rule 30. Counsel of record may review the presentence report but may not review the probation officer's written comments and any other portion submitted in camera to the trial judge.

(g) *Effect of Omissions from the Record on Appeal*. When a party's argument is countered by a contention of waiver for failure to raise the point in the trial court or before an agency, the party opposing the waiver contention must give the record cite where the point was asserted and also ensure that the record before the court of appeals contains the relevant document or transcript.

NOTE:   The complete Federal Rules of Appellate Procedure & Rules of the 7th Circuit Court of Appeals are available at:  http://www.ca7.uscourts.gov/Rules/Rules/rules.pdf



# UNITED STATES DISTRICT COURT
## Southern District of Indiana

**Roger A. G. Sharpe, Clerk of Court**

| Birch Bayh Federal Building | U.S. Courthouse, Room 104 | Winfield K. Denton Federal Building | Lee H. Hamilton Federal Building |
|---|---|---|---|
| & U.S. Courthouse, Room 105 | 921 Ohio Street | & U. S. Courthouse, Room 304 | & U.S. Courthouse, Room 210 |
| 46 East Ohio Street | Terre Haute, IN 47807 | 101 NW Martin Luther King Blvd. | 121 West Spring Street |
| Indianapolis, IN  46204 | (812) 231-1840 | Evansville, IN 47708 | New Albany, IN 47150 |
| (317) 229-3700 | | (812) 434-6410 | (812) 542-4510 |

October 3, 2023

RE:  JOEY KIMBROUGH v. AMERICAN EXPRESS COMPANY, aka AMERICAN EXPRESS NATIONAL BANK

CAUSE NO:  1:22-cv-01993-TWP-MJD

Dear Appellant:

A Notice of Appeal was filed in the above case on October 03, 2023. However, a "Docketing Statement" was <u>not</u> <u>filed</u> along with the Notice of Appeal, as required by <u>Circuit Rule 3(c)</u> of the U.S. Court of Appeals for the Seventh Circuit. A copy of the rule is attached for reference.

Pursuant to the Seventh Circuit Rule 3(c), the appellant must serve on all parties a docketing statement and file said statement with the Clerk of the Seventh Circuit within seven (7) days of the filing of the Notice of Appeal.

<u>IMPORTANT</u>: Please do not submit the docketing statement to the U.S. District Court. The docketing statement must be filed electronically with the Seventh Circuit pursuant to Circuit Rule 25.  If the appellant is proceeding pro se, then the docketing statement should be filed on paper by mailing the same to the address below:

> Christopher Conway, Clerk
> United States Court of Appeals
> 219 South Dearborn Street, Suite 2722
> Chicago, IL 60604

Please contact the Clerk's office with any questions or concerns.

> Sincerely,
> Roger A. G. Sharpe,
> Clerk of Court
>
> By Karen Angermeier, Deputy Clerk

# Selected Rules for Reference

CIRCUIT RULE 3. Notice of Appeal, Docketing Fee, Docketing Statement, and Designation of Counsel of Record

(a) *Forwarding Copy of Notice of Appeal*. When the clerk of the district court sends to the clerk of this court a copy of the notice of appeal, the district court clerk shall include any docketing statement. In civil cases the clerk of the district court shall include the judgments or orders under review, any transcribed oral statement of reasons, opinion, memorandum of decision, findings of fact, and conclusions of law. The clerk of the district court shall also complete and include the Seventh Circuit Appeal Information Sheet in the form prescribed by this court.

(b) *Dismissal of Appeal for Failure to Pay Docketing Fee*. If a proceeding is docketed without prepayment of the docketing fee, the appellant shall pay the fee within 14 days after docketing. If the appellant fails to do so, the clerk is authorized to dismiss the appeal.

(c)(1) *Docketing Statement*. The appellant must serve on all parties a docketing statement and file it with the clerk of the district court at the time of the filing of the notice of appeal or with the clerk of this court within seven days of filing the notice of appeal. The docketing statement must comply with the requirements of Circuit Rule 28(a). If there have been prior or related appellate proceedings in the case, or if the party believes that the earlier appellate proceedings are sufficiently related to the new appeal, the statement must identify these proceedings by caption and number. The statement also must describe any prior litigation in the district court that, although not appealed, (a) arises out of the same criminal conviction, or (b) has been designated by the district court as satisfying the criteria of 28 U.S.C. §1915(g). If any of the parties to the litigation appears in an official capacity, the statement must identify the current occupant of the office. The docketing statement in a collateral attack on a criminal conviction must identify the prisoner's current place of confinement and its current warden; if the prisoner has been released, the statement must describe the nature of any ongoing custody (such as supervised release) and identify the custodian. If the docketing statement is not complete and correct, the appellee must provide a complete one to the court of appeals clerk within 14 days after the date of the filing of the appellant's docketing statement.

(2) Failure to file the docketing statement within 14 days of the filing of the notice of appeal will lead to the imposition of a $100 fine on counsel. Failure to file the statement within 28 days of the filing of the notice of appeal will be treated as abandonment of the appeal, and the appeal will be dismissed. When the appeal is docketed, the court will remind the litigants of these provisions.

(d) *Counsel of Record*. The attorney whose name appears on the docketing statement or other document first filed by that party in this court will be deemed counsel of record, and a separate notice of appearance need not be filed. If the name of more than one attorney is shown, the attorney who is counsel of record must be clearly identified. (There can be only one counsel of record.) If no attorney is so identified, the court will treat the first listed as counsel of record. The court will send documents only to the counsel of record for each party, who is responsible for transmitting them to other lawyers for the same party. The docketing statement or other document must provide the post office address and telephone number of counsel of record. The names of other members of the Bar of this Court and, if desired, their post office addresses, may be added but counsel of record must be clearly identified. An attorney representing a party who will not be filing a document shall enter a separate notice of appearance as counsel of record indicating the name of the party represented. Counsel of record may not withdraw, without consent of the court, unless another counsel of record is simultaneously substituted.

NOTE:   The complete Federal Rules of Appellate Procedure & Rules of the 7th Circuit Court of Appeals are available at: http://www.ca7.uscourts.gov/Rules/Rules/rules.pdf

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT of INDIANA
Indianapolis Division

<div style="border: 2px solid red;">

**FILED**

**10/01/2023**

**U.S. DISTRICT COURT**
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

</div>

JOEY KIMBROUGH,

           Plaintiff,

   v.

AMERICAN EXPRESS COMPANY AKA
AMERICAN EXPRESS NATIONAL
BANK;

and

TRANS UNION LLC (*settled and dismissed*)

          Defendants.

**Case No. 1:22-cv-1993-TWP-MJD**

Honorable Tanya Walton Pratt
Magistrate Judge Mark J. Dinsmore

<u>**NOTICE OF INTENT TO APPEAL**</u>

COMES NOW Plaintiff Joey Kimbrough, and hereby submits this Notice of Intent to Appeal to the Seventh Circuit Court:

**Introduction**: The Plaintiff, Joey Kimbrough, formally notifies the Court and all parties involved of the intent to appeal the Court's Order dated 9/8/2023, which GRANTED the Defendant's Motion to Compel Arbitration.

**Basis for Appeal**: The Plaintiff believes that the Order issued by the Court on 9/8/2023 contains legal and procedural errors that warrant review and redress by the Seventh Circuit Court of Appeals. Specifically, these errors encompass the concerns and arguments presented in the

"Plaintiff's Objection to Court's Ruling GRANTING Defendant's Motion to Compel dated 9/8/2023" and the "Motion for Reconsideration" based on said Objection.

**Grounds for Appeal**: The Plaintiff contends that the Order:

- Overlooked or disregarded key issues, especially the Defendant's inconsistent behavior regarding the right to arbitrate, as evidenced by the initiation of litigation by AMEX in State Court (*American Express National Bank v Joey Kimbrough* 34D04-2112-CC-003201).

- Failed to adequately weigh the veracity, relevance, and weight of the Declaration of Keith Herr, upon which the Defendant heavily relied.

- Did not consider the Plaintiff's arguments regarding the absence of a mutual agreement to arbitrate, as supported by relevant Seventh Circuit case law, notably *Tinder v. Pinkerton Security*, 305 F.3d 728 (7th Cir. 2002).

**Conclusion**: The Plaintiff remains committed to seeking a just resolution and believes that an appeal to the Seventh Circuit Court of Appeals is both necessary and appropriate given the circumstances. This notice serves as the formal declaration of the Plaintiff's intent to challenge the Court's decision and to pursue all available legal remedies in the appellate court.

Respectfully Submitted,

/s/ *Joey Kimbrough*
Joey Kimbrough, Plaintiff, Pro Se
1712 Candy Court South
Kokomo, IN 46902
(765) 437-8451
joeykokomo2002@yahoo.com

## **Certificate of Service**

I hereby certify that on September 29th, 2023, I electronically filed the foregoing with the Clerk of the Court by email with attachments as is required by the Court. Service was made on counsel by email:

**Distribution:**
All ECF-registered counsel of record via email

Respectfully Submitted,
/s/ *Joey Kimbrough*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOEY KIMBROUGH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-01993-TWP-MJD |
| | ) | |
| AMERICAN EXPRESS COMPANY, aka | ) | |
| AMERICAN EXPRESS NATIONAL BANK, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON MOTION TO COMPEL ARBITRATION**

This matter is before the Court on Defendant's Motion to Compel Arbitration. [Dkt. 29.]
For the reasons set forth below, the motion is **GRANTED**.

## I.       Background

Joey Kimbrough, Pro Se Plaintiff ("Plaintiff"), alleges violations by American Express

Company ("Defendant") of the Fair Credit Reporting Act ("FCRA"). Plaintiff had multiple

accounts through American Express: (1) Hilton Honors Card ending in 61004; (2) Platinum

Delta SkyMiles Business Card ending in 61007; (3) Business Platinum Card ending in 71005; (4)

Hilton Honors Ascend Card ending in 01002; and (5) Platinum Delta SkyMiles Business Card

ending in 41007 (collectively, the "Accounts"). Some of the Accounts were used as personal

accounts, while others were used for Plaintiff's businesses. Plaintiff alleges that Defendant failed

to properly investigate Plaintiff's disputes regarding inaccuracies, which damaged Plaintiff's

creditworthiness.

## II.    Discussion

In the instant motion Defendant, seeks to compel arbitration of Plaintiff's claims pursuant

to the Arbitration Agreement in the American Express cardholder agreements (the

"Agreements") that apply to Plaintiff's accounts. The Agreements provide, in relevant part:

**Governing Law**

> Utah law and federal law govern this Agreement and your Account. They govern
> without regard to internal principles of conflicts of law. We are located in Utah.
> We hold your account in Utah. We entered into this agreement with you in Utah.

**Claims Resolution**

> . . . You may reject the arbitration provision by sending us written notice within
> 45 days after your first card purchase. See Your Right to Reject Arbitration below.
> For this section, you and us includes any corporate parents, subsidiaries, affiliates
> or related persons or entities. Claim means any current or future claim, dispute or
> controversy relating to your Account(s), this Agreement, or any agreement or
> relationship you have or had with us, except for the validity, enforceability or
> scope of the Arbitration provision. Claim includes but is not limited to: (1) initial
> claims, counterclaims, crossclaims and third-party claims; (2) claims based upon
> contract, tort, fraud, statute, regulation, common law and equity; (3) claims by or
> against any third party using or providing any product, service or benefit in
> connection with any account; and (4) claims that arise from or relate to (a) any
> account created under any of the agreements, or any balances on any such account,
> (b) advertisements, promotions or statements related to any accounts, goods or
> services financed under any accounts or terms of financing, (c) benefits and
> services related to card membership (including fee-based or free benefit programs,
> enrollment services and rewards programs) and (d) your application for any
> account . . .

**Arbitration**

> You or we may elect to resolve any claim by individual arbitration. Claims are
> decided by a neutral arbitrator. If arbitration is chosen by any party, neither you
> nor we will have the right to litigate that claim in court or have a jury trial on that
> claim. Further, you and we will not have the right to participate in a representative
> capacity or as a member of any class pertaining to any claim subject to arbitration.
> Arbitration procedures are generally simpler than the rules that apply in court, and
> discovery is more limited. The arbitrator's decisions are as enforceable as any
> court order and are subject to very limited review by a court. Except as set forth
> below, the arbitrator's decision will be final and binding. Other rights you or we
> would have in court may also not be available in arbitration.

**Initiating Arbitration**

> . . . You or we may otherwise elect to arbitrate any claim at any time unless it has been filed in court and trial has begun or final judgment has been entered. . .

**Continuation**

> This section will survive termination of your Account . . .

[Dkt 30-2.]

### A.  Governing Law

As Defendant points out, Utah law governs whether there is a valid arbitration agreement, while the FAA will govern the enforceability of the agreement. This is because Utah governs the agreement.[1] Under the Utah Code[2],

> A credit agreement is binding and enforceable . . . if: (i) the debtor is provided with a written copy of the terms of the agreement; (ii) the agreement provides that any use of the credit offered shall constitute acceptance of those terms; and (iii) after the debtor receives the agreement, the debtor, or a person authorized by the debtor, requests funds pursuant to the credit agreement or otherwise uses the credit offered.

Utah Code Ann. § 25-5-4(2)(e). Here, Plaintiff was provided with a written copy of the terms of the Agreements when he received his American Express credit cards upon opening the Accounts.

---

1 Plaintiff points to Indiana law to suggest the unenforceability of the agreement; however, Utah law will apply to decide whether there is a valid arbitration agreement. *See Hoopes v. Gulf Stream Coach, Inc.*, 2012 WL 1029352, at *4 (N.D. Ind. Mar. 26, 2012) (applying choice of law provisions in arbitration agreement stating that Michigan law applies to disputes between the parties).

2 Even if Indiana law were applied, as urged by Plaintiff, the result would be the same. "On application of a party showing an agreement described in section 1 of this chapter, and the opposing party's refusal to arbitrate, the court shall order the parties to proceed with arbitration. Ten (10) days notice in writing of the hearing of such application shall be served personally upon the party in default. If the opposing party denies the existence of the agreement to arbitrate, the court shall proceed summarily to the determination of the issue raised without further pleading and shall order arbitration if found for the moving party; otherwise, the application shall be denied." IN Code § 34-57-2-3 (2022).

[Dkt. 30 at 4.] Further, the Agreements stated that use of the credit cards constituted acceptance of the terms, and Plaintiff continued to use the cards. Plaintiff argues that the "take it or leave it" style contract is procedurally and substantively unconscionable; however, Utah Code expressly allows this type of open-end credit agreement. *See* Utah Code Ann. § 70C-4-102(2)(b). Accordingly, under Utah law, the agreements are valid.

### B. Enforceability

"A court must compel arbitration under the FAA when: (1) a valid agreement to arbitrate exists; (2) the dispute falls within the scope of that agreement; and (3) the plaintiff has refused to proceed to arbitration in accordance with the arbitration agreement." *Kinkle v. Equifax Info. Servs., LLC*, 2023 WL4105804, at *1 (S.D. Ind. June 21, 2023) (citing *Zurich Am. Ins. Co. v. Watts Indus., Inc.*, 466 F.3d 577, 580 (7th Cir. 2006).

Here, the Agreements are valid under Utah law. Further, Plaintiff did not exercise his option to reject the Agreements. Plaintiff argues that he did not receive notice of the terms or have the opportunity to understand the full implications of agreeing to the terms. However, Plaintiff did receive notice of the terms, as he received them in writing, and the Agreements very clearly state that Plaintiff could have rejected the terms within 45 days of his first card purchase. "[M]ere inequality in bargaining . . . is not a sufficient reason to hold that arbitration agreements are never enforceable." *Twist v. Arbusto*, 2006 WL 1547083, at *9 (S.D. Ind. June 2, 2006) (citing *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 32 (1991)). Like in *Twist*, the arbitration provisions here were not buried or hidden in the Agreement. Plaintiff simply did not exercise his option to reject them.

Plaintiff further argues that the scope of the Agreements does not cover the present dispute. However, the Agreements clearly state that "claim means any current or future claim,

**dispute or controversy relating to your Accounts(s),** this Agreement, or any agreement or relationship you have or had with us, except for the validity, enforceability or scope of the Arbitration provision." [Dkt. 30-2.] Plaintiff's entire argument in this case is that Defendant failed to adequately investigate Plaintiff's disputes. As such, the scope of the agreements covers the dispute.[3] Accordingly, under the FAA, the Court must compel arbitration.

### III.    Conclusion

For the reasons set forth above, Defendant's Motion to Compel Arbitration, [Dkt. 29] is **GRANTED**.[4]

Defendant shall file a Notice setting forth the status of the arbitration proceedings on or before **January 5, 2024, and every thirty days thereafter**.

SO ORDERED.

Dated:  8 SEP 2023

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

---

3 Plaintiff argues that the agreement is overbroad, ambiguous, and overreaching. He further argues that Defendant has waived the arbitration provision in its entirety. However, ambiguities, if any, in the "agreement must be resolved in favor of arbitration." *See Lamps Plus, Inc. v. Varela*, 139 S. Ct. 1407, 1418–19, (2019). Further, "a party can waive a contractual right to arbitration," and the Court "will infer waiver of the right to arbitrate if, considering the totality of the circumstances, a party acted inconsistently with the right to arbitrate." *Kawasaki Heavy Indus., Ltd. v. Bombardier Recreational Prod., Inc.*, 660 F.3d 988, 994 (7th Cir. 2011). Here, Plaintiff has not shown any evidence that Defendant has acted inconsistently with the right to arbitrate.

4 While Plaintiff's point regarding Defendant's unexplained delay in filing its motion to compel arbitration is well-taken, Plaintiff's Motion to Proceed with Case Management Plan [Dkt. 27] is **DENIED AS MOOT** in light of this ruling.

Distribution:

Service will be made electronically
on all ECF-registered counsel of record
via email generated by the Court's ECF system.

JOEY KIMBROUGH
1712 Candy Court South
Kokomo, IN 46902

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT of INDIANA
Indianapolis Division

**FILED**

**10/01/2023**

**U.S. DISTRICT COURT**
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

JOEY KIMBROUGH,

      Plaintiff,

   v.

AMERICAN EXPRESS COMPANY AKA
AMERICAN EXPRESS NATIONAL
BANK;

and

TRANS UNION LLC (*settled and dismissed*)

      Defendants.

**Case No. 1:22-cv-1993-TWP-MJD**

Honorable Tanya Walton Pratt
Magistrate Judge Mark J. Dinsmore

<u>**NOTICE OF INTENT TO APPEAL**</u>

    COMES NOW Plaintiff Joey Kimbrough, and hereby submits this Notice of Intent to

Appeal to the Seventh Circuit Court:

    **Introduction**: The Plaintiff, Joey Kimbrough, formally notifies the Court and all parties

involved of the intent to appeal the Court's Order dated 9/8/2023, which GRANTED the

Defendant's Motion to Compel Arbitration.

    **Basis for Appeal**: The Plaintiff believes that the Order issued by the Court on 9/8/2023

contains legal and procedural errors that warrant review and redress by the Seventh Circuit Court

of Appeals. Specifically, these errors encompass the concerns and arguments presented in the

"Plaintiff's Objection to Court's Ruling GRANTING Defendant's Motion to Compel dated 9/8/2023" and the "Motion for Reconsideration" based on said Objection.

**Grounds for Appeal**: The Plaintiff contends that the Order:

- Overlooked or disregarded key issues, especially the Defendant's inconsistent behavior regarding the right to arbitrate, as evidenced by the initiation of litigation by AMEX in State Court (*American Express National Bank v Joey Kimbrough* 34D04-2112-CC-003201).
- Failed to adequately weigh the veracity, relevance, and weight of the Declaration of Keith Herr, upon which the Defendant heavily relied.
- Did not consider the Plaintiff's arguments regarding the absence of a mutual agreement to arbitrate, as supported by relevant Seventh Circuit case law, notably *Tinder v. Pinkerton Security*, 305 F.3d 728 (7th Cir. 2002).

**Conclusion**: The Plaintiff remains committed to seeking a just resolution and believes that an appeal to the Seventh Circuit Court of Appeals is both necessary and appropriate given the circumstances. This notice serves as the formal declaration of the Plaintiff's intent to challenge the Court's decision and to pursue all available legal remedies in the appellate court.

Respectfully Submitted,

/s/ *Joey Kimbrough*
Joey Kimbrough, Plaintiff, Pro Se
1712 Candy Court South
Kokomo, IN 46902
(765) 437-8451
joeykokomo2002@yahoo.com

**<u>Certificate of Service</u>**

I hereby certify that on September 29th, 2023, I electronically filed the foregoing with the Clerk of the Court by email with attachments as is required by the Court. Service was made on counsel by email:

**Distribution:**
All ECF-registered counsel of record via email

Respectfully Submitted,
/s/ *Joey Kimbrough*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOEY KIMBROUGH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-01993-TWP-MJD |
| | ) | |
| AMERICAN EXPRESS COMPANY, aka | ) | |
| AMERICAN EXPRESS NATIONAL BANK, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ON MOTION TO COMPEL ARBITRATION

This matter is before the Court on Defendant's Motion to Compel Arbitration. [Dkt. 29.]

For the reasons set forth below, the motion is **GRANTED**.

### I.    Background

Joey Kimbrough, Pro Se Plaintiff ("Plaintiff"), alleges violations by American Express

Company ("Defendant") of the Fair Credit Reporting Act ("FCRA"). Plaintiff had multiple

accounts through American Express: (1) Hilton Honors Card ending in 61004; (2) Platinum

Delta SkyMiles Business Card ending in 61007; (3) Business Platinum Card ending in 71005; (4)

Hilton Honors Ascend Card ending in 01002; and (5) Platinum Delta SkyMiles Business Card

ending in 41007 (collectively, the "Accounts"). Some of the Accounts were used as personal

accounts, while others were used for Plaintiff's businesses. Plaintiff alleges that Defendant failed

to properly investigate Plaintiff's disputes regarding inaccuracies, which damaged Plaintiff's

creditworthiness.

## II.    Discussion

In the instant motion Defendant, seeks to compel arbitration of Plaintiff's claims pursuant to the Arbitration Agreement in the American Express cardholder agreements (the "Agreements") that apply to Plaintiff's accounts. The Agreements provide, in relevant part:

**Governing Law**

Utah law and federal law govern this Agreement and your Account. They govern without regard to internal principles of conflicts of law. We are located in Utah. We hold your account in Utah. We entered into this agreement with you in Utah.

**Claims Resolution**

. . . You may reject the arbitration provision by sending us written notice within 45 days after your first card purchase. See Your Right to Reject Arbitration below. For this section, you and us includes any corporate parents, subsidiaries, affiliates or related persons or entities. Claim means any current or future claim, dispute or controversy relating to your Account(s), this Agreement, or any agreement or relationship you have or had with us, except for the validity, enforceability or scope of the Arbitration provision. Claim includes but is not limited to: (1) initial claims, counterclaims, crossclaims and third-party claims; (2) claims based upon contract, tort, fraud, statute, regulation, common law and equity; (3) claims by or against any third party using or providing any product, service or benefit in connection with any account; and (4) claims that arise from or relate to (a) any account created under any of the agreements, or any balances on any such account, (b) advertisements, promotions or statements related to any accounts, goods or services financed under any accounts or terms of financing, (c) benefits and services related to card membership (including fee-based or free benefit programs, enrollment services and rewards programs) and (d) your application for any account . . .

**Arbitration**

You or we may elect to resolve any claim by individual arbitration. Claims are decided by a neutral arbitrator. If arbitration is chosen by any party, neither you nor we will have the right to litigate that claim in court or have a jury trial on that claim. Further, you and we will not have the right to participate in a representative capacity or as a member of any class pertaining to any claim subject to arbitration. Arbitration procedures are generally simpler than the rules that apply in court, and discovery is more limited. The arbitrator's decisions are as enforceable as any court order and are subject to very limited review by a court. Except as set forth below, the arbitrator's decision will be final and binding. Other rights you or we would have in court may also not be available in arbitration.

**Initiating Arbitration**

. . . You or we may otherwise elect to arbitrate any claim at any time unless it has been filed in court and trial has begun or final judgment has been entered. . .

**Continuation**

This section will survive termination of your Account . . .

[Dkt 30-2.]

### A. Governing Law

As Defendant points out, Utah law governs whether there is a valid arbitration agreement, while the FAA will govern the enforceability of the agreement. This is because Utah governs the agreement.[1] Under the Utah Code[2],

A credit agreement is binding and enforceable . . . if: (i) the debtor is provided with a written copy of the terms of the agreement; (ii) the agreement provides that any use of the credit offered shall constitute acceptance of those terms; and (iii) after the debtor receives the agreement, the debtor, or a person authorized by the debtor, requests funds pursuant to the credit agreement or otherwise uses the credit offered.

Utah Code Ann. § 25-5-4(2)(e). Here, Plaintiff was provided with a written copy of the terms of the Agreements when he received his American Express credit cards upon opening the Accounts.

---

1 Plaintiff points to Indiana law to suggest the unenforceability of the agreement; however, Utah law will apply to decide whether there is a valid arbitration agreement. *See Hoopes v. Gulf Stream Coach, Inc.*, 2012 WL 1029352, at *4 (N.D. Ind. Mar. 26, 2012) (applying choice of law provisions in arbitration agreement stating that Michigan law applies to disputes between the parties).

2 Even if Indiana law were applied, as urged by Plaintiff, the result would be the same. "On application of a party showing an agreement described in section 1 of this chapter, and the opposing party's refusal to arbitrate, the court shall order the parties to proceed with arbitration. Ten (10) days notice in writing of the hearing of such application shall be served personally upon the party in default. If the opposing party denies the existence of the agreement to arbitrate, the court shall proceed summarily to the determination of the issue raised without further pleading and shall order arbitration if found for the moving party; otherwise, the application shall be denied." IN Code § 34-57-2-3 (2022).

[Dkt. 30 at 4.] Further, the Agreements stated that use of the credit cards constituted acceptance of the terms, and Plaintiff continued to use the cards. Plaintiff argues that the "take it or leave it" style contract is procedurally and substantively unconscionable; however, Utah Code expressly allows this type of open-end credit agreement. *See* Utah Code Ann. § 70C-4-102(2)(b). Accordingly, under Utah law, the agreements are valid.

## B. Enforceability

"A court must compel arbitration under the FAA when: (1) a valid agreement to arbitrate exists; (2) the dispute falls within the scope of that agreement; and (3) the plaintiff has refused to proceed to arbitration in accordance with the arbitration agreement." *Kinkle v. Equifax Info. Servs., LLC*, 2023 WL4105804, at *1 (S.D. Ind. June 21, 2023) (citing *Zurich Am. Ins. Co. v. Watts Indus., Inc.*, 466 F.3d 577, 580 (7th Cir. 2006).

Here, the Agreements are valid under Utah law. Further, Plaintiff did not exercise his option to reject the Agreements. Plaintiff argues that he did not receive notice of the terms or have the opportunity to understand the full implications of agreeing to the terms. However, Plaintiff did receive notice of the terms, as he received them in writing, and the Agreements very clearly state that Plaintiff could have rejected the terms within 45 days of his first card purchase. "[M]ere inequality in bargaining . . . is not a sufficient reason to hold that arbitration agreements are never enforceable." *Twist v. Arbusto*, 2006 WL 1547083, at *9 (S.D. Ind. June 2, 2006) (citing *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 32 (1991)). Like in *Twist*, the arbitration provisions here were not buried or hidden in the Agreement. Plaintiff simply did not exercise his option to reject them.

Plaintiff further argues that the scope of the Agreements does not cover the present dispute. However, the Agreements clearly state that "claim means any current or future claim,

**dispute or controversy relating to your Accounts(s),** this Agreement, or any agreement or relationship you have or had with us, except for the validity, enforceability or scope of the Arbitration provision." [Dkt. 30-2.] Plaintiff's entire argument in this case is that Defendant failed to adequately investigate Plaintiff's disputes. As such, the scope of the agreements covers the dispute.[3] Accordingly, under the FAA, the Court must compel arbitration.

### III.    Conclusion

For the reasons set forth above, Defendant's Motion to Compel Arbitration, [Dkt. 29] is **GRANTED**.[4]

Defendant shall file a Notice setting forth the status of the arbitration proceedings on or before **January 5, 2024, and every thirty days thereafter**.

SO ORDERED.

Dated:  8 SEP 2023

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

---

3 Plaintiff argues that the agreement is overbroad, ambiguous, and overreaching. He further argues that Defendant has waived the arbitration provision in its entirety. However, ambiguities, if any, in the "agreement must be resolved in favor of arbitration." *See Lamps Plus, Inc. v. Varela*, 139 S. Ct. 1407, 1418–19, (2019). Further, "a party can waive a contractual right to arbitration," and the Court "will infer waiver of the right to arbitrate if, considering the totality of the circumstances, a party acted inconsistently with the right to arbitrate." *Kawasaki Heavy Indus., Ltd. v. Bombardier Recreational Prod., Inc.*, 660 F.3d 988, 994 (7th Cir. 2011). Here, Plaintiff has not shown any evidence that Defendant has acted inconsistently with the right to arbitrate.
4 While Plaintiff's point regarding Defendant's unexplained delay in filing its motion to compel arbitration is well-taken, Plaintiff's Motion to Proceed with Case Management Plan [Dkt. 27] is **DENIED AS MOOT** in light of this ruling.

Distribution:

Service will be made electronically
on all ECF-registered counsel of record
via email generated by the Court's ECF system.

JOEY KIMBROUGH
1712 Candy Court South
Kokomo, IN 46902

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOEY KIMBROUGH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:22-cv-01993-TWP-MJD |
| | ) | |
| AMERICAN EXPRESS COMPANY, aka | ) | |
| AMERICAN EXPRESS NATIONAL BANK, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER STAYING PROCEEDINGS PENDING ARBITRATION
## AND DISMISSING PENDING MOTION WITHOUT PREJUDICE

*Pro se* Plaintiff Joey Kimbrough ("Kimbrough") initiated this action alleging violations by Defendant American Express Company aka American Express National Bank ("American Express") of the Fair Credit Reporting Act (Dkt. 1). Specifically, Kimbrough had multiple accounts through American Express: (1) Hilton Honors Card ending in 61004; (2) Platinum Delta SkyMiles Business Card ending in 61007; (3) Business Platinum Card ending in 71005; (4) Hilton Honors Ascend Card ending in 01002; and (5) Platinum Delta SkyMiles Business Card ending in 41007 (collectively, "the Accounts"). Kimbrough alleges that American Express failed to properly investigate his disputes regarding inaccuracies, which damaged his creditworthiness. *Id.* Kimbrough filed a Motion for Summary Judgment on May 31, 2023 (Dkt. 20), and thereafter, the Court granted American Express' unopposed motion for an extension of time to respond to Kimbrough's summary judgment motion until such time as the Court has ruled on the issue of whether Plaintiff is required to arbitrate this dispute. (Dkt. 26).

The Court has recently determined that it must compel arbitration of Kimbrough's claims pursuant to the Arbitration Agreement in the American Express cardholder agreements. (Dkt. 49.)

Within its Motion to Compel Arbitration, American Express requested a stay of these proceedings until the completion of arbitration.  (Dkt. 30 at 1.)  That request is **granted** and all proceedings in this case are **STAYED**.  Kimbrough's Motion for Summary Judgment (Dkt. 20) is **DISMISSED without prejudice** and he may refile it, if appropriate once the stay is lifted.

The Court notes that American Express is directed to file a Notice setting forth the status of the arbitration proceedings on or before **Friday, January 5, 2024, and every thirty (30) days thereafter**.  (Dkt. 49 at 5.)

**SO ORDERED.**

Date:   9/12/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Joey Kimbrough
1712 Candy Court South
Kokomo, Indiana 46902

Adam Hoock
STEPTOE & JOHNSON LLP
ahoock@steptoe.com

Brian Charles Frontino
MORGAN, LEWIS & BOCKIUS LLP
brian.frontino@morganlewis.com

Stephen J. Newman
STEPTOE & JOHNSON LLP
snewman@steptoe.com

2

# *** PUBLIC DOCKET ***

APPEAL

## U.S. District Court
## Southern District of Indiana (Indianapolis)
## CIVIL DOCKET FOR CASE #: 1:22-cv-01993-TWP-MJD

| | |
|---|---|
| KIMBROUGH v. AMERICAN EXPRESS COMPANY, aka AMERICAN EXPRESS NATIONAL BANK et al | Date Filed: 10/07/2022 |
| Assigned to: Judge Tanya Walton Pratt | Jury Demand: Plaintiff |
| Referred to: Magistrate Judge Mark J. Dinsmore | Nature of Suit: 480 Consumer Credit |
| Cause: 15:1681 Fair Credit Reporting Act | Jurisdiction: Federal Question |

**Plaintiff**

**JOEY KIMBROUGH**                    represented by    **JOEY KIMBROUGH**
1712 Candy Court South
Kokomo, IN 46902
(765) 437-8451
PRO SE

V.

**Defendant**

**AMERICAN EXPRESS**                  represented by    **Adam Hoock**
**COMPANY, aka AMERICAN**                              Steptoe & Johnson LLP
**EXPRESS NATIONAL BANK**                              2029 Century Park East
                                                       18th Floor
                                                       Los Angeles, CA 90067
                                                       213-439-9426
                                                       Fax: 213-439-9599
                                                       Email: ahoock@Steptoe.com
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Brian Charles Frontino**
                                                       Morgan, Lewis & Bockius LLP
                                                       600 Brickell Avenue
                                                       Suite1600
                                                       33131
                                                       Miami, FL 33131

305-415-3313
Fax: 305-415-3001
Email:
brian.frontino@morganlewis.com
*ATTORNEY TO BE NOTICED*

**Stephen J. Newman**
Steptoe & Johnson LLP
2029 Century Park East
Los Angeles, CA 90067
213-439-9400
Email: snewman@steptoe.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/07/2022 | 1 | COMPLAINT against AMERICAN EXPRESS COMPANY, aka AMERICAN EXPRESS NATIONAL BANK, and TRANS UNION LLC, filed by JOEY KIMBROUGH. (Filing fee $402, receipt number 2047) (Attachments: # 1 Civil Cover Sheet, # 2 Proposed Summons)(DJH) (Entered: 10/11/2022) |
| 10/11/2022 | 2 | Summons Issued as to AMERICAN EXPRESS COMPANY, aka AMERICAN EXPRESS NATIONAL BANK, and TRANS UNION LLC. (DJH) (Entered: 10/11/2022) |
| 10/11/2022 | 3 | MAGISTRATE JUDGE's NOTICE of Availability to Exercise Jurisdiction issued. (DJH) (Entered: 10/11/2022) |
| 10/11/2022 | 5 | CONSENT to Jurisdiction to US Magistrate Judge by JOEY KIMBROUGH. (AKH) (Entered: 10/12/2022) |
| 10/12/2022 | 4 | NOTICE to Pro se Litigant - The following information is provided to pro se litigants to inform them about rules and procedures governing how they communicate with the Court. (AKH) (Entered: 10/12/2022) |
| 10/20/2022 | 6 | RETURN of Service by CMRRR filed by JOEY KIMBROUGH. AMERICAN EXPRESS COMPANY, aka AMERICAN EXPRESS NATIONAL BANK served on 10/17/2022, TRANS UNION LLC served on 10/17/2022. (AKH) (Main Document 6 replaced on 10/21/2022) (AKH). (Additional attachment(s) added on 10/21/2022: # 1 Affidavit of Service - American Express, # 2 Affidavit of Service TransUnion) (AKH). (Entered: 10/21/2022) |
| 10/21/2022 | 7 | STIPULATION of Dismissal, as to Defendant TRANS UNION LLC, filed by JOEY KIMBROUGH. (Attachments: # 1 Text of Proposed Order)(AKH) (Entered: 10/21/2022) |

| 10/24/2022 | 8 | ORDER OF DISMISSAL - COME NOW Plaintiff Joey Kimbrough and Defendant Trans Union LLC, by Kimbrough, Pro Se, and Trans Union through respective counsel, and filed a Stipulation of Dismissal of this cause of action as to Trans Union ONLY, with each party to pay its own attorney fees and costs. And the Court, having considered said Stipulation and being fully advised in the premises, now finds the Stipulation of Dismissal should be and hereby is, APPROVED. TRANS UNION LLC terminated. (See Order). Copies sent pursuant to distribution list. Signed by Judge Tanya Walton Pratt on 10/24/2022.(AKH) (Entered: 10/24/2022) |
|---|---|---|
| 11/12/2022 | 9 | MOTION for Entry of Default and Motion for Entry of Judgment, filed by Plaintiff JOEY KIMBROUGH. (Attachments: # 1 Exhibit A - Affidavit, # 2 Text of Proposed Order)(AKH) (Entered: 11/14/2022) |
| 11/30/2022 | 10 | NOTICE of Service, filed by Plaintiff JOEY KIMBROUGH (Attachments: # 1 Exhibit A) (AKH) Modified on 12/20/2022 - fixed date filed (AKH). (Entered: 12/01/2022) |
| 12/13/2022 | 11 | ANSWER to 1 Complaint , filed by AMERICAN EXPRESS COMPANY, aka AMERICAN EXPRESS NATIONAL BANK.(Frontino, Brian) (Entered: 12/13/2022) |
| 12/13/2022 | 12 | Rule 7.1 Disclosure Statement by AMERICAN EXPRESS COMPANY, aka AMERICAN EXPRESS NATIONAL BANK identifying Corporate Parent AMERICAN EXPRESS COMPANY, Corporate Parent American Express Travel Related Services Company, Inc. for AMERICAN EXPRESS COMPANY, aka AMERICAN EXPRESS NATIONAL BANK.. (Frontino, Brian) (Entered: 12/13/2022) |
| 12/16/2022 | 13 | MOTION to Strike 11 Defendant's Unauthorized Answer to Plaintiff's Complaint, filed by Plaintiff JOEY KIMBROUGH. (Attachments: # 1 Text of Proposed Order)(AKH) (Entered: 12/19/2022) |
| 12/23/2022 | 14 | RESPONSE in Opposition re 9 MOTION *for Entry of Default and Motion for Entry of Judgment*, filed by Defendant AMERICAN EXPRESS COMPANY, aka AMERICAN EXPRESS NATIONAL BANK. (Frontino, Brian) (Entered: 12/23/2022) |
| 12/27/2022 | 15 | NOTICE of Appearance by Brian Charles Frontino on behalf of Defendant AMERICAN EXPRESS COMPANY, aka AMERICAN EXPRESS NATIONAL BANK. (Frontino, Brian) (Entered: 12/27/2022) |
| 12/30/2022 | 16 | RESPONSE in Opposition re 13 MOTION to Strike 11 Answer to Complaint , filed by Defendant AMERICAN EXPRESS COMPANY, aka AMERICAN EXPRESS NATIONAL BANK. (Frontino, Brian) (Entered: 12/30/2022) |

| 04/12/2023 | 17 | **ORDER DENYING PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT MOTION FOR ENTRY OF JUDGMENT AND PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S UNAUTHORIZED ANSWER** - This matter is before the Court on pro se Plaintiff Joey Kimbrough's Request for Entry of Default and Motion for Entry of Judgment as to Defendant American Express Company aka American Express National Bank ("Motion for Default") (Dkt. 9 ) and his Motion to Strike Defendant's Unauthorized Answer to Plaintiff's Complaint (Dkt. 13 ). Kimbrough filed this action against the Defendants American Express Company a/k/a American Express National Bank's and Trans Union LLC alleging certain violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq., (Dkt. 1 ). The Court DENIES Kimbrough's Request for Entry of Default and Motion for Entry of Judgment as to Defendant American Express Company aka American Express National Bank (Dkt. 9 ), and DENIES his Motion to Strike Defendant's Unauthorized Answer to Plaintiff's Complaint (Dkt. 13 ). Copies sent pursuant to distribution list. (See Order). Signed by Judge Tanya Walton Pratt on 4/12/2023. (AKH) (Entered: 04/12/2023) |
| 05/06/2023 | 18 | MOTION to Set Scheduling Conference and Accept Proposed Case Management Plan, filed by Plaintiff JOEY KIMBROUGH. (Attachments: # 1 Text of Proposed Order) (JSR) (Entered: 05/08/2023) |
| 05/26/2023 | 19 | ORDER SETTING PRETRIAL SCHEDULE AND DISCUSSING DISCOVERY IN PRISONER LITIGATION: This Order sets the schedule for how this action shall proceed. Part I sets forth the pretrial deadlines. Part II discusses various aspects of discovery. Facilitating the discovery process can be difficult, and this Order is issued in an effort to help explain and streamline the process for the parties. The parties should carefully read this Order. *SEE ORDER FOR ADDITIONAL INFORMATION*. Dispositive Motions due by 1/12/2024. Discovery due by 12/15/2023. Copy sent to Plaintiff via US Mail. Signed by Magistrate Judge Mark J. Dinsmore on 5/26/23.(JRB) (Entered: 05/30/2023) |
| 05/31/2023 | 20 | MOTION for Summary Judgment, filed by Plaintiff JOEY KIMBROUGH. (Attachments: # 1 Text of Proposed Order)(SWM) (Entered: 06/01/2023) |
| 05/31/2023 | 21 | MEMORANDUM in Support re 20 MOTION for Summary Judgment, filed by Plaintiff JOEY KIMBROUGH. (SWM) (Entered: 06/01/2023) |
| 05/31/2023 | 22 | AFFIDAVIT in Support re 20 MOTION for Summary Judgment, filed by Plaintiff JOEY KIMBROUGH. (SWM) (Entered: 06/01/2023) |
| 06/09/2023 | 23 | NOTICE of Appearance by Adam Hoock on behalf of Defendant AMERICAN EXPRESS COMPANY, aka AMERICAN EXPRESS NATIONAL BANK. (Hoock, Adam) (Entered: 06/09/2023) |

| 06/22/2023 | 24 | NOTICE of Appearance by Stephen J. Newman on behalf of Defendant AMERICAN EXPRESS COMPANY, aka AMERICAN EXPRESS NATIONAL BANK. (Newman, Stephen) (Entered: 06/22/2023) |
|---|---|---|
| 06/23/2023 | 25 | Unopposed MOTION for Extension of Time to File Response re 20 MOTION for Summary Judgment , filed by Defendant AMERICAN EXPRESS COMPANY, aka AMERICAN EXPRESS NATIONAL BANK. (Attachments: # 1 Text of Proposed Order)(Hoock, Adam) (Entered: 06/23/2023) |
| 06/27/2023 | 26 | ORDER granting 25 Unopposed MOTION for Extension of Time - Defendant American Express National Bank shall have an extension of time to respond to Plaintiff's Motion for Summary Judgment 20 until such time as the Court has ruled on the issue of whether Plaintiff is required to arbitrate this dispute. SEE ORDER. Copy sent to Plaintiff via US Mail. Signed by Judge Tanya Walton Pratt on 6/27/2023. (JRB) (Entered: 06/27/2023) |
| 08/02/2023 | 27 | MOTION to Proceed with Case Management Plan pursuant to Federal Rule of Civil Procedure 1, filed by Plaintiff JOEY KIMBROUGH. (Attachments: # 1 Text of Proposed Order)(SWM) (Entered: 08/03/2023) |
| 08/02/2023 | 28 | MOTION for Sanctions Against Attorney Brian Frontino and Strook & Strook & Lavan LLP pursuant to Local Rule 83-7(b)(1), filed by Plaintiff JOEY KIMBROUGH. (Attachments: # 1 Exhibit - Email, # 2 Text of Proposed Order)(SWM) (Entered: 08/03/2023) |
| 08/15/2023 | 29 | MOTION to Compel *Arbitration*, filed by Defendant AMERICAN EXPRESS COMPANY, aka AMERICAN EXPRESS NATIONAL BANK. (Hoock, Adam) (Entered: 08/15/2023) |
| 08/15/2023 | 30 | BRIEF/MEMORANDUM in Support re 29 MOTION to Compel *Arbitration* , filed by Defendant AMERICAN EXPRESS COMPANY, aka AMERICAN EXPRESS NATIONAL BANK. (Attachments: # 1 Declaration of Keith Herr, # 2 Exhibit A1-A5, # 3 Exhibit B1-B5)(Hoock, Adam) (Entered: 08/15/2023) |
| 08/16/2023 | 31 | RESPONSE in Opposition re 27 MOTION *to Proceed with Case Management Plan*, filed by Defendant AMERICAN EXPRESS COMPANY, aka AMERICAN EXPRESS NATIONAL BANK. (Hoock, Adam) (Entered: 08/16/2023) |
| 08/16/2023 | 32 | RESPONSE in Opposition re 28 MOTION for Sanctions *Against Attorney Brian Frontino and Stroock & Stroock & Lavan LLP*, filed by Defendant AMERICAN EXPRESS COMPANY, aka AMERICAN EXPRESS NATIONAL BANK. (Hoock, Adam) (Entered: 08/16/2023) |

| 08/16/2023 | 33 | AFFIDAVIT of Status by JOEY KIMBROUGH. (TPS) (Entered: 08/17/2023) |
|---|---|---|
| 08/16/2023 | 34 | NOTICE of Status, filed by Plaintiff JOEY KIMBROUGH. (TPS) (Entered: 08/17/2023) |
| 08/17/2023 | 35 | RESPONSE in Opposition to 29 MOTION to Compel *Arbitration*, filed by Plaintiff JOEY KIMBROUGH. (TPS) (Entered: 08/18/2023) |
| 08/17/2023 | 36 | MEMORANDUM in Support of 35 Response in Opposition to 29 MOTION to Compel *Arbitration*, filed by Plaintiff JOEY KIMBROUGH. (TPS) (Entered: 08/18/2023) |
| 08/17/2023 | 37 | RESPONSE in Opposition to Declaration of Keith Herr, filed by Plaintiff JOEY KIMBROUGH. (TPS) (Entered: 08/18/2023) |
| 08/17/2023 | 38 | RESPONSE in Opposition to Defendant's Exhibit A1 - A5, filed by Plaintiff JOEY KIMBROUGH. (TPS) (Entered: 08/18/2023) |
| 08/17/2023 | 39 | RESPONSE in Opposition to Defendant's Exhibit B1 - B5, filed by Plaintiff JOEY KIMBROUGH. (TPS) (Entered: 08/18/2023) |
| 08/18/2023 | 40 | Reply to Response to Opposition to Plaintiff's Motion for Sanctions, filed by Plaintiff JOEY KIMBROUGH. (LF) (Entered: 08/18/2023) |
| 08/18/2023 | 41 | Submission of Exhibit, filed by Plaintiff JOEY KIMBROUGH. (LF) (Entered: 08/18/2023) |
| 08/18/2023 | 42 | NOTICE to the Court Regarding Correction of filing of 36 Brief/Memorandum, filed by Plaintiff JOEY KIMBROUGH. (CW) (Entered: 08/21/2023) |
| 08/18/2023 | 43 | MEMORANDUM of Law in Support of Response to 29 MOTION to Compel *Arbitration*, filed by Plaintiff JOEY KIMBROUGH. (CW) (Entered: 08/21/2023) |
| 08/24/2023 | 44 | Unopposed MOTION for Extension of Time to File Reply to 08/31/2023 re 29 MOTION to Compel *Arbitration* , filed by Defendant AMERICAN EXPRESS COMPANY, aka AMERICAN EXPRESS NATIONAL BANK. (Attachments: # 1 Text of Proposed Order)(Hoock, Adam) (Entered: 08/24/2023) |
| 08/24/2023 | 45 | ORDER granting 44 Unopposed MOTION for Extension of Time to File Reply to 29 MOTION to Compel *Arbitration* to 8/31/20023. Signed by Magistrate Judge Mark J. Dinsmore on 8/24/2023. (JRB) (Entered: 08/24/2023) |
| 08/31/2023 | 46 | REPLY in Support of Motion re 29 MOTION to Compel *Arbitration* , filed by Defendant AMERICAN EXPRESS COMPANY, aka AMERICAN EXPRESS NATIONAL BANK. (Hoock, Adam) (Entered: 08/31/2023) |

| 09/01/2023 | 47 | PLAINTIFF'S NOTICE AND UNOPPOSED MOTION FOR CONTINUANCE, filed by Plaintiff JOEY KIMBROUGH. (Attachments: # 1 Proposed Order)(KAA) (Entered: 09/05/2023) |
|---|---|---|
| 09/08/2023 | 48 | ORDER ON MOTION FOR SANCTIONS AND MOTION FOR CONTINUANCE - 28 Motion for Sanctions is DENIED. 47 Motion for Continuance is DENIED as moot. See Order for details. Signed by Magistrate Judge Mark J. Dinsmore on 9/8/2023 (Copy mailed to Plaintiff). (LBT) (Entered: 09/11/2023) |
| 09/08/2023 | 49 | ORDER ON MOTION TO COMPEL ARBITRATION - Defendant's Motion to Compel Arbitration, Dkt. 29 is GRANTED. While Plaintiff's point regarding Defendant's unexplained delay in filing its motion to compel arbitration is well-taken, Plaintiff's Motion to Proceed with Case Management Plan Dkt. 27 is DENIED AS MOOT in light of this ruling. Defendant shall file a Notice setting forth the status of the arbitration proceedings on or before January 5, 2024, and every thirty days thereafter. Copy to plaintiff via US Mail. Signed by Magistrate Judge Mark J. Dinsmore on 9/8/2023. (KAA) (Entered: 09/11/2023) |
| 09/12/2023 | 50 | ORDER STAYING PROCEEDINGS PENDING ARBITRATION AND DISMISSING PENDING MOTION WITHOUT PREJUDICE - The Court has recently determined that it must compel arbitration of Kimbrough's claims pursuant to the Arbitration Agreement in the American Express cardholder agreements. 49 . Within its Motion to Compel Arbitration, American Express requested a stay of these proceedings until the completion of arbitration. (Dkt. 30 at 1.) That request is granted and all proceedings in this case are STAYED. Kimbrough's Motion for Summary Judgment (Dkt. 20 ) is DISMISSED without prejudice and he may refile it, if appropriate once the stay is lifted. The Court notes that American Express is directed to file a Notice setting forth the status of the arbitration proceedings on or before Friday, January 5, 2024, and every thirty (30) days thereafter. Copy sent to Plaintiff via US Mail. Signed by Judge Tanya Walton Pratt on 9/12/2023. (JRB) Modified on 9/12/2023 (JRB). (Entered: 09/12/2023) |
| 09/29/2023 | 51 | Objection to Court's Order re Dkt 48 , filed by Plaintiff JOEY KIMBROUGH. (Attachments: # 1 Text of Proposed Order)(LF) (Entered: 10/03/2023) |
| 09/29/2023 | 52 | MOTION for Reconsideration re 48 Order on Motion for Extension of Time to File Order on Motion for Sanctions, filed by Plaintiff JOEY KIMBROUGH. (Attachments: # 1 Text of Proposed Order)(LF) (Entered: 10/03/2023) |
| 09/29/2023 | 53 | NOTICE OF APPEAL as to 48 Order on Motion for Extension of Time to FileOrder on Motion for Sanctions, filed by Plaintiff JOEY |

| | | |
|---|---|---|
| | | KIMBROUGH. (No fee paid with this filing) (Attachments: # 1 Text of Proposed Order)(LF) (Entered: 10/03/2023) |
| 10/01/2023 | 56 | Second MOTION for Reconsideration of 49 Order, filed by Plaintiff JOEY KIMBROUGH. (TPS) (Additional attachment(s) added on 10/3/2023: # 1 Proposed Order) (TPS). (Entered: 10/03/2023) |
| 10/01/2023 | 58 | OBJECTION to 48 Order, filed by Plaintiff JOEY KIMBROUGH. (TPS) (Entered: 10/03/2023) |
| 10/03/2023 | 54 | PARTIES' SHORT RECORD re 53 Notice of Appeal - **Instructions for Attorneys/Parties attached.** (Copy mailed to appellant.) (KAA) (Entered: 10/03/2023) |
| 10/03/2023 | 55 | Transmission of Notice of Appeal and Docket Sheet to US Court of Appeals re 53 Notice of Appeal. **- for Court of Appeals Use Only.** (KAA) (Entered: 10/03/2023) |
| 10/03/2023 | 57 | Second NOTICE OF APPEAL as to 49 Order, filed by Plaintiff JOEY KIMBROUGH. (No fee paid with this filing) (TPS) (Entered: 10/03/2023) |

**Case #: 1:22-cv-01993-TWP-MJD**