**FILED**

**11/01/2023**

**U.S. DISTRICT COURT**
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT of INDIANA
Indianapolis Division

| | |
|---|---|
| JOEY KIMBROUGH, <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN EXPRESS COMPANY AKA AMERICAN EXPRESS NATIONAL BANK; <br><br> and <br><br> TRANS UNION LLC (*settled and dismissed*) <br><br> Defendants. | Case No. 1:22-cv-1993-TWP-MJD <br><br><br> Honorable Tanya Walton Pratt <br> Magistrate Judge Mark J. Dinsmore |

**PLAINTIFF'S REPLY IN OPPOSITION TO DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE**

COMES NOW Plaintiff Joey Kimbrough ("Kimbrough"), Pro Se, and submits this Reply in response to Defendant American Express National Bank's ("American Express") Opposition to the Motion to Strike pursuant to Local Rule 7-1(c)(3)(B) and states as follows:

1. American Express concedes that there was a mistake in the service of docket entry 64 due to the oversight of its counsel. While American Express attempts to downplay the significance of this mistake, it is crucial to note

that the mistake itself is evidence of an ongoing failure to comply with the rules of service and to ensure that legal proceedings are conducted fairly and transparently.

2. American Express argues that Kimbrough was not prejudiced by the delay in receiving docket entry 64, as he filed both his Motion to Strike and his Omnibus Reply on Monday, October 16, 2023. However, this argument overlooks the fact that Kimbrough had to take the extra step of independently seeking out the docket entry to ensure he was informed about the proceedings. It should not be the burden of the plaintiff to track down court documents that should have been properly served.

3. American Express contends that Kimbrough had notice of docket entry 64 even before the Notice of Corrected Certificate of Service was filed. This argument implies that Kimbrough should have been aware of the document even without proper service. However, it is the responsibility of the serving party to ensure that service is properly executed to guarantee that all parties have equal access to information.

4. American Express asks the Court to deny Kimbrough's Motion to Strike based on the claim that there was no prejudice. However, the issue here is not solely about prejudice but about the fundamental requirement of

following proper legal procedures. The failure to serve a document in accordance with the rules undermines the integrity of the legal process itself.

In conclusion, Kimbrough reiterates that the mistake in service was a clear violation of established procedures, and it is not acceptable to shift the burden of proper notice onto the plaintiff. The Motion to Strike was filed in response to this violation and should be granted to ensure that all parties are held accountable for adhering to the rules of service and maintaining the fairness of the legal process.

    Respectfully Submitted,

    /s/ *Joey Kimbrough*
    Joey Kimbrough, Plaintiff, Pro Se
    1712 Candy Court South
    Kokomo, IN 46902
    (765) 437-8451
    joeykokomo2002@yahoo.com

**Certificate of Service**

I hereby certify that on November 1st, 2023, I electronically filed the foregoing with the Clerk of the Court by email with attachments as is required by the Court. Also, service was made on counsel by email:

**Distribution:**
All ECF-registered counsel of record via email

    Respectfully Submitted,
    /s/ *Joey Kimbrough*