UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOEY KIMBROUGH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:22-cv-01993-TWP-MJD |
| AMERICAN EXPRESS COMPANY, aka AMERICAN EXPRESS NATIONAL BANK, | ) ) ) ) |
| Defendant. | ) ) |

### ORDER DENYING MOTIONS TO RECONSIDER

This matter is before the Court on *pro se* Plaintiff Joey Kimbrough's ("Kimbrough") Motion for Reconsideration (Dkt. 52) and second Motion for Reconsideration (Dkt. 56). For the reasons explained below, Kimbrough's Motions are **denied**.

### I.   BACKGROUND

Kimbrough initiated this action in October 2022 alleging violations by Defendant American Express Company aka American Express National Bank ("Defendant" or "American Express") of the Fair Credit Reporting Act (Dkt. 1). Kimbrough had multiple accounts through American Express: (1) Hilton Honors Card ending in 61004; (2) Platinum Delta SkyMiles Business Card ending in 61007; (3) Business Platinum Card ending in 71005; (4) Hilton Honors Ascend Card ending in 01002; and (5) Platinum Delta SkyMiles Business Card ending in 41007 (collectively, the "Accounts"). Some of the Accounts were used as personal accounts, while others were used for Kimbrough's businesses. He alleges that Defendant failed to properly investigate his disputes regarding inaccuracies, which damaged Kimbrough's creditworthiness.

The undersigned referred several non-dispositive motions in this case to the Magistrate Judge. On September 8, 2023, the Magistrate Judge entered an Order denying Kimbrough's Motion

for Sanctions (Dkt. 28) and Motion for Continuance of the trial (Dkt. 47) (*see* Dkt. 48). On that same date, the Magistrate Judge granted the Defendant's Motion to Compel Arbitration (Dkt. 49). Kimbrough now asks the Court to reconsider these rulings.

## II.     LEGAL STANDARD

Section 636 of the Federal Magistrates Act, and Federal Rule of Civil Procedure 72(a) govern district court review of non-dispositive magistrate judge decisions. 28 U.S.C. § 636(b)(1)(A) (providing that a district judge "may reconsider any pretrial matter ... where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law"); Fed. R. Civ. P. 72(a) ("The district judge ... must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."). Under the clear error standard, the court can "overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997).

## III.     DISCUSSION

### A.     Motion for Reconsideration (Dkt. 52)

In his Motion for Sanctions (Dkt. 28), Kimbrough sought sanctions against the law firm Stroock & Stroock & Lavan, LLP ("Stroock") and attorney Brian Frontino ("Frontino"), who was previously a partner at Stroock. Kimbrough argued that American Express "was unrepresented by counsel from at least May 11th, 2023, until June 9th, 2023, due to lapses in admitting counsel to practice in the Southern District of Indiana." (Dkt. 28 at 2.) Kimbrough contended that he was prejudiced by not being able to serve discovery requests during the lapse in counsel. *Id*. at 3. He argued because of that lapse, Stroock and Frontino violated "a duty of care that was owed to their client, this honorable court, and plaintiff Kimbrough", *id*. at 2, and he requested monetary sanctions.

*Id*.  In response, American Express pointed out that Kimbrough did, in fact, serve discovery requests on American Express on June 13, 2023, and Kimbrough, by email, subsequently agreed to an extension of time for American Express to respond to those discovery requests.  (Dkt. 32 at 3.)  American Express argued that Kimbrough had identified no misconduct, no breach of duty of care to American Express, and no violation of professional ethics or the standards of professional conduct to warrant imposition of sanctions; and that Kimbrough nor the court was prejudiced by the timing of counsel's appearances.  *Id*.

The Magistrate Judge concluded that "neither Plaintiff, Defendant, nor the Court have been prejudiced by the alleged actions of Stroock or Frontino" and denied the motion for sanctions "[b]ecause the failure of Defendant's various attorneys to promptly withdraw from and appear in this case simply is not sanctionable."  (Dkt. 48 at 2.)  The Magistrate Judge also determined that Kimbrough's unopposed motion for continuance was actually a motion for extension of time to file responsive pleadings; and this request was denied as moot because at that time, no pleadings which required Kimbrough's response were pending.  *Id*. at 2-3.  Kimbrough's motion for sanctions and continuance were then denied.

Kimbrough contends that the Magistrate Judge's Order denying sanctions and a continuance was erroneous because "Defendant's representation was in question during critical times in the litigation, leading to potential miscarriages of justice and procedural confusion."  (Dkt. 52 at 2.)  He argues "[m]ultiple procedural violations and potential misconduct were identified, highlighting the need for a thorough reevaluation".  *Id*.  The Court is not persuaded.

Kimbrough has not shown that the Magistrate Judge's Order was clearly erroneous, a mistake, or contrary to law to justify sustaining his objection.  The Magistrate Judge sufficiently and correctly considered, analyzed, and addressed each of the arguments raised by Kimbrough.  In

3

addition, contrary to Kimbrough's contentions, the Court finds no misconduct or procedural violations on the part of Defendant's counsel. Although Kimbrough contends that denial of his motions has "potential prejudicial effects," potential prejudice is not enough. Kimbrough has not shown how he was prejudiced by the changes or delay in the appearance of Defendant's counsel or denial of his request for a continuance, and he has shown no error in the Magistrate Judge's ruling. Kimbrough's motion to reconsider the order denying sanctions and a continuance is **denied**.

B. <u>**Second Motion for Reconsideration (Dkt. 56)**</u>

The Magistrate Judge granted the Defendant's, Motion to compel arbitration of Kimbrough's claims, finding that the Arbitration Agreement in the American Express cardholder agreements (the "Agreements") applied to Kimbrough's accounts. (Dkt. 49.) Kimbrough seeks reconsideration of this decision asserting "Defendant has not met the burden of proof to demonstrate that a clear and mutual agreement to arbitrate exists between the parties." (Filing No. 56 at 2-3.)

Kimbrough's motion is **denied**. First, he simply repeats his previous arguments to this Court which is not the appropriate use of a motion to reconsider. *See Ford Motor Credit Co.,* 2021 WL 6050000, at *2 (denying a motion to reconsider that "simply repeats and repackages their previous arguments"). Kimbrough contends there is ambiguity in the acquisition of accounts, inadequate proof of delivery of the Agreements, over-reliance on the declaration of Keith Herr, absence of a mutual agreement, and the Defendant's actions were inconsistent with respect to arbitration. (Dkt. 56 at 2-3.) But all these arguments were raised in his response in opposition to the motion to compel arbitration, and these arguments were considered and appropriately rejected by the Magistrate Judge.

Second, Kimbrough has not shown that the Magistrate Judge's Order was clearly erroneous or contrary to law. The Magistrate Judge correctly noted "A court must compel arbitration under

4

the FAA when: (1) a valid agreement to arbitrate exists; (2) the dispute falls within the scope of that agreement; and (3) the plaintiff has refused to proceed to arbitration in accordance with the arbitration agreement." *Kinkle v. Equifax Info. Servs., LLC*, 2023 WL4105804, at *1 (S.D. Ind. June 21, 2023) (citing *Zurich Am. Ins. Co. v. Watts Indus., Inc*., 466 F.3d 577, 580 (7th Cir. 2006). Kimbrough does not dispute that Utah law governs. This Court concludes the Magistrate Judge correctly found that under Utah law, the Agreement compelling arbitration is valid, and the scope of the agreements covers Kimbrough's dispute with American Express. The Magistrate Judge correctly found that a clear and mutual agreement to arbitrate exists between the parties. Kimbrough's second Motion to reconsider is **denied**.

## IV.    CONCLUSION

For the reasons explained above, Kimbrough's Motion for Reconsideration (Dkt. 52) and second Motion for Reconsideration (Dkt. 56) are **DENIED.**

**SO ORDERED.**

Date: 1/8/2024

_[signature]_
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Joey Kimbrough
1712 Candy Court South
Kokomo, Indiana 46902

Adam Hoock
STEPTOE & JOHNSON LLP
ahoock@steptoe.com

Stephen J. Newman
STEPTOE & JOHNSON LLP
snewman@steptoe.com

Brian Charles Frontino
MORGAN, LEWIS & BOCKIUS LLP
brian.frontino@morganlewis.com