UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOEY KIMBROUGH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:22-cv-01993-TWP-MJD |
| | ) |
| AMERICAN EXPRESS COMPANY, aka | ) |
| AMERICAN EXPRESS NATIONAL BANK, | ) |
| | ) |
| Defendant. | ) |

### ORDER DENYING MOTIONS TO STRIKE

This matter is before the Court on *pro se* Plaintiff Joey Kimbrough's ("Kimbrough") Motion to Strike (Dkt. 66) and Motion to Strike (Second Instance) (Dkt. 72). For the reasons explained below, Kimbrough's Motions are **denied**.

### I.   DISCUSSION

Kimbrough filed this action alleging violations by Defendant American Express Company aka American Express National Bank ("Defendant" or "American Express") of the Fair Credit Reporting Act. Kimbrough had multiple accounts through American Express: (1) Hilton Honors Card ending in 61004; (2) Platinum Delta SkyMiles Business Card ending in 61007; (3) Business Platinum Card ending in 71005; (4) Hilton Honors Ascend Card ending in 01002; and (5) Platinum Delta SkyMiles Business Card ending in 41007 (collectively, the "Accounts"). Some of the Accounts were used as personal accounts, while others were used for Kimbrough's businesses. He alleges that American Express failed to properly investigate Kimbrough's disputes regarding inaccuracies, which damaged Kimbrough's creditworthiness.

On October 16, 2023, American Express filed a Notice of Corrected Certificate of Service in which Defendant points out:

> On October 13, 2023 [American Express] filed an Omnibus Response in Opposition to Plaintiff's Objections and Motions for Reconsideration [ECF No. 64]. Due to a mistake by undersigned counsel, a copy of the filing was not sent by email to Plaintiff.
>
> Accordingly, American Express serves this Notice to correct the record and certify that a copy of the Omnibus Response [ECF No. 64] has now been served on Plaintiff by email on October 16, 2023.

(Dkt. 65.) Pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(f)(2), Kimbrough is asking the Court to "strike the certifications of service made by Defendant's counsel, Attorney Adam R. Hoock, in docket entry 64" (Dkt. 66) and "to strike the certifications of service made by Defendant's counsel, Attorney Adam R. Hoock, in connection with Defendant's Response in Opposition to Plaintiff's Motion to Strike, filed on October 30, 2023" (Dkt. 72).

Neither rule cited by Kimbrough applies to the circumstances here. Rule 12(b)(5) allows a *defendant* to move for dismissal due to insufficient service of process in civil litigation in United States District Court. (Emphasis added). *See* Federal Rule of Civil Procedure 12(b)(5). And a Rule 12(f), motion to strike is limited to addressing "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are generally disfavored; however, "where . . . motions to strike remove unnecessary clutter from the case, they serve to expedite, not delay." *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). However, in general, a judge can strike a party's pleading, a piece of evidence, or other matter raised in an objection.  The Court will treat Kimbrough's request to strike the Defendants erroneous certification that it had served Kimbrough, as such an objection.

In its Omnibus Response in Opposition to Plaintiff's Objections and Motions for Reconsideration to American Express' attorney Adam Hoock issued a certificate of service stating, "I hereby I HEREBY CERTIFY that on October 13, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and certify that a true and correct copy of the

2

foregoing was provided to all parties and counsel of record." (Dkt. 64 at 4).  Attorney Adam Hoock concedes that a copy of docket entry 64 was not sent by email to Kimbrough on Friday, October 13, 2023, as required by the local rules, due to a mistake. Counsel asserts that he corrected the mistake and served docket entry 64 by email to Kimbrough on Monday, October 16, 2023.  (Dkt. 65.)  Counsel argues that Kimbrough clearly had notice of docket entry 64 even before American Express filed its Notice of Corrected Certificate of Service, because Kimbrough filed his Motion to Strike, (Dkt. 66), on October 16, 2023, and Kimbrough was not prejudiced by the mistake.

The Court is persuaded by Defendant's argument that Kimbrough was not prejudiced by attorney Hoock's mistake or the inaccurate certification of the court document.  The Court accepts that the inaccurate certification was a mistake and there is no need to strike it. Thus, Kimbrough's Motion to Strike the certification of service concerning docket entry 64 is **denied**.

In his second Motion to Strike, Kimbrough asks the Court to strike the certification of service made by Defendant's counsel, Attorney Hoock, in connection with Defendant's Response in Opposition to Plaintiff's Motion to Strike, filed on October 30, 2023. (Dkt. 72.)  In its Response in Opposition to Plaintiff's Motion to Strike (Second Instance), American Express concedes that for a second time, it tendered an inaccurate certificate of service. Attorney Hoock explains that "due to a mistake by undersigned counsel [Adam Hoock], a copy of docket entry 68 was not sent by email to Kimbrough on October 30, 2023".  (Dkt. 74 at 1.)  Attorney Hoock reports that he corrected this mistake and served docket entry 68 by email to Kimbrough on November 2, 2023.  *Id*.

Kimbrough is correct that this is the second time that American Express' counsel has mistakenly failed to email a copy of its pleadings to *pro se* litigant Kimbrough and "the fact that Kimbrough filed his reply does not excuse or mitigate the repeated failures by American Express's

3

counsel to provide timely and proper service as required by the Federal Rules of Civil Procedure." (DKt. 75 at 2). However, this second mistake was also promptly corrected, and Kimbrough was not prejudiced by the second mistake. Under these circumstances, striking the certifications is not necessary, because the mistakes were promptly corrected, Kimbrough was served the notice and he was not prejudiced by the mistake. Kimbrough's second motion requesting to strike the certification of service concerning docket entry 68 is also **denied**.

## II.   CONCLUSION

For the reasons explained above, Kimbrough's Motions to Strike (Dkts. 66 and 72) are **DENIED**. Defendant's **counsel Adam Hoock is admonished** that he must properly serve Kimbrough, a *pro se* litigant, directly at his email address—and he cannot rely on the CM/ECF system to provide service. Any further failures to do so may warrant the relief requested by Kimbrough.

**SO ORDERED.**

Date: 1/8/2024

                                                                              _____
                                                                              Hon. Tanya Walton Pratt, Chief Judge
DISTRIBUTION:                                              United States District Court
                                                                              Southern District of Indiana

Joey Kimbrough
1712 Candy Court South
Kokomo, Indiana 46902

Adam Hoock
STEPTOE & JOHNSON LLP
ahoock@steptoe.com

Stephen J. Newman
STEPTOE & JOHNSON LLP
snewman@steptoe.com

4