UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT of INDIANA
Indianapolis Division

FILED
06/06/2024
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

JOEY KIMBROUGH,

    Plaintiff,

v.

AMERICAN EXPRESS COMPANY AKA AMERICAN EXPRESS NATIONAL BANK;

and

TRANS UNION LLC (*settled and dismissed*)

    Defendants.

Case No. 1:22-cv-1993-TWP-MJD

Honorable Tanya Walton Pratt
Magistrate Judge Mark J. Dinsmore

## PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO VACATE ORDER STAYING PROCEEDINGS AND ORDER COMPELLING ARBITRATION

    Comes now Plaintiff Joey Kimbrough ("Plaintiff") submits this reply to the Defendant American Express National Bank's ("Defendant") Response in Opposition to Plaintiff's Motion to Vacate Order Staying Proceedings and Order Compelling Arbitration. The Defendant's response is riddled with irrelevant, disparaging information and baseless accusations that have no bearing on the legal issues before this Court. The following points address these issues and reaffirm the validity of the Plaintiff's Motion.

**BACKGROUND – Reply to Response**

1. **Irrelevant and Disparaging Information**

    The Defendant's allegations concerning the Plaintiff's alleged involvement with the Sovereign Citizens Movement are irrelevant to the legal issues before this Court. The Plaintiff's personal beliefs or associations do not affect the merits of the legal arguments presented in this case. The complaint filed alleges violations of the Fair Credit Report Act (FCRA), 15 U.S.C. §§ 1681s-2(b) and must be assessed on that basis alone.

2. **Misleading and Prejudicial Tactics**

    The Defendant's attempt to introduce irrelevant, disparaging information about the Plaintiff is an obvious tactic to mislead and prejudice the Court. Such tactics are inappropriate and should not detract from the substantive legal issues at hand.

3. **No Bearing on Legal Arguments**

    Even if the Defendant's theories about the Plaintiff's associations were true, they would have no bearing on the legal arguments or the well-pleaded complaint. As the Supreme Court held in *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a pro se complaint must be held to less stringent standards than formal pleadings drafted by lawyers.

4. **Trinsey v. Pagliaro on Evidence**

    In *Trinsey v. Pagliaro*, 229 F. Supp. 647, 649 (E.D. Pa. 1964), it was clearly stated that arguments and statements of counsel are not evidence and cannot be used to support a motion for dismissal or summary judgment. The Defendant's reliance on such declarations is insufficient.

**PROCEDURAL HISTORY – Reply to Response**

1. **Irrelevant Allegations**

    The Defendant has once again introduced an abundance of irrelevant allegations that have no bearing on the well-pleaded complaint of the Plaintiff. The Plaintiff's actions are centered on violations of the Fair Credit Report Act (FCRA), 15 U.S.C. §§ 1681s-2(b) and should be evaluated based on the merits of these claims alone, not on unrelated accusations about the Plaintiff's conduct in other cases.

2. **Compliance with Court Orders**

    The Defendant's claims that the Plaintiff has continued to file frivolous motions and objections are an attempt to deflect from the core legal issues. The Plaintiff's filings, including the Motion to Vacate, are legitimate attempts to seek relief based on procedural and substantive grounds, as is his right under the law.

3. **Validity of the Orders in Question**

    The Orders compelling arbitration and staying proceedings were entered under circumstances that warrant re-evaluation. The Defendant's Motion for Extension of Time to respond to the Plaintiff's Motion for Summary Judgment was in violation of Local Rule 6-1(c)(2) for not specifying the requested deadline. This procedural misstep undermines the legitimacy of subsequent motions and orders, including the Motion to Compel Arbitration.

4. **Reconsideration and Appeals**

    The Plaintiff's motions for reconsideration and objections were valid procedural steps to address the Court's rulings. The fact that these motions were denied does not

diminish their legitimacy. The Plaintiff's appeals to the Seventh Circuit, while ultimately dismissed, were also legitimate exercises of his legal rights.

5. **Request for Dismissal with Prejudice**

The Defendant's request to dismiss the Complaint with prejudice based on the Plaintiff's alleged non-compliance is unfounded. The Plaintiff has continuously sought to address procedural and substantive issues within the bounds of the law. Dismissing the Complaint with prejudice would be an extreme measure that overlooks the Plaintiff's legitimate procedural challenges and the need for a fair evaluation of his claims.

**ARGUMENT – Reply to Response**

1. **Irrelevant Allegations and Misleading Assertions**

The Defendant continues to introduce irrelevant allegations regarding the Plaintiff's alleged involvement with the Sovereign Citizens Movement. These claims are a blatant attempt to prejudice the Court against the Plaintiff and distract from the core legal issues. The Plaintiff's complaint is centered on violations of the Fair Credit Report Act (FCRA), 15 U.S.C. §§ 1681s-2(b), and should be judged on its own merits, not on extraneous accusations. The Defendant's attempt to mislead this Court is nothing more than *Lazy Litigation*! I believe the Defendant and their counsel is better than this tactic.

2. **Compliance with Local Rules**

The Defendant argues that their Motion for Extension of Time was compliant with Local Rule 6-1(c). However, the rule clearly requires that motions for extensions must state both the original deadline **and the requested deadline** (emphasis added). The Defendant's motion failed

to properly specify the requested deadline as required by Local Rule 6-1(c)(2). This procedural misstep undermines the validity of their subsequent motions and orders, including the Motion to Compel Arbitration.

3. **No Legitimate Basis for Default Argument - Definition and Consequences of Default**

Contrary to the Defendant's assertions, the Plaintiff's argument regarding default is legitimate. According to Merriam-Webster, a "default" is defined as "failure to do something required by duty or law: NEGLECT". It is quite clear that the Defendant failed to follow the local rules of this honorable court, thereby, by definition, defaulted. The ramifications of such a default are clearly outlined in 9 U.S.C. § 3, which states that a party applying for a stay of proceedings pending arbitration must not be in default in proceeding with such arbitration. The Defendant was in procedural default by failing to comply with Local Rule 6-1(c)(2), thus rendering their Motion to Compel Arbitration invalid. https://www.merriam-webster.com/dictionary/default

4. **Repeated Filings as Legitimate Procedural Steps**

The Defendant's characterization of the Plaintiff's filings as frivolous is unfounded. Each of the Plaintiff's filings, including the Motion for Reconsideration and the appeals, were legitimate procedural steps aimed at addressing the Court's rulings. The Plaintiff is exercising his legal rights to seek relief and clarification from procedural irregularities and substantive issues.

5. **Inappropriate Request for Dismissal with Prejudice**

The Defendant's request for dismissal with prejudice is extreme and unwarranted. The Plaintiff has continuously sought to address procedural and substantive issues within the bounds

of the law. Dismissing the Complaint with prejudice would overlook the Plaintiff's legitimate procedural challenges and undermine the principles of justice. The Supreme Court has emphasized the need for courts to consider pro se litigants with leniency, as established in *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), stating that a pro se complaint must be held to less stringent standards than formal pleadings drafted by lawyers.

6. **Case Law Supporting Plaintiff's Position**

The Defendant's reference to *White v. Williams*, 423 F. App'x 645, 646 (7th Cir. 2011), and other cases concerning sanctions for abusive litigation practices are not applicable here. The Plaintiff has engaged in legitimate legal processes to address the procedural and substantive issues in this case. The Supreme Court's decision in *Trinsey v. Pagliaro*, 229 F. Supp. 647, 649 (E.D. Pa. 1964), clearly states that arguments and statements of counsel are not evidence and cannot be used to support a motion for dismissal or summary judgment. This principle supports the Plaintiff's position that the Defendant's procedural defaults and missteps invalidate their motions and the subsequent orders.

**CONCLUSION**

For the reasons stated above, the Plaintiff respectfully requests that this Court disregard the irrelevant and disparaging allegations presented by the Defendant and focus on the substantive legal issues and procedural irregularities raised by the Plaintiff. The Plaintiff reiterates the request to vacate the Order Compelling Arbitration and the Order Staying Proceedings and allow the case to proceed in this Court.

Respectfully Submitted,

/s/ *Joey Kimbrough*
Joey Kimbrough, Plaintiff, Pro Se
1712 Candy Court South
Kokomo, IN 46902
(765) 437-8451
joeykokomo2002@yahoo.com

## Certificate of Service

I hereby certify that on June 6th, 2024, I electronically filed the foregoing with the Clerk of the Court by email with attachments as is required by the Court. Also, service was made on counsel by email:

**Distribution:**

All ECF-registered counsel of record via email

Respectfully Submitted,
/s/ *Joey Kimbrough*