UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOEY KIMBROUGH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:22-cv-01993-TWP-MJD |
| ) | |
| AMERICAN EXPRESS COMPANY, aka ) | |
| AMERICAN EXPRESS NATIONAL BANK, et ) | |
| al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This matter is before the Court on Plaintiff's Motion to Vacate Order Staying Proceedings and Order Compelling Arbitration. [Dkt. 94.] The basis of Plaintiff's motion is that he believes Defendant was in default at the time the Order in question was entered because he believes the Defendant failed to timely respond to Plaintiff's motion for summary judgment. For the reasons set forth below, Defendant was not in default. Accordingly, Plaintiff's motion is **DENIED**.

Plaintiff's argument that Defendant was in default is incorrect for several reasons. First and foremost, the failure to respond to a motion for summary judgment is not an act of default. *See Wienco, Inc. v. Katahn Assocs., Inc.*, 965 F.2d 565, 568 (7th Cir. 1992) ("[A] motion for summary judgment cannot be granted simply because there is no opposition, even if failure to appear violated a local rule.") (citations omitted). In addition, Plaintiff's motion is based on Plaintiff's belief that Local Rule 6-1 prohibits extensions of time longer than 28 days. But that is incorrect. Local Rule 6-1(a) does state that "No initial extension of these deadlines may exceed 28 days," but "these deadlines" in that sentence clearly and unequivocally refers to the two

deadlines enumerated immediately above that sentence:  the deadline for filing a response to a pleading as defined by Fed. R. Civ. P. 7(a) and the deadline for responding to any written request for discovery or admissions.  It does not apply to extensions of time to respond to a motion for summary judgment.  And even if it did apply, and the Court had granted the motion in contravention of the Local Rule (which, again, it did not), the fact remains that the Court granted the motion.  Defendant could not possibly have been "in default" of anything if it was following a court order.

The Court granted Defendant's motion to compel arbitration on September 12, 2023. [Dkt. 49.]  Plaintiff attempted to appeal that order; his appeals were dismissed for lack of jurisdiction on January 17, 2024.  In the several months since that time, Plaintiff has failed to initiate arbitration proceedings.  The Court held a status conference on May 30, 2024, during which Plaintiff explained that he believes it is Defendant's obligation to initiate arbitration proceedings, because Defendant is the one who successfully moved to compel arbitration.  But that is, of course, incorrect.  The order compelling arbitration means that if Plaintiff wants to pursue his claim against Defendant, he must do so by means of arbitration.  Defendant, of course, would be perfectly happy for Plaintiff not to pursue his claim, which would be Plaintiff's right.  Defendant is under no obligation to initiate a claim against itself.

**If Plaintiff wishes to pursue his claim against Defendant, Plaintiff shall initiate arbitration proceedings against Defendant by July 19, 2024, and shall file a notice confirming that he has done so by no later than July 26, 2024.  Plaintiff is hereby put on notice that if Plaintiff fails to initiate the arbitration process by July 19, 2024, the Court may assume that Plaintiff has decided to abandon his claim and may therefore dismiss this case, with prejudice, for failure to prosecute.**

During the status conference, Plaintiff indicated that he did not know how to initiate arbitration proceedings. Pursuant to the arbitration agreement, Plaintiff may select either JAMS or AAA as the organization to conduct the arbitration. *See, e.g.*, [Dkt. 30-2 at 11.] Plaintiff can find information about how to initiate an arbitration proceeding at the JAMS website, www.jamsadr.com, and/or the AAA website, www.adr.org.

SO ORDERED.

Dated: 11 JUN 2024

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

Joey Kimbrough
1712 Candy Court South
Kokomo, IN 46902