UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT of INDIANA
Indianapolis Division

**FILED**
**07/18/2024**
**U.S. DISTRICT COURT**
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

JOEY KIMBROUGH,

    Plaintiff,

v.

AMERICAN EXPRESS COMPANY AKA AMERICAN EXPRESS NATIONAL BANK;

and

TRANS UNION LLC (*settled and dismissed*)

    Defendants.

Case No. 1:22-cv-1993-TWP-MJD

Honorable Tanya Walton Pratt
Magistrate Judge Mark J. Dinsmore

### NOTICE OF WAIVER OF ARBITRATION, MOTION TO ADDRESS UNAUTHORIZED PRACTICE OF LAW, AND MOTION TO PROCEED WITH CASE MANAGEMENT PLAN

**Plaintiff, Joey Kimbrough**, proceeding pro se, hereby submits this *Notice of Waiver of Arbitration, Motion to Address Unauthorized Practice of Law, and Motion to Proceed with Case Management Plan*, and in support thereof states as follows:

**Background**

1. **Complaint Filing**: Plaintiff filed the Complaint in this matter on October 7, 2022, alleging various damages pursuant to the Fair Credit Reporting Act (FCRA).

2. **Scheduling Order**: On May 26, 2023, the Court issued a Scheduling Order establishing deadlines for discovery and other pretrial activities. This order was granted in part based

on Plaintiff's motion to set a scheduling conference and accept a proposed Case Management Plan. The order was signed by Magistrate Judge Mark J. Dinsmore. There were 231 days from the filing of the Complaint until the issuance of the Scheduling Order.

3. **Motion to Compel Arbitration**: Defendant filed their Motion to Compel Arbitration on August 15, 2023. This was 312 days from the filing of the Complaint.

### Pertinent Discovery Timeline

1. **Initial Disclosures**: Due on or before June 26, 2023.
2. **Amend Pleadings Deadline**: July 10, 2023.
3. **Settlement Demand Deadline**: July 10, 2023.

Prior to the scheduling order, there were several emails, phone calls, and general communication between the parties as follows:

4. **Email Exchanges Regarding Discovery**:
   1. **May 11, 2023**: Email exchange between Plaintiff and Defendant's counsel, Brian Charles Frontino, discussing discovery matters, indicating active participation in the discovery process by both parties (***Exhibit A***).
   2. **May 11, 2023**: Email exchange between Plaintiff and Defendant's counsel, Newman, further discussing the details and logistics of discovery, showcasing continued engagement in litigation (***Exhibit B***).

3. **May 12, 2023**: Email exchange between Plaintiff and Defendant's counsel, Switzler and Newman, further elaborating on discovery requests and responses, reinforcing Defendant's active participation in the litigation process (***Exhibit C***).

4. **June 12, 2023**: Email correspondence between Plaintiff and Defendant's counsel, Switzler, Newman, and Hoock, continuing the discussion on discovery matters and demonstrating ongoing engagement in the discovery process (***Exhibit D***).

5. **June 13, 2023**: Further email correspondence between Plaintiff and Defendant's counsel, Switzler, Newman, and Hoock, continuing detailed discussions and agreements on discovery logistics and compliance, reflecting consistent involvement in litigation (***Exhibit E***).

6. **June 16, 2023**: Additional email correspondence between Plaintiff and Defendant's counsel, Switzler, Newman, and Hoock, further discussing and clarifying discovery issues and deadlines, showing ongoing participation in the litigation process (***Exhibit F***).

7. **June 21, 2023**: Subsequent email correspondence between Plaintiff and Defendant's counsel, Switzler and Hoock, continuing to address and resolve discovery-related issues, demonstrating sustained involvement in the litigation process (***Exhibit G***).

8. **June 22, 2023**: Further detailed discussions on discovery matters, showcasing Defendant's consistent participation and involvement in the litigation process (***Exhibit H***).

9. **July 9, 2023**: Continued correspondence discussing discovery details and compliance, indicating sustained and active involvement in the litigation process by Defendant's counsel (***Exhibit I***).

10. **August 16, 2023**: Email notification that Switzler, Hoock, and Newman were no longer at Stroock, indicating a change in counsel for the Defendant (***Exhibit J***).

This period encompasses approximately 97 days of active email and phone conversations between the Plaintiff and Defendant's counsel concerning discovery.

5. **Expert Witness Disclosures**: Due on or before October 6, 2023.
6. **Discovery Deadline**: All discovery must be completed by December 15, 2023.
7. **Motions for Summary Judgment Deadline**: January 12, 2024.

### Definitions

**DECEIT.** A fraudulent and cheating **misrepresentation**, artifice, or device, used by one or more persons to deceive and trick another, who is ignorant of the true facts, to the prejudice and damage of the party imposed upon. *People v. Chadwick*, 143 Cal. 116, 76 P. 884; *French v. Vining*, 102 Mass. 132, 3 Am.Rep. 440; *In re Post*, 54 Hun, 634, 7 N.Y.S. 438. (**Black's Law Dictionary: Revised Fourth Edition**.)

**FRAUD.** An **intentional perversion of truth** for the purpose of inducing another in reliance upon it to part with some valuable thing belonging to him or to surrender a legal right; a false representation of a matter of fact, whether by words or by conduct, by false or misleading allegations, or by **concealment of that which should have been disclosed**, which deceives and is intended to deceive another so that he shall act upon it to his legal injury. *Brainerd Dispatch Newspaper Co. v. Crow Wing County*, 196 Minn. 194, 264 N.W. 779, 780. Any kind of artifice

employed by one person to deceive another. *Goldstein v. Equitable Life Assur. Soc. of U. S.*, 160 Misc. 364, 289 N.Y.S. 1064, 1067. A generic term, embracing all multifarious means which human ingenuity can devise, and which are resorted to by one individual to get advantage over another by false suggestions or by suppression of truth, and includes all surprise, trick, cunning, dissembling, and any unfair way by which another is cheated. *Johnson v. McDonald*, 170 Okl. 117, 39 P.2d 150. "Bad faith" and "fraud" are synonymous, and also synonyms of dishonesty, infidelity, faithlessness, perfidy, unfairness, etc. *Joiner v. Joiner*, Tex.Civ.App., 87 S.W. 2d 903, 914, 915 (**Black's Law Dictionary: Revised Fourth Edition**.)

## Argument

### 1. *Waiver of Arbitration by Active Participation in Litigation*

A. **Defendant's Waiver of Arbitration**:
   - Defendant's active participation in litigation, including discovery and case management, demonstrates an intention to resolve the dispute through the judicial process, thereby waiving any right to arbitration.
   - Defendant has not provided any justification for its delay in invoking arbitration, and its actions are inconsistent with an intent to arbitrate.

B. **Prejudicial Effect on Plaintiff**:
   - Although prejudice is not required to establish waiver, Plaintiff has incurred significant time and expenses in engaging in the litigation process, further supporting the waiver of arbitration by Defendant.

C. **Fraud and Misrepresentation**:
   - Even if Defendant had not waived their right to arbitration by actively participating extensively in discovery, Plaintiff believes that Defendant would

    have vitiated any alleged contractual agreement by committing fraud through their misrepresentations.

- Defendant's misrepresentation of their authority to practice law in this jurisdiction constitutes fraud, thereby invalidating any contractual obligations, including those related to arbitration.

### Legal Precedent

1. ***St. Mary's Medical Center of Evansville, Inc. v. Disco Aluminum Products Co.***, 969 F.2d 585 (7th Cir. 1992): The Seventh Circuit held that a party can waive its right to arbitration by engaging in litigation actions that are inconsistent with the intent to arbitrate, without requiring a showing of prejudice to the opposing party.

2. ***Cabinetree of Wisconsin, Inc. v. Kraftmaid Cabinetry, Inc.***, 50 F.3d 388 (7th Cir. 1995): The Seventh Circuit further established that an election to proceed in a judicial forum constitutes a presumptive waiver of the right to arbitrate, which can only be rebutted by extraordinary circumstances not present in this case.

### 2. Unauthorized Practice of Law by AMEX's Counsel

A. **Lack of Authorization**:
- According to Local Rule 83-5(a)(1), only members of the court's bar may represent parties before the court. Additionally, per Local Rule 83-7(a)(1), every attorney who represents a party or who files a document on a party's behalf must first file an appearance for that party or a Notice of Substitution of Counsel. From May 2023 through the appearance of Adam Hoock on June 9, 2023 (***Exhibit K***),

and Stephen Newman on June 22, 2023 (***Exhibit L***), all counsel representing AMEX were not authorized to practice law in this honorable court. Attorney David Switzler has never been admitted to practice law in this court (***Exhibit M***).

B. **Impact on Proceedings**:

- The unauthorized practice of law by Defendant's counsel has affected the proceedings by allowing unauthorized individuals to participate in legal matters, potentially invalidating actions taken during this period and undermining the integrity of the judicial process.

- According to **IC 33-43-1-4**, until superseded by another attorney or discharged, an attorney may bind the attorney's client in an action or a special proceeding by the attorney's agreement that is either filed with the clerk or entered upon the minutes of the court. All counsel in question presented themselves as having the authority to represent AMEX. Not being admitted to this honorable court, counsel did not have the authority to bind their client through an agreement, settlement, discovery requests, or otherwise.

- **Rule 5.5 of the Indiana Rules of Professional Conduct** states that a lawyer shall not practice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction, or assist another in doing so. Defendant's counsel violated this rule by holding themselves out as authorized to practice law in this jurisdiction without the requisite admission.

- In ***United States v. Johnson***, 327 F.3d 554 (7th Cir. 2003), the court emphasized the seriousness of unauthorized practice of law and its potential impact on judicial

proceedings, supporting the argument that unauthorized participation by Defendant's counsel compromises the integrity of the legal process.

C. **Deceit or Collusion**:

- According to **IC 33-43-1-8(a)**, an attorney who is guilty of deceit or collusion, or consents to deceit or collusion, with intent to deceive a court, judge, or party to an action or judicial proceeding commits a Class B misdemeanor. Based on the foregoing definition of "deceit," Plaintiff believes that AMEX, through its counsel, was guilty of contacting Plaintiff under the false pretense of implied authority to represent AMEX.

- Per **IC 33-43-1-8(b)**, a person who is injured by a violation of subsection (a) may bring a civil action for treble damages.

- This deceit, as defined, aligns with the definition of fraud, encompassing any intentional perversion of truth or false representation to induce another to part with something valuable or surrender a legal right, thereby causing legal injury.

- In *Leonard v. Springer*, 197 Ill 532, 64 NE 299 (1902), the court stated, "Any conduct capable of being turned into a statement of fact is representation. There is no distinction between misrepresentations effected by words and misrepresentations effected by other acts." This case law directly pertains to Defendant's counsel knowingly and willingly misrepresenting their authority to act on behalf of AMEX while not being admitted to practice law in this Court's jurisdiction.

D. **Professional Misconduct**:

- According to **Rule 8.4(c) of the Indiana Rules of Professional Conduct**, it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit, or **misrepresentation**. By presenting themselves as authorized representatives of AMEX without proper authorization to practice law in this jurisdiction, Defendant's counsel engaged in misconduct involving deceit and misrepresentation.
- Each of the attorneys in question, including Stephen Newman, Adam Hoock, and David Switzler, violated this rule by their involvement in the case without being properly admitted to practice before this court. Their actions reflect dishonesty and an attempt to mislead the Plaintiff and the court regarding their authority to represent AMEX.

**Request for Relief**

Based on the foregoing, Plaintiff respectfully requests that this Court:

1. Acknowledge and declare that Defendant has waived its right to arbitration.
2. Acknowledge and address the unauthorized practice of law and professional misconduct by Defendant's counsel.
3. Proceed with the current Case Management Plan as outlined in the attached Scheduling Order dated May 26, 2023.
4. Grant any other relief that the Court deems just and proper.

Respectfully Submitted,

/s/ *Joey Kimbrough*
Joey Kimbrough, Plaintiff, Pro Se
1712 Candy Court South

Kokomo, IN 46902<br>
(765) 437-8451<br>
joeykokomo2002@yahoo.com

## Certificate of Service

I hereby certify that on July18th, 2024, I electronically filed the foregoing with the Clerk of the Court by email with attachments as is required by the Court. Also, service was made on counsel by email:

**Distribution:**

All ECF-registered counsel of record

Respectfully Submitted,<br>
/s/ <i>Joey Kimbrough</i>