UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT of INDIANA
Indianapolis Division

| | |
|---|---|
| JOEY KIMBROUGH,<br><br>      Plaintiff,<br><br>   v.<br><br>AMERICAN EXPRESS COMPANY AKA AMERICAN EXPRESS NATIONAL BANK;<br><br>and<br><br>TRANS UNION LLC (*settled and dismissed*)<br><br>      Defendants. | Case No. 1:22-cv-1993-TWP-MJD<br><br>Honorable Tanya Walton Pratt<br>Magistrate Judge Mark J. Dinsmore<br><br>**FILED**<br>**07/19/2024**<br>U.S. DISTRICT COURT<br>SOUTHERN DISTRICT OF INDIANA<br>Roger A.G. Sharpe, Clerk |

## PLAINTIFF'S OBJECTION TO COURT'S ORDER DENYING MOTION TO VACATE

### INTRODUCTION

Plaintiff Joey Kimbrough ("Plaintiff") hereby objects to the Court's Order (Dkt. 102) denying Plaintiff's *Motion to Vacate Order Staying Proceedings and Order Compelling Arbitration*. Plaintiff contends that the Court abused its discretion by contravening Local Rule 6-1 and by improperly mandating that Plaintiff initiate arbitration proceedings. This Objection is being filed to preserve the record for potential Appellate review.

### BACKGROUND

1. **Case Summary and Orders in Question**

Plaintiff Joey Kimbrough initiated this action against American Express Company aka American Express National Bank ("Defendant"). Key events include:

- September 8, 2023: Order Compelling Arbitration entered (Dkt. 49).
- September 12, 2023: Order Staying Proceedings entered (Dkt. 50).
- June 11, 2024: Court's Order stating Plaintiff must initiate arbitration proceedings by July 19, 2024, or face potential dismissal of the case with prejudice.
- May 17, 2024: Plaintiff filed a Motion to Vacate these Orders based on Defendant's default status at the time of filing its Motion to Compel Arbitration.

2. **Plaintiff's Motion to Vacate**

Plaintiff's Motion to Vacate (filed on May 17, 2024) argued that:

- Defendant was in default at the time of filing its Motion to Compel Arbitration.
- The Defendant's Motion for Extension of Time violated Local Rules, thus improperly granted.

**ARGUMENT**

1. **Abuse of Discretion: Violation of Local Rule 6-1 and Defendant's Default Status**

    **Local Rule 6-1(a) Violation**

    - Local Rule 6-1(a) stipulates that no initial extension of deadlines may exceed 28 days. Defendant's Motion for Extension of Time to Respond to Plaintiff's Motion for Summary Judgment exceeded this limit, violating the Rule.

**Lack of Specificity in Defendant's Motion**

- Local Rule 6-1(c)(2) requires that a Motion for Extension must state the original deadline and the requested deadline. The Plaintiff believes that the term "**must**" implies that the "requested deadline" is mandatory with no room for the discretion of the court (emphasis added). Defendant's Motion did not include the requested deadline, violating Rule 6-1(c)(2).

- As per Black's Law Dictionary, "DEFAULT" includes "an omission of that which ought to be done" and "specifically, the omission or failure to perform a legal duty." By failing to include the requested deadline, the Defendant was in default for not following the mandatory requirement of Local Rule 6-1(c)(2).

**Court's Error in Granting the Extension**

- The Court granted Defendant's Motion for Extension despite it being in violation of Local Rule 6-1. This constitutes an abuse of discretion as it contravenes the explicit requirements of the Local Rule.

**Failure to Respond to Motion for Summary Judgment**

- Defendant failed to respond by the extended deadline, placing Defendant in default.

- "DEFAULT. By its derivation, a failure. *Meadows v. Continental Assur. Co.*, C.C.A.Tex., 89 F.2d 256. An omission of that which ought to be done. *Town of Milton v. Bruso*, 111 Vt. 82, 10 A.2d 203, 205. Specifically, the omission or

failure to perform a legal duty. *Easterwood v. Willingham*, Tex.Civ.App., 47 S.W.2d 393, 395" (Black's Law Dictionary: Revised Fourth Edition).

### Effect on Motion to Compel Arbitration

- Under 9 U.S.C. § 3, a party in default cannot seek a stay of proceedings. Since the Defendant was in default, the Motion to Compel Arbitration should be considered invalid.

2. **Improper Mandate to Initiate Arbitration**

   ### Court's Overreach

   - The Court's Order requiring Plaintiff to initiate arbitration proceedings by July 19, 2024, contravenes the terms of the arbitration agreement.
   - The agreement, as cited by the Court (Dkt. 30-2, page 11), clearly states: "**Claims will be referred to either JAMS or AAA, as selected by the party electing arbitration.**" The Defendant "elected" arbitration through their *Motion to Compel Arbitration*. Mandating the Plaintiff to initiate arbitration proceedings is an abuse of discretion and inconsistent with the terms of the agreement.

   ### Lack of Jurisdiction

   - The Plaintiff believes that the Court lacks jurisdiction to impose a ruling that is outside the alleged contractual agreement of the parties. The Court's mandate for Plaintiff to initiate arbitration is beyond its authority and directly contravenes the agreement's provisions.

**Arbitration Fees and Costs**

- The agreement (Dkt. 30-2, page 12) also states: "You will be responsible for paying your share of any arbitration fees (including filing, administrative, hearing or other fees), but only up to the amount of the filing fees you would have incurred if you had brought a claim in court." Plaintiff has already paid a filing fee of $402 (Dkt. 1, receipt 2047) and, therefore, would not be responsible for any additional fees related to arbitration proceedings pursuant to the alleged card member agreement. Mandating Plaintiff to incur further arbitration fees would be in direct contravention of this provision.

3. **Legal Precedents Supporting Plaintiff's Position**

   **Court Rules as Binding Law**

   - Court rules are not mere guidelines but have the full force of law and must be adhered to strictly. As outlined in Plaintiff's Motion to Vacate, court rules are legally binding, and their violation constitutes grounds for vacating the Court's orders.
   - The following case law illustrates the binding nature of court rules:
     - "Court and litigants must follow these rules in the same manner as they must obey a statute." — ***Beasley v. U.S.*** D.C.S.C. 1948, 81 F.Supp. 518.
     - "Rules promulgated by the Supreme Court have the force of law unless in contravention of federal statutes." — ***Kuenzel v. Universal Corloading & Distributing Co.*** D.C.Pa. 1939, 29 F.Supp. 407.

- "These rules [F.R.Civ.P.] have the same effect as a statute and are as binding upon the court as upon counsel." — ***Barrezueta v. Sword S.S. Line*** D.C.N.Y. 1939, 27 F.Supp. 935.
- "These rules have the force of law." — ***Kowalewski v. Pennsylvania R. Co.*** D.C.Del. 1957, 21 F.R.D. 244.
- "These rules have the same force and effect as statutory enactments of Congress." — ***U.S. v. Brandt D.C.Mont***. 1948, 8 F.R.D. 163.

o   The strict adherence to these rules ensures fairness and due process in judicial proceedings. In this case, the Defendant's violation of Local Rule 6-1, and the Court's subsequent improper granting of the extension, deprived the Plaintiff of due process and led to an erroneous order compelling arbitration.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court vacate the Order Compelling Arbitration entered on September 8, 2023 (Dkt. 49) and the Order Staying Proceedings entered on September 12, 2023 (Dkt. 50), and allow the case to proceed in this Court.

Respectfully Submitted,

*/s/ Joey Kimbrough*
Joey Kimbrough, Plaintiff, Pro Se
1712 Candy Court South
Kokomo, IN 46902
(765) 437-8451
joeykokomo2002@yahoo.com

## Certificate of Service

  I hereby certify that on July19th, 2024, I electronically filed the foregoing with the Clerk of the Court by email with attachments as is required by the Court. Also, service was made on counsel by email:

**Distribution:**

All ECF-registered counsel of record

                 Respectfully Submitted,
                 /s/ *Joey Kimbrough*