# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| JOEY KIMBROUGH, | Case No. 1:22-cv-01993-TWP-MJD |
| Plaintiff, | **RESPONSE IN OPPOSITION TO PLAINTIFF'S OBJECTIONS** |
| v. | |
| AMERICAN EXPRESS COMPANY AKA AMERICAN EXPRESS NATIONAL BANK, | |
| Defendant. | |

Defendant American Express National Bank ("American Express") files this response in opposition to Plaintiff's Objection to Court's Order, filed on July 18, 2024, and served on July 19, 2024 [ECF No. 105], and to Plaintiff's Objection to Court's Order Denying Motion to Vacate, filed on July 19, 2024, and served on July 22, 2024 [ECF No. 106] (together, the "Objections"). Plaintiff Joey Kimbrough ("Plaintiff") contends that both filings are "to preserve the record for potential Appellate review." For the reasons below, as well as those already thoroughly considered by this Court during these proceedings, Plaintiff's Objections should be overruled.

## BACKGROUND

On May 16, 2024, Plaintiff filed a Notice of Unauthorized Practice of Law and Motion to Compel wherein he requested that the Court "order Elise K. Haverman to provide evidence of her admission to practice before this Court or, alternatively, to withdraw her appearance, and for such other and further relief as the Court deems just and proper." [ECF No. 95.] In its Order on June 11, 2024, the Court denied that motion as moot, finding: "As of May 17, 2024, Ms. Haverman has complied with all local rules and requirements and has been properly admitted and authorized to practice law in the United States District Court for the Southern District of Indiana." [ECF No.

101.]

On May 17, 2024, Plaintiff filed a Motion to Vacate Order Staying Proceedings and Order Compelling Arbitration [ECF No. 94] wherein he requested that the Court vacate the Order on Motion to Compel Arbitration entered on September 8, 2023 [ECF No. 49] and the Order Staying Proceedings Pending Arbitration entered on September 12, 2023 [ECF No. 50]. In its Order on June 11, 2024, the Court denied that motion, rejecting Plaintiff's arguments concerning default and concerning Local Rule 6-1. [ECF No. 102.]

## LEGAL STANDARD

A magistrate judge may "hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action." 28 U.S.C. § 636(b)(1)(A). A district judge may reconsider any matter under that provision "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *Id.*

The Federal Rules, in turn, provide: "When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. **A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to.** The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a) (emphasis added).

## ARGUMENT

Plaintiff's Objections were filed more than a month after the orders entered by Magistrate Judge Dinsmore—well beyond the fourteen days allowed by Rule 72. Accordingly, Plaintiff "may not assign as error a defect in the order not timely objected to." Fed. R. Civ. P. 72(a). Even if the Objections had been timely filed, Plaintif has not identified any finding in the orders that "is clearly erroneous or is contrary to law." *Id.* Instead, Plaintiff repeats the same arguments that he made in his motions and, as Plaintiff readily concedes in the objections, both filings are "to preserve the record for potential Appellate review."

Plaintiff's contention that the Court lacks jurisdiction to order that he commence arbitration is yet further evidence of Plaintiff's lack of respect for this Court's authority. The Court entered its orders compelling arbitration and staying these proceedings nearly eleven months ago, and Plaintiff refuses to accept those rulings. Plaintiff appears unwilling to prosecute his claims in the manner that this Court has determined is required by the arbitration agreements. The Court is fully within its authority to manage this case, including Plaintiff's failure to adhere to deadlines. "[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016); *see also Turner v. Zurich*, No. 122CV01495JPHMKK, 2023 WL 5231492, at *2 (S.D. Ind. Feb. 24, 2023) ("[A]busive or frivolous filings will not be tolerated. The Court has inherent authority to manage its docket and protect its finite resources.").[1]

## CONCLUSION

For the foregoing reasons, the Court should overrule the Objections.

---

[1] Additionally, Plaintiff's arguments concerning the JAMS or AAA filings fees should be addressed to JAMS or AAA, who administer the arbitration proceedings, not this Court.

| | |
|---|---|
| Dated: August 2, 2024. | */s/ Stephen J. Newman* <br> Stephen J. Newman <br> California Bar No. 181570 <br> snewman@Steptoe.com <br> Adam R. Hoock <br> Florida Bar No. 118264 <br> California Bar No. 340811 <br> ahoock@Steptoe.com <br> **STEPTOE LLP** <br> 2029 Century Park East, 18th Floor <br> Los Angeles, CA 90067 <br> Telephone: +1 213 439 9400 <br> Fax: +1 213 439 9599 <br> docketing@steptoe.com <br><br> Elise K. Haverman <br> Florida Bar No. 1003004 <br> **STEPTOE LLP** <br> 1330 Connecticut Ave, NW <br> Washington, D.C. 20036 <br> Telephone: (202) 429-8102 <br> Facsimile: (202) 429-3902 <br><br> *Attorneys for Defendant American Express National Bank* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 2, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and certify that a true and correct copy of the foregoing was provided to all parties and counsel of record, including: joeykokomo2002@yahoo.com.

/s/ Stephen J. Newman
Attorney

- 4 -