UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT of INDIANA
Indianapolis Division

JOEY KIMBROUGH,

    Plaintiff,

  v.

AMERICAN EXPRESS COMPANY AKA AMERICAN EXPRESS NATIONAL BANK;

and

TRANS UNION LLC (*settled and dismissed*)

    Defendants.

Case No. 1:22-cv-1993-TWP-MJD

Honorable Tanya Walton Pratt
Magistrate Judge Mark J. Dinsmore

**FILED**

**08/11/2024**

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

## Reply to Defendant's Response in Opposition to Plaintiff's Objections

**COMES NOW** Plaintiff, Joey Kimbrough, proceeding pro se, and respectfully submits this Reply in response to Defendant American Express National Bank's "Response in Opposition to Plaintiff's Objections" of the Plaintiff's Objections (Dkt. 105 and 106) concerning the Court's Orders dated June 11, 2024 (Dkt. 101 and 102). Plaintiff has duly filed objections to these Orders, which denied his motions regarding the unauthorized practice of law by Defendant's counsel and the motion to vacate the orders compelling arbitration. Plaintiff asserts that the Defendant's opposition fails to address the substantive legal and procedural deficiencies raised in his objections, specifically concerning Defendant's non-compliance with Local Rule 6-1 and the improper mandate by the Court requiring Plaintiff to initiate arbitration proceedings. Through

this Reply, Plaintiff seeks to clarify the issues at hand, reiterate his legal arguments, and request the appropriate relief as dictated by law and the principles of justice.

**Timeliness of Plaintiff's Objections**

The Defendant argues that the Plaintiff's objections are untimely because they were filed beyond the 14-day period stipulated by Federal Rule of Civil Procedure 72(a). However, this argument neglects a crucial legal principle: challenges to jurisdiction can be raised at any time during the proceedings. Jurisdiction is a core requirement for any court's authority to issue rulings, and any judgment or order issued by a court lacking jurisdiction is void. Such void judgments are not constrained by typical time limitations and can be challenged at any stage, even after the 14-day objection period has passed.

As established in **Long v. Shorebank Development Corp**. (182 F.3d 548, C.A. 7 Ill. 1999), "A void judgment which includes judgment entered by a court which lacks jurisdiction over the parties or the subject matter, or lacks inherent power to enter the particular judgment, or an order procured by fraud, can be attacked at any time, in any court, either directly or collaterally, provided that the party is properly before the court". This precedent supports the Plaintiff's position that objections challenging the Court's jurisdiction are not time-barred and must be considered.

The Plaintiff's objections in this case raise significant jurisdictional concerns, including but not limited to the unauthorized practice of law by Defendant's counsel, Ms. Elise K. Haverman. As noted in Plaintiff's Objection to the Court's Order (Dkt. 101), there is a serious question regarding whether Ms. Haverman was properly admitted to practice before this Court at the time of her initial appearance. The Plaintiff has argued that this oversight could invalidate

subsequent proceedings, making it a fundamental jurisdictional issue. The Court's failure to address this issue adequately in its Order necessitates reconsideration.

Furthermore, the Plaintiff's Objection to the Court's Order (Dkt. 102) highlights a procedural violation concerning Local Rule 6-1. The Plaintiff contends that the Court improperly granted the Defendant's Motion for Extension of Time, which resulted in the Defendant being in default. This default status raises a significant jurisdictional question regarding the validity of the Court's subsequent orders, including the order compelling arbitration.

In summary, the Plaintiff asserts that the objections filed are timely and appropriate under the circumstances, given the fundamental jurisdictional issues raised. These issues, which challenge the very authority of the Court to issue its previous orders, must be addressed to ensure the validity and enforceability of any rulings in this case.

## Merits of Plaintiff's Objections

The Defendant argues that the Plaintiff's objections lack merit because they merely reiterate arguments already considered and rejected by the Court. However, this characterization overlooks the substantive and legally significant issues raised by the Plaintiff, which directly challenge the validity of the Court's prior orders. The Plaintiff's objections are not a simple rehashing of previous arguments but rather a necessary examination of fundamental legal errors that impact the integrity of the judicial process.

1. **Unauthorized Practice of Law**:
    - In the Plaintiff's Objection to the Court's Order (Dkt. 101), the Plaintiff raised serious concerns regarding the unauthorized practice of law by Defendant's counsel, Elise K. Haverman. The Plaintiff argued that Ms. Haverman appeared in

    this case without being properly admitted to practice before this Court at the time of her initial appearance. This issue is not a minor procedural error but a fundamental violation that could undermine the legitimacy of all subsequent actions taken by Ms. Haverman on behalf of the Defendant. The Court's failure to address the period during which Ms. Haverman was not properly admitted is a significant oversight that warrants reconsideration of the Court's order.

- The Plaintiff cited Local Rule 83-5(a), which mandates that only members of the Court's bar may represent parties before the Court. The Plaintiff contends that Ms. Haverman's actions during the period when she was not compliant with this rule amount to an unauthorized practice of law, raising a substantial question about the Court's jurisdiction over the matters presented by her during that time. This is not merely a technicality but a serious issue that affects the core of judicial proceedings and should not be dismissed lightly.

2. **Violation of Local Rule 6-1**:
    - In the Plaintiff's Objection to the Court's Order (Dkt. 102), the Plaintiff pointed out that the Court improperly granted the Defendant's Motion for Extension of Time in violation of Local Rule 6-1, which restricts the length of such extensions. The Plaintiff argued that this violation placed the Defendant in default, which is a critical factor that the Court did not adequately consider in its ruling. A party in default cannot seek affirmative relief from the Court, such as an order compelling arbitration. Therefore, the Plaintiff's objection is grounded in a legitimate legal concern that goes to the heart of the Court's ability to enforce its orders.

- o Additionally, the Plaintiff noted that the Court's mandate requiring the Plaintiff to initiate arbitration was inconsistent with the terms of the arbitration agreement. The arbitration agreement clearly stipulates that the party electing arbitration is responsible for initiating the proceedings. The Court's directive for the Plaintiff to do so oversteps its authority and contradicts the agreement's terms, raising further questions about the fairness and legality of the Court's orders.

3. **Jurisdictional and Procedural Fairness**:
   - o The Plaintiff's objections also address broader issues of procedural fairness and due process, which are essential to the proper administration of justice. The unauthorized practice of law and the improper handling of procedural rules, as highlighted by the Plaintiff, represent significant departures from established legal norms that must be corrected to preserve the integrity of these proceedings. The Plaintiff's objections are thus meritorious, as they seek to ensure that the Court's orders are based on a sound legal foundation and that all parties are afforded their rightful protections under the law.

## Jurisdiction and Authority of the Court

The Defendant contends that the Plaintiff's objections demonstrate a lack of respect for the Court's authority, particularly regarding the Court's orders compelling arbitration and staying the proceedings. However, this argument fails to recognize the critical legal principle that jurisdiction is a prerequisite for any exercise of judicial authority. Without proper jurisdiction, the Court's orders are void and unenforceable. Therefore, the Plaintiff's objections, which challenge the Court's jurisdiction, are not only appropriate but necessary to ensure that justice is served.

1. **Jurisdictional Challenges are Foundational**:

    o   It is a well-established principle that a court must have jurisdiction over both the subject matter and the parties involved to issue valid rulings. If a court lacks jurisdiction, any orders it issues are void ab initio. As noted in ***Wahl v. Round Valley Bank*** (38 Ariz. 411, 300 P. 955, 1931), "Void judgments are those rendered by a court which lacked jurisdiction, either of the subject matter or the parties". This principle is further supported by ***Long v. Shorebank Development Corp.*** (182 F.3d 548, C.A. 7 Ill. 1999), where the court held that a void judgment can be attacked at any time, either directly or collaterally.

    o   In this case, the Plaintiff has raised serious concerns regarding the Court's jurisdiction, particularly in relation to the unauthorized practice of law by Defendant's counsel, Elise K. Haverman. The Plaintiff argues that Ms. Haverman appeared in this case without being properly admitted to practice before this Court at the time of her initial appearance. This issue directly impacts the Court's jurisdiction, as actions taken by an attorney who is not properly admitted may be considered void. The Plaintiff's objections are therefore critical to determining whether the Court had the authority to issue the orders in question.

2. **Court's Overreach in Mandating Arbitration**:

    o   The Plaintiff also challenges the Court's authority to mandate that the Plaintiff initiate arbitration proceedings. According to the arbitration agreement between the parties, the responsibility to initiate arbitration lies with the party electing arbitration, which in this case is the Defendant. By requiring the Plaintiff to initiate arbitration, the Court exceeded its authority and acted in a manner

    inconsistent with the terms of the agreement. This overreach further calls into question the validity of the Court's order compelling arbitration.

- The Plaintiff's objection is not an attempt to undermine the Court's authority but rather an effort to ensure that the Court acts within the bounds of its jurisdiction and authority. The Court's mandate that the Plaintiff initiate arbitration contradicts the clear terms of the agreement and represents an overextension of judicial power. This issue must be addressed to preserve the integrity of the judicial process and to ensure that the Court's orders are legally sound.

3. **Procedural Fairness and Due Process**:
    - The Plaintiff's objections also touch upon broader concerns of procedural fairness and due process. The unauthorized practice of law by Ms. Haverman, the improper handling of procedural rules, and the Court's overreach in mandating arbitration all represent significant departures from established legal norms. These issues are not merely procedural technicalities but are fundamental to ensuring that the Plaintiff receives a fair hearing and that the Court's orders are based on a solid legal foundation.
    - The Plaintiff's challenge to the Court's jurisdiction is a legitimate and necessary part of ensuring that the proceedings are conducted in accordance with the law. Jurisdictional challenges are not disrespectful to the Court; rather, they are an essential part of the legal process that helps maintain the rule of law and protect the rights of all parties involved.

**Conclusion**

In conclusion, the Plaintiff respectfully submits that his objections are both timely and meritorious, addressing critical issues of jurisdiction, procedural fairness, and the proper exercise of the Court's authority. The Plaintiff's concerns regarding the unauthorized practice of law by Defendant's counsel, the violation of local procedural rules, and the Court's overreach in mandating arbitration are not trivial matters. These issues strike at the heart of the legal process, questioning the validity of the Court's orders and the fairness of the proceedings.

The principle that jurisdictional challenges can be raised at any time is well-established in the law. As such, the Plaintiff's objections, which directly address the Court's jurisdiction, must be considered by the Court regardless of when they were filed. Jurisdiction is a fundamental requirement for any court to exercise its authority, and any ruling issued without proper jurisdiction is void and unenforceable. The Plaintiff's objections aim to ensure that the Court's actions are legally valid and grounded in the proper exercise of its jurisdiction.

Moreover, the Plaintiff's objections raise significant concerns about the procedural integrity of these proceedings. The unauthorized practice of law by Defendant's counsel and the Court's improper handling of procedural rules suggest that the Plaintiff has not been afforded the full protections to which he is entitled under the law. These concerns are not only legitimate but essential to the fair administration of justice.

The Plaintiff's objections are not intended to undermine the Court's authority but to safeguard the legal process and ensure that all parties receive a fair and just hearing. The Plaintiff urges the Court to reconsider its prior orders in light of the issues raised, to correct any deficiencies, and to ensure that the proceedings in this case are conducted in a manner consistent with the law and principles of due process.

For these reasons, the Plaintiff respectfully requests that the Court overrule the Defendant's Response in Opposition, uphold the Plaintiff's objections, and take appropriate corrective action to address the jurisdictional and procedural issues identified.

Respectfully Submitted,

/s/ *Joey Kimbrough*
Joey Kimbrough, Plaintiff, Pro Se
1712 Candy Court South
Kokomo, IN 46902
(765) 437-8451
joeykokomo2002@yahoo.com

## Certificate of Service

I hereby certify that on August 11th, 2024, I electronically filed the foregoing with the Clerk of the Court by email with attachments as is required by the Court.

**Distribution:**

All ECF-registered counsel of record

Respectfully Submitted,
/s/ *Joey Kimbrough*