UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT of INDIANA
Indianapolis Division

| | |
|---|---|
| JOEY KIMBROUGH,<br><br>    Plaintiff,<br><br>v.<br><br>AMERICAN EXPRESS COMPANY AKA AMERICAN EXPRESS NATIONAL BANK;<br><br>and<br><br>TRANS UNION LLC (*settled and dismissed*)<br><br>    Defendants. | Case No. 1:22-cv-1993-TWP-MJD<br><br>Honorable Tanya Walton Pratt<br>Magistrate Judge Mark J. Dinsmore<br><br>**FILED**<br>**08/14/2024**<br>U.S. DISTRICT COURT<br>SOUTHERN DISTRICT OF INDIANA<br>Roger A.G. Sharpe, Clerk |

### OBJECTION TO COURT'S ORDER DENYING PLAINTIFF'S NOTICE OF WAIVER OF ARBITRATION

Plaintiff, Joey Kimbrough, respectfully submits this objection to the Court's Order dated August 1, 2024 (Dkt. 107), which denied Plaintiff's Notice of Waiver of Arbitration and associated motions [Dkt. 104]. This objection is presented to preserve the record for potential appellate review, particularly concerning the Court's failure to address significant statutory violations and professional misconduct by Defendant's counsel. In support of this objection, Plaintiff states as follows:

1. **Violation of Indiana Statute on Unauthorized Practice of Law**

The Indiana Code **IC 33-43-1-8(a)** explicitly prohibits the unauthorized practice of law, making it a **Class B misdemeanor** for an attorney to engage in deceit or collusion with the intent to deceive the court, a judge, **or a party** to judicial proceedings. **IC 33-43-1-8(b)** further provides for a civil action for treble damages by any person injured by such deceitful conduct. In this case, Defendant's counsel, including attorneys Stephen Newman, Adam Hoock, and David Switzler, engaged in unauthorized practice of law by participating in this litigation without proper admission to this Court. Despite their lack of authorization, these attorneys conducted legal proceedings, communicated with Plaintiff, and made representations to the Court under the false pretense of authority, thereby violating Indiana law.

2. **Instances of Unauthorized Practice of Law by Defendant's Counsel**

The record reflects that Defendant's counsel, specifically Stephen Newman, Adam Hoock, and David Switzler, actively participated in the litigation process during a period when they were not authorized to practice law before this Court. For instance, from May 2023 until the formal appearance of Attorney Adam Hoock on **June 9, 2023**, and the formal appearance of Attorney Stephen Newman on **June 22, 2023**, these individuals engaged in discovery and other case management activities without proper court admission, in direct contravention of **IC 33-43-1-8(a)**. Attorney David Switzler, who has never been admitted to practice in this Court, further compounded this violation by continuing to represent Defendant in official communications.

3. **Professional Misconduct by Defendant's Counsel**

The actions of Defendant's counsel also constitute professional misconduct under **Rule 8.4(c) of the Indiana Rules of Professional Conduct**, which prohibits lawyers from engaging in conduct involving dishonesty, fraud, deceit, or **misrepresentation**. By misrepresenting their authority to practice law in this jurisdiction, Defendant's counsel engaged in deceitful behavior that misled both the Plaintiff and the Court. Such conduct is not only unethical but also undermines the integrity of the legal process.

4. **The Duty of the Court to Address Misconduct**

Pursuant to **Canon 3B(6)** of the Judicial Canons of Conduct, the presiding judge has an affirmative duty to take appropriate action when presented with reliable information indicating potential misconduct by an attorney. It is particularly troubling that these actions are taking place in the Court of the Chief Judge of the Southern District of Indiana, Honorable Tanya Walton Pratt, while she is presiding. The fact that these statutory violations and ethical breaches are occurring under the watch of the Chief Judge raises serious concerns about the integrity of the judicial process, especially given that these **crimes** are being committed against a pro se litigant.

Even more concerning is that Magistrate Judge Mark J. Dinsmore, in dismissing Plaintiff's allegations, incorrectly conflated these new, distinct charges of fraud and unauthorized practice of law with matters previously addressed in Docket 101. In his Order, Magistrate Judge Dinsmore stated, "Plaintiff also alleges fraud, arguing that Defendant's counsel misrepresented their authority to practice law in this jurisdiction. [Dkt. 104 at 6.] This argument is meritless, and like his arbitration argument, has already been addressed by the Court. See [Dkt. 101.]" However, this assertion is entirely false.

The fraud charges and criminal actions raised in the Plaintiff's Notice are completely separate and distinct from those outlined in Docket 101. The misrepresentation by Defendant's counsel concerning their authority to practice law in this jurisdiction constitutes a new and significant legal issue that has not been properly addressed by the Court.

Additionally, it is beyond troubling that Judge Dinsmore does not recognize that the misconduct of Defendant's counsel, including violating Indiana law, constitutes "exceptional circumstances" that warrant careful consideration. In citing *Love v. Vanihel*, 73 F.4th 439, 449 (7th Cir. 2023), Judge Dinsmore suggests that Plaintiff forfeited the argument regarding Defendant's waiver of arbitration by failing to raise it earlier.

However, the application of *Love v. Vanihel* in this context appears misapplied. In *Love*, the claimant lost his ability to bring forth claims due to not raising them in the administrative process and the district court. This is not analogous to the present case, where the Plaintiff has clearly brought forth his claims in this District Court. The Plaintiff contends that the exceptional circumstances arising from the Defendant's counsel's **criminal misconduct** should indeed warrant reconsideration of the waiver of arbitration.

The appearance of complicity by the Court in allowing unauthorized practice of law and professional misconduct further erodes public trust. The Court's failure to acknowledge and act upon these issues in its Order not only undermines the rule of law but also casts doubt on the impartiality and fairness of the proceedings. The duty to uphold the law and protect the rights of all litigants, particularly those who are

unrepresented, obligates this Court to reconsider its ruling in light of these grave statutory and ethical violations.

5. **The Court's Obligation to Intervene**

The unauthorized practice of law by Defendant's counsel constitutes a serious breach of Indiana law, specifically **IC 33-43-1-8(a)**, and a violation of ethical standards. These actions rise to the level of **criminal** conduct and place a legal obligation on the Court to intervene (emphasis added). Failure to address these violations undermines the legitimacy of the judicial process and the rule of law. Accordingly, Plaintiff respectfully submits that the Court must take appropriate steps to address the unauthorized practice of law by Defendant's counsel, including revisiting the Order denying Plaintiff's motions, to prevent further miscarriage of justice.

**Request for Relief**

Based on the foregoing, Plaintiff respectfully requests that this Court:

1. Reconsider its Order denying Plaintiff's Notice of Waiver of Arbitration and associated motions.
2. Acknowledge and address the unauthorized practice of law and professional misconduct by Defendant's counsel.
3. Take appropriate judicial action to rectify the violations of Indiana law and ethical standards, as required by the Judicial Canons.
4. Grant any other relief that the Court deems just and proper.

Respectfully Submitted,

/s/ *Joey Kimbrough*
Joey Kimbrough, Plaintiff, Pro Se
1712 Candy Court South
Kokomo, IN 46902
(765) 437-8451
joeykokomo2002@yahoo.com

## Certificate of Service

I hereby certify that on August 14th, 2024, I electronically filed the foregoing with the Clerk of the Court by email with attachments as is required by the Court.

**Distribution:**

All ECF-registered counsel of record

Respectfully Submitted,
/s/ *Joey Kimbrough*