UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOEY KIMBROUGH, | Case No. 1:22-cv-01993-TWP-MJD |
| Plaintiff, | **RESPONSE IN OPPOSITION TO PLAINTIFF'S OBJECTION TO COURT'S ORDER DENYING PLAINTIFF'S NOTICE OF WAIVER OF ARBITRATION** |
| v. | |
| AMERICAN EXPRESS COMPANY AKA AMERICAN EXPRESS NATIONAL BANK | |
| and | |
| TRANS UNION LLC | |
| Defendants. | |

Defendant American Express National Bank ("American Express") files this response in opposition to Plaintiff's Objection to Court's Order Denying Plaintiff's Notice of Waiver of Arbitration (the "Objection") [ECF No. 111]. Plaintiff filed his Notice of Waiver of Arbitration, Motion to Address Unauthorized Practice of Law, and Motion to Proceed with Case Management Plan (the "Motion") [ECF No. 104], which the Court denied by Order dated August 1, 2024 (the "Order") [ECF No. 107]. For the reasons below, as well as those already exhaustively considered by this Court during these proceedings, the Objection should be overruled.

## BACKGROUND

This Court entered an order compelling Plaintiff's claims to arbitration on September 8, 2023 [ECF No. 49], and stayed all proceeding pending completion of arbitration on September 12, 2023 [ECF No. 50]. Plaintiff has challenged those rulings in this Court over and over again, as evidenced by the continuous filings during the intervening eleven months. And Plaintiff even filed two appeals from this case with the Seventh Circuit, which were both dismissed for lack of jurisdiction. [ECF Nos. 82 & 83.]

On May 30, 2024, Plaintiff and counsel for American Express appeared in person for a Status Conference before Magistrate Judge Dinsmore. [ECF No. 97.] The Court subsequently entered on Order on June 11, 2024, requiring that Plaintiff initiate arbitration proceedings by July 19, 2024, or risk a determination from the Court that he has abandoned his claim.[1] [ECF No. 102.] Rather than complying with the repeated orders of this Court to proceed to arbitration of his claim, Plaintiff once again has filed multiple dilatory papers with this Court—including the Motion and the Objection. The Court should overrule the Objection in its entirety.

## LEGAL STANDARD

A magistrate judge may:

> hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action.

28 U.S.C. § 636(b)(1)(A). A district judge may reconsider any matter under that provision "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *Id.*

The Federal Rules, in turn, provide:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. **A party may not assign as error a defect in the order not timely objected to.** The district judge in the case must consider timely objections and **modify or set aside any part of the order that is clearly erroneous or is contrary to law**.

Fed. R. Civ. P. 72(a) (emphasis added).

---

[1] Given Plaintiff's failure to comply with the deadlines set by Magistrate Judge Dinsmore's order, American Express intends to move to dismiss the action pursuant to Fed. R. Civ. P. 41(b) due to Plaintiff's failure to comply with the Court's orders and prosecute his claim.

## ARGUMENT

Plaintiff sought three forms of relief in the Motion: (1) a finding that American Express waived its right to compel arbitration; (2) a ruling by the Court on Plaintiff's unjustified accusations against counsel; and (3) entry of a case management plan. The first and third requests have already been rejected by this Court in previous rulings, and Plaintiff presented no argument to justify reconsideration. Further, Plaintiff does not raise either the first or third requests in the Objection, so Plaintiff cannot assign any error to the Order with respect to those issues. *See* Fed. R. Civ. P. 72(a) ("A party may not assign as error a defect in the order not timely objected to.").[2]

With respect to the second issue sought in the Motion, Plaintiff alleges outrageous and outlandish accusations in the Motion and Objection that counsel for American Express has engaged in the unauthorized practice of law before this Court, contends that counsel violated criminal statutes and professional rules of conduct, and otherwise advances offensive accusations

---

[2] In any event, the Court already rejected the issue of waiver in its Order on Motion to Compel Arbitration, entered on September 8, 2023 [ECF No. 49 at p.5 n.3]. "The Court already considered these arguments and rejected them." *Ford Motor Credit Co. LLC v. Jim True Ford Mercury, Inc.*, No. 119CV04368RLYTAB, 2021 WL 6050000, at *2 (S.D. Ind. Dec. 21, 2021) (denying a motion to reconsider that "simply repeats and repackages their previous arguments"). Additionally, any new arguments that were not previously raised are not proper to raise in a motion for reconsideration. *See Anton Realty, LLC v. Guardian Brokers Ltd., Inc.*, No. 1:13-CV-01915-JMS, 2015 WL 4878249, at *2 (S.D. Ind. Aug. 14, 2015).

With respect to the request to proceed with a case management plan, this Court stayed these proceedings on September 12, 2023, nearly a year ago. [ECF No. 50.] Proceedings that have been stayed should be treated by the parties exactly that way—stayed. Instead, Plaintiff has forced counsel and this Court to expend countless hours on preparing responses to his endless court filings and frivolous appeals. There is no basis for the Court to proceed with a case management plan because the Court has ordered that Plaintiff proceed in arbitration pursuant to the express terms of the arbitration agreements between Plaintiff and American Express and has stayed these proceeds as required by law. *See* 9 U.S.C. § 3 ("If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement . . ."). The Supreme Court's recent decision in *Smith v. Spizzirri* requires that the Court stay the action to allow completion of the arbitration proceedings. *See Smith v. Spizzirri*, 601 U.S. 472, 478 (2024). Indeed, should any issues arise during or as a result of the arbitration proceedings, the FAA authorizes this Court's involvement in a "supervisory role" even after the matter has been compelled to arbitration. *See id.* But these proceedings are not "stayed" if Plaintiff continues his repeated practice of filing motions and other documents on the docket. And this Court cannot supervise arbitration proceedings if Plaintiff repeatedly refuses to comply with the Court's rulings to commence those proceedings.

of dishonesty, fraud, deceit, misrepresentation, and "criminal misconduct" against undersigned counsel. (Objs. 1–5; Mot. 6–9.) There is no merit to these claims. As the record reflects, attorney Adam Hoock was admitted to this Court on June 9, 2023, and entered his appearance that same day. [ECF No. 23.] Attorney Stephen Newman was admitted to this Court on June 15, 2023, and entered his appearance one week later. [ECF No. 24.] Counsel has never engaged in the unauthorized practice of law before this Court.

Plaintiff has not identified any actual actions taken by counsel that would constitute a violation of the Court's rules.[3] Local Rule 83-5 provides, "The Indiana Rules of Professional Conduct . . . govern the conduct of those practicing in the court." *See* Local R. 83-5(f). Those rules, in turn, state the following concerning the multijurisdictional practice of law:

> A lawyer who is not admitted to practice in this jurisdiction, but is admitted in another United States jurisdiction, and not disbarred or suspended from practice in any jurisdiction, may provide legal services on a temporary basis in this jurisdiction

---

[3] Indeed, none of the exhibits attached to the Motion provide any evidence that counsel violated the Court's rules, or any other rules or statutes, criminal or otherwise. The exhibits consist primarily of email chains documenting administrative tasks regarding numerous attempts to process the transmission of Plaintiff's document request files, American Express's requests for extensions of time, and informational emails concerning counsel's contact information. Specifically: Exhibit A [ECF No. 104-1] is an email chain between Plaintiff and former counsel for American Express; Exhibit B [ECF No. 104-2] is an email chain between Plaintiff, attorneys Newman and Switzler, and the firm's litigation support in furtherance of Plaintiff's attempt to resend previous discovery request files; Exhibit C [ECF No. 104-3] is an email from Plaintiff to attorneys Newman and Switzler and the firm's litigation support regarding an attempt to submit files by Dropbox; Exhibit D [ECF No. 104-4] is an email chain between Plaintiff and attorneys Hoock and Switzler dated June 12, 2023, beginning with Plaintiff's acknowledgement that attorney Hoock had been admitted to practice before this Court prior to entering an appearance in this matter; Exhibit E [ECF No. 104-5] is an email chain between Plaintiff and attorneys Newman, Switzler, and Hoock regarding Plaintiff's attempts to transmit discovery request files; Exhibit F [ECF No. 104-6] is an email chain between Plaintiff and attorneys Newman, Switzler, and Hoock regarding transmission of discovery request files; Exhibit G [ECF No. 104-7] is an email chain between Plaintiff and attorneys Switzler and Hoock regarding a request to file an unopposed motion for enlargement of time to respond to Plaintiff's motion for summary judgment and to Plaintiff's discovery requests; Exhibit H [ECF No. 104-8] is an email chain between Plaintiff and attorneys Newman, Switzler, and Hoock regarding Plaintiff's request for email service of documents and regarding a request for an extension of time for Initial Disclosure exchange; Exhibit I [ECF No. 104-9] is Plaintiff's submission to attorneys Newman, Switzler, and Hoock of a settlement demand; Exhibit J [ECF No. 104-10] is a series of automatic responses sent by the email accounts of attorneys Newman, Switzler, and Hoock that counsel had left the firm of Stroock & Stroock & Lavan LLP; Exhibit K [ECF No. 104-11] is the Steptoe LLP firm contact information for attorney Hoock and the date of his admission before this Court on June 9, 2023; Exhibit L [ECF No. 104-12] is the Steptoe LLP firm contact information for attorney Newman and the date of his admission before this Court on June 15, 2023; and Exhibit M [ECF No. 104-13] is the Steptoe LLP firm contact information for attorney Switzler and a system notice that he is not admitted before this Court.

> that: [. . .] are in or reasonably related to a pending or potential proceeding before a tribunal in this or another jurisdiction, if the lawyer, or a person the lawyer is assisting, is authorized by law or order to appear in such proceeding *or reasonably expects to be so authorized* [. . .].

See Indiana Rules of Professional Conduct, Rule 5.5(c)(2)(emphasis added).

There is no question that attorneys Hoock and Newman are admitted to practice in this jurisdiction through the application process outlined in Local Rule 83-5(c). During the timeline of events from May and June 2023 raised by Plaintiff in his Motion and Objection, attorneys Hoock and Newman—who represented American Express and had just taken over the handling of this particular case from the previous attorney of record—likewise were admitted to practice in various other United States jurisdictions, were not disbarred or suspended from practice in any jurisdiction, and expected to be authorized to appear in these proceedings (and timely applied for, and were granted, such admission as just outlined above), in compliance with Rule 5.5(c)(2)'s provisions concerning the multijurisdictional practice of law.

Attorney David Switzler—likewise admitted to practice in various other United States jurisdictions and not disbarred or suspended from practice in any jurisdiction—anticipated applying for admission and expected to be admitted to this Court at the time of his correspondence with Plaintiff. Attorney Switzler ultimately did not appear in the proceedings before this Court, however, due to firm staffing decisions given that attorneys Hoock and Newman were handling the matter. Accordingly, attorney Switzler did not engage in the unauthorized practice of law.

In sum, the Court should reject Plaintiff's baseless character attacks on the professionalism of counsel for American Express. Further, the allegations and statements contained in the Motion and the Objection are a violation of Rule 11(b).

## **CONCLUSION**

For the foregoing reasons, the Court should overrule the Objection.

Dated:  August 28, 2024.

*/s/ Adam R. Hoock*
Stephen J. Newman
California Bar No. 181570
snewman@Steptoe.com
Adam R. Hoock
Florida Bar No. 118264
California Bar No. 340811
ahoock@Steptoe.com
**STEPTOE LLP**
2029 Century Park East, 18th Floor
Los Angeles, CA 90067
Telephone: +1 213 439 9400
Fax: +1 213 439 9599
docketing@steptoe.com

Elise K. Haverman
Florida Bar No. 1003004
**STEPTOE LLP**
1330 Connecticut Ave, NW
Washington, D.C. 20036
Telephone: (202) 429-8102
Facsimile:  (202) 429-3902

*Attorneys for Defendant American Express National Bank*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 28, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and certify that a true and correct copy of the foregoing was provided to all parties and counsel of record, including: joeykokomo2002@yahoo.com.

*/s/ Adam R. Hoock*
Attorney