UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT of INDIANA
Indianapolis Division

**FILED**

**10/11/2024**

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Kristine L. Seufert, Clerk

JOEY KIMBROUGH,

    Plaintiff,

v.

AMERICAN EXPRESS COMPANY AKA AMERICAN EXPRESS NATIONAL BANK;

and

TRANS UNION LLC (*settled and dismissed*)

    Defendants.

Case No. 1:22-cv-1993-TWP-MJD

Honorable Tanya Walton Pratt
Magistrate Judge Mark J. Dinsmore

**PLAINTIFF'S RESPONSE TO THE COURT'S SHOW CAUSE ORDER**

1. Introduction

The Plaintiff, appearing pro se, respectfully submits this *Response to the Court's Order to Show Cause* (*Id.* **Docket 114**). As detailed herein, the Plaintiff contends that the Order Compelling Arbitration is legally invalid and should be vacated, as AMEX, through its extensive participation in the litigation process, has waived its right to compel arbitration. This position is supported by established 7th Circuit precedent. Moreover, the misapplication of the arbitration agreement's terms by shifting the burden to initiate arbitration onto the Plaintiff is improper, contrary to the terms of the agreement, and unsupported by legal principles, including recent 7th Circuit rulings.

In addition to the numerous procedural violations that have been meticulously detailed by the Plaintiff and either dismissed or overruled by the Court, there exist substantial grounds to vacate the Void Orders issued by this Honorable Court. These procedural infractions are not merely technical oversights but constitute serious violations of both **local rules** and **state law**, thereby undermining the integrity of the proceedings. Among the most egregious of these violations are: (1) Counsel's failure to file a proper appearance prior to submitting pleadings, in direct contravention of Local Rule 83-7; (2) Counsel's failure to submit a mandatory motion for withdrawal, leaving the Plaintiff without proper notification or compliance with governing ethical obligations; and (3) multiple instances of **unauthorized practice of law** by counsel, in blatant violation of Indiana statutory requirements. These infractions, taken together, raise serious concerns regarding procedural fairness and have been properly preserved on the record for appellate scrutiny. The Plaintiff submits that these issues alone, irrespective of the substantive legal arguments, warrant appellate review and provide further compelling justification for **vacating** the erroneous orders issued by this Court.

2. **Magistrate Judge Dinsmore's Order and 7th Circuit Case Law Supporting Waiver of Arbitration Due to Participation in Discovery**

As established in Magistrate Judge Dinsmore's Order (*Id. Docket 19*) filed on **May 26, 2023**, the case entered the discovery phase, and all parties, including AMEX, were expected to actively engage in gathering admissible evidence to support their claims or defenses in preparation for trial. Specifically, the order stated:

> "This case is entering the discovery phase, which means each party should be seeking admissible evidence to support the party's claims or defenses and preparing its case for trial."

During this discovery phase, AMEX, through its active participation in pretrial litigation for **312 days** before filing its motion to compel arbitration, waived its right to enforce arbitration.

**AMEX's Participation in Litigation Activities**

From the initial filing of the complaint on **October 7, 2022**, until the *Motion to Compel Arbitration* was filed on **August 15, 2023**, AMEX participated actively in litigation. These actions, including engaging in discovery discussions, are outlined in various email exchanges between the Plaintiff and AMEX's counsel, as detailed in ***Docket 104***. Examples of these email communications, which occurred between **May 11, 2023**, and **June 22, 2023**, show that AMEX's counsel was actively involved in discovery coordination. During this period, AMEX also filed motions, communicated regarding discovery matters, and engaged in substantive litigation activities. Importantly, ***Docket 111*** notes that during these exchanges, **AMEX's counsel had not yet been fully admitted to practice before the Court**, further highlighting the extent of AMEX's participation in litigation. (*emphasis added*)

**Waiver of Arbitration Under 7th Circuit Precedent**

The 7th Circuit has consistently held that when a party engages in litigation activities, particularly discovery, before seeking arbitration, it waives the right to arbitrate. The following cases from the **7th Circuit** support the Plaintiff's argument that AMEX's extensive participation in this case constitutes a clear waiver of its arbitration rights:

1. ***Cabinetree of Wisconsin, Inc. v. Kraftmaid Cabinetry, Inc.***, 50 F.3d 388 (7th Cir. 1995): In this case, the defendant sought arbitration after engaging in litigation activities for several months, including discovery. The **7th Circuit** found that the defendant waived its right to arbitration by participating in pretrial proceedings and then attempting to compel arbitration. The court reasoned that a party **cannot** invoke the litigation machinery and later switch to arbitration as a fallback when it suits their interests. Similarly, AMEX's

**312 days** of participation in discovery and pretrial activities before seeking arbitration is a clear waiver of its arbitration rights.

2. ***St. Mary's Medical Center of Evansville, Inc. v. Disco Aluminum Products Co.***, 969 F.2d 585 (7th Cir. 1992):

   In *St. Mary's*, the court found that the defendant waived its right to arbitration after litigating for ten months, including engaging in discovery. The court ruled that a defendant who actively participates in litigation demonstrates an intent to resolve the dispute in court, thereby waiving any subsequent claim to arbitrate. In the present case, AMEX's involvement in discovery following the May 26, 2023, Order, along with its **312 days** of active litigation, mirrors the circumstances in *St. Mary's*, further supporting the waiver argument.

3. ***Grumhaus v. Comerica Securities, Inc.***, 223 F.3d 648 (7th Cir. 2000):

   In *Grumhaus*, the court upheld the denial of arbitration where the defendant participated in litigation, including discovery, for over two years before attempting to compel arbitration. While AMEX's delay is shorter than in *Grumhaus*, its **312 days** of active litigation before filing its motion to compel arbitration is substantial and similarly constitutes a waiver of the right to arbitrate.

4. ***Halim v. Great Gatsby's Auction Gallery, Inc.***, 516 F.3d 557 (7th Cir. 2008):

   In this case, the court found that the defendant waived its right to arbitration by litigating for over a year before seeking to arbitrate. AMEX's **312-day** delay in the present case, combined with its active participation in discovery and pretrial activities, mirrors the facts in *Halim* and supports a finding of waiver.

5. ***Kawasaki Heavy Industries, Ltd. v. Bombardier Recreational Products, Inc.***, 660 F.3d 988 (7th Cir. 2011):

The court upheld the denial of arbitration where the party seeking arbitration had substantially invoked the litigation process before requesting arbitration. In this case, AMEX's engagement in discovery and litigation activities over a **312-day** period similarly constitutes a waiver of its right to compel arbitration under the reasoning in *Kawasaki*.

**Conclusion on Waiver of Arbitration**

AMEX's extensive participation in pretrial litigation and discovery activities for **312 days** prior to filing its motion to compel arbitration constitutes a clear waiver of its right to arbitrate under binding **7th Circuit precedent**. Therefore, Plaintiff respectfully requests that the Court vacate the Order Compelling Arbitration and allow the case to proceed to trial.

3. **Misapplication of the Arbitration Agreement's Terms**

The Plaintiff further contends that the Court's directive requiring the Plaintiff to initiate arbitration constitutes a misapplication of the terms of the alleged arbitration agreement ("agreement"). The agreement, as presented by AMEX, explicitly places the burden of initiating arbitration on the party electing arbitration, **which in this case is AMEX**, not the Plaintiff. By shifting this responsibility to the Plaintiff, the Court has **overstepped its authority** and disregarded the terms of the alleged contractual agreement.

**Failure to Present Valid Arbitration Agreement**

AMEX has failed to provide sufficient proof of a valid arbitration agreement. The only evidence offered by AMEX is the *Declaration of Keith Herr*, which relies on general references to "**normal business practices**" rather than presenting the original contract or a properly authenticated duplicate. The *Best Evidence Rule*, under **Federal Rule of Evidence 1002**, requires that the **original** document be provided to prove the terms of a contract. No original or authenticated agreement has been provided by AMEX for the accounts referenced, making any motion to compel arbitration legally **deficient**.

**Supporting Case Law from the 7th Circuit**

1. *Wallrich v. Samsung Electronics America, Inc.*, No. 23-2842 (7th Cir. 2024):

   In *Wallrich*, the 7th Circuit, **in a recent ruling**, reversed a decision compelling arbitration because there was insufficient proof of valid arbitration agreements. The court emphasized that an arbitration order cannot be compelled without proper evidence of an agreement's existence, a position that applies directly to the present case. Here, AMEX has similarly **failed to produce** a valid arbitration agreement, relying solely on declarations about "**normal business practices**." The *Wallrich* decision underscores the necessity for proper proof before compelling arbitration.

2. *Sosa v. Onfido, Inc.*, 8 F.4th 631 (7th Cir. 2021):

   In *Sosa*, the 7th Circuit held that arbitration orders are reviewed de novo and must be supported by sufficient evidence. In the present case, there is insufficient evidence of a valid arbitration agreement governing the accounts referenced by AMEX, and the Court's directive requiring Plaintiff to initiate arbitration contradicts both the contractual terms and binding precedent.

**Conclusion on Misapplication of Arbitration Terms**

Plaintiff respectfully requests that the Court correct the misapplication of the arbitration agreement by shifting the responsibility for initiating arbitration back to AMEX, as stipulated by the terms of the agreement. Furthermore, AMEX must produce the original arbitration agreement under the Best Evidence Rule, failing which the motion to compel arbitration must be denied.

**4. Relief Sought**

Based on the above, Plaintiff respectfully requests that the Court:

1. Vacate the Order Compelling Arbitration.
2. In the alternative, Correct the misapplication of the arbitration agreement and shift the responsibility to initiate arbitration back to AMEX.
3. Require compliance with the *Best Evidence Rule*, mandating that AMEX produce the original arbitration agreement.
4. Invalidate the arbitration requirement as to certain accounts for which no valid agreement has been produced.
5. In the alternative, the Plaintiff requests that this Honorable Court dismiss the case and issue a final judgment pursuant to Federal Rule of Civil Procedure 58, so that a proper appellate review can be initiated.

Respectfully Submitted,

/s/ *Joey Kimbrough*
Joey Kimbrough, Plaintiff, Pro Se
1712 Candy Court South
Kokomo, IN 46902
(765) 437-8451
joeykokomo2002@yahoo.com

**Certificate of Service**

      I hereby certify that on October 11th, 2024, I electronically filed the foregoing with the Clerk of the Court by email with attachments as is required by the Court.

**Distribution:**

All ECF-registered counsel of record

                                                        Respectfully Submitted,
                                                        /s/ *Joey Kimbrough*