UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOEY KIMBROUGH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:22-cv-01993-TWP-MJD |
| ) | |
| AMERICAN EXPRESS COMPANY, aka ) | |
| AMERICAN EXPRESS NATIONAL BANK, ) | |
| ) | |
| Defendant. ) | |

### ENTRY DISMISSING ACTION FOR FAILURE TO PROSECUTE

On October 7, 2022, *pro se* Plaintiff Joey Kimbrough ("Kimbrough") initiated this action against American Express Company, aka American Express National Bank ("Defendant") (Dkt. 1). On September 8, 2023, the Court granted Defendant's Motion to Compel Arbitration (Dkt. 29) and Kimbrough was ordered to commence arbitration proceedings. Defendant was ordered to file periodic Notices of the status of arbitration proceedings. *Id*. Kimbrough initiated an appeal, and on January 17, 2024, the Seventh Circuit Court of Appeals issued a Mandate dismissing Kimbrough's appeal for review of the order compelling arbitration, stating appellate review was prohibited (Dkt. 83). Kimbrough then moved to vacate the order compelling arbitration (Dkt. 94), which was denied (Dkt. 102). Kimbrough was notified that if he failed to commence arbitration by July 19, 2024, "**the Court may assume that Kimbrough has decided to abandon his claim and may therefore dismiss this case, with prejudice, for failure to prosecute**." *Id.* at 2 (emphasis in original).

On September 20, 2024, the Court ordered Kimbrough to show cause why he has failed to comply with the Court's orders or commence arbitration (Dkt. 114). The Court again notified Kimbrough that "[f]ailure to comply with the Order may result in dismissal of this matter." *Id.* at

1. On October 11, 2024, Kimbrough filed a Response to the Court's Show Cause Order (Dkt. 116). In his Response, Kimbrough raises the same arguments that this Court has previously rejected, including arguments that arbitration is not required and that Defendant must initiate arbitration. As of the Notice of Status of Arbitration Proceedings filed on October 3, 2024, Kimbrough still has not commenced arbitration proceedings (Dkt. 115).

Under Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order," his claims may be dismissed with prejudice. Fed. R. Civ. P. 41(b). "A district court has the authority under Federal Rule of Civil Procedure 41(b) to enter a sua sponte order of dismissal for lack of prosecution." *James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005); *see GCIU Employer Retirement Fund v. Chicago Tribune Co.*, 8 F.3d 1195, 1199 (7th Cir. 1993) ("It is well-established that district courts possess inherent authority to dismiss a case *sua sponte* for a plaintiff's failure to prosecute.").

Kimbrough's Response and his ongoing refusal to commence arbitration make clear that he will not pursue this case in the manner the Court has ruled that the law requires, despite repeated warnings that his claims may otherwise be dismissed. Dismissal of this action for failure to prosecute or comply with the Court order is therefore appropriate. *James*, 417 F.3d at 681 (affirming *sua sponte* dismissal of action, with prejudice, for failure to prosecute where plaintiff was ordered to arbitrate claims but refused to commence arbitration); *see Ball v. City of Chicago*, 2 F.3d 752, 760 (7th Cir. 1993) ("Dismissal for failure to prosecute is, as provided in Fed. R. Civ. P. 41(b), with prejudice, and appellate review is highly deferential.").

For the reasons explained above, this action is **DISMISSED WITH PREJUDICE** for failure to prosecute. Final judgment consistent with this Entry will issue under separate order.

**SO ORDERED**.

Date: 10/17/2024

*Tanya Walton Pratt*

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

JOEY KIMBROUGH
1712 Candy Court South
Kokomo, IN 46902

Brian Charles Frontino
Morgan, Lewis & Bockius LLP
brian.frontino@morganlewis.com

Elise Kyla Haverman
Steptoe LLP
ehaverman@steptoe.com

Adam Hoock
Steptoe LLP
ahoock@Steptoe.com

Stephen J. Newman
Steptoe LLP
snewman@steptoe.com