**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals
### For the Seventh Circuit
### Chicago, Illinois 60604

CERTIFIED COPY
A True Copy
Teste:

*Nathaniel Vladic*

Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

Submitted July 9, 2025[*]
Decided July 9, 2025

**Before**

THOMAS L. KIRSCH II, *Circuit Judge*

JOHN Z. LEE, *Circuit Judge*

JOSHUA P. KOLAR, *Circuit Judge*

No. 24-2971

| | |
|---|---|
| JOEY KIMBROUGH, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| v. | No. 1:22-cv-01993-TWP-MJD |
| AMERICAN EXPRESS NATIONAL BANK, *Defendant-Appellee*. | Tanya Walton Pratt, *Chief Judge*. |

**O R D E R**

Joey Kimbrough appeals the dismissal of his lawsuit under the Fair Credit Reporting Act for failure to prosecute. The district court dismissed his suit after he

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

No. 24-2971                                                                 Page  2

failed to comply with the court's directive to proceed with arbitration. Because the court appropriately exercised its discretion to dismiss the case, we affirm.

In 2022, Kimbrough sued American Express National Bank and TransUnion for violating the Fair Credit Reporting Act. *See* 15 U.S.C. §§ 1681e(b), 1681i(a), 1681s-2(b). He alleged that he was a customer of American Express, that American Express had reported inaccurate information about his credit history to TransUnion, and that neither company had rectified the inaccuracies even after he pointed them out. He soon agreed to dismiss TransUnion from the case.

American Express then moved to compel arbitration based on its cardholder agreements with Kimbrough. The district court granted the motion, ordered Kimbrough to initiate arbitration, and stayed the proceedings.

Kimbrough appealed the order to arbitrate, but we dismissed the appeal for lack of jurisdiction because proceedings were still pending in the district court. Kimbrough then refused to arbitrate for over a year, despite the district court's warning that inaction could result in the dismissal of his case.

In 2024, the district court dismissed the case for failure to prosecute. *See* FED. R. CIV. P. 41(b). The court cited Kimbrough's continued and explicit refusal to comply with its directive to initiate arbitration.

On appeal, Kimbrough mainly challenges the district court's order to compel arbitration. But we lack jurisdiction to review this interlocutory order. Interlocutory orders typically do not "merge" into the final judgment when the final order is one dismissing the case under Rule 41(b) for failure to prosecute. *See R&C Oilfield Servs. LLC v. Am. Wind Transp. Grp. LLC*, 45 F.4th 655, 659-60 (3d Cir. 2022) (citing cases); *see also Sere v. Bd. of Trs.*, 852 F.2d 285, 288 (7th Cir. 1988) (refusing to review interlocutory orders to avoid rewarding "dilatory and bad faith tactics" after case dismissed as a discovery sanction). As the Third Circuit explained in a factual scenario nearly identical to Kimbrough's, an interlocutory order compelling arbitration could not be reviewed where the appellant "sat on its rights for a year and a half and told the District Court that it did not intend to comply with the order, leaving the Court no choice but to involuntarily dismiss the complaint." *R&C Oilfield Servs.*, 45 F.4th at 661. So too, here. We lack jurisdiction to review the district court's order compelling arbitration when it dismissed the case based on Kimbrough's refusal to abide by its order.

No. 24-2971 Page 3

That leaves for review only the district court's decision to dismiss for failure to prosecute, and we discern no abuse of discretion there. A district court has "inherent power" to dismiss a case for failure to prosecute when the plaintiff refuses to comply with its orders, *Next Millennium Telecom Co. v. Am. Signal Corp.*, 112 F.4th 481, 486 (7th Cir. 2024) (internal quotation omitted), including orders to arbitrate. *See McMahan v. Deutsche Bank AG*, 892 F.3d 926, 932 (7th Cir. 2018). Here, the court acted well within its discretion to dismiss the case where Kimbrough, despite being notified of the possible consequences of noncompliance, *see Shaffer v. Lashbrook*, 962 F.3d 313, 316 (7th Cir. 2020), steadfastly refused to comply with the order to arbitrate.

AFFIRMED

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

Everett McKinley Dirksen
United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604



Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

**CERTIFIED COPY**
A True Copy
Teste:

*Nathaniel Vladic*

Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

## FINAL JUDGMENT

July 9, 2025

*Before*

THOMAS L. KIRSCH II, *Circuit Judge*
JOHN Z. LEE, *Circuit Judge*
JOSHUA P. KOLAR, *Circuit Judge*

| | |
|---|---|
| No. 24-2971 | JOEY KIMBROUGH, <br>　　　　Plaintiff - Appellant <br><br> v. <br><br> AMERICAN EXPRESS NATIONAL BANK, <br>　　　　Defendant - Appellee |
| **Originating Case Information:** | |
| District Court No: 1:22-cv-01993-TWP-MJD <br> Southern District of Indiana, Indianapolis Division <br> District Judge Tanya Walton Pratt | |

The judgment of the District Court is **AFFIRMED**, with costs, in accordance with the decision of this court entered on this date.

*Christopher Conway*

Clerk of Court

form name: **c7_FinalJudgment**    (form ID: **132**)

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



Everett McKinley Dirksen
United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

## NOTICE OF ISSUANCE OF MANDATE

July 31, 2025

To:  Kristine L. Seufert
     UNITED STATES DISTRICT COURT
     Southern District of Indiana
     United States Courthouse
     Indianapolis, IN 46204-0000

| | |
|---|---|
| No. 24-2971 | JOEY D. KIMBROUGH,<br>        Plaintiff - Appellant<br><br>v.<br><br>AMERICAN EXPRESS COMPANY, also known as AMERICAN EXPRESS NATIONAL BANK,<br>        Defendant - Appellee |
| **Originating Case Information:** ||
| District Court No: 1:22-cv-01993-TWP-MJD<br>Southern District of Indiana, Indianapolis Division<br>District Judge Tanya Walton Pratt ||

Herewith is the mandate of this court in this appeal, along with the Bill of Costs, if any. A certified copy of the opinion/order of the court and judgment, if any, and any direction as to costs shall constitute the mandate.

RECORD ON APPEAL STATUS:                               No record to be returned

form name: **c7_Mandate**    (form ID: **135**)